Richard J. Reynolds (SBN 89911)
E-mail:  rreynolds@bwslaw.com
Fabio R. Cabezas (SBN 131998)
E-mail:  fcabezas@bwslaw.com
Anthony K. McClaren (SBN 232515)
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Tel:  949.863.3363 Fax:  949.863.3350

Attorneys for Defendant
MTC FINANCIAL INC., dba TRUSTEE
CORPS , (sued herein as "TRUSTEE
CORPS")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO ZAVALA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2006-QS8; organized and existing under laws of the United States, TRUSTEE CORPS,<br><br>        Defendants. | Case No. C13-1040-LB<br><br>Assigned to:    Judge Laurel Beeler<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br>**[Fed. R. Civ. P. Rule 12 (b)(1)]**<br><br>Date:        June 6, 2013<br>Time:       9:30 a.m.<br>Courtroom:   C<br>Place:      450 Golden Gate Ave., 15th Floor, San Francisco, CA 94102 |

**TO THE HONORABLE LAUREL BEELER, UNITED STATES MAGISTRATE JUDGE, AND TO PLAINTIFF RICARDO ZAVALA("PLAINTIFF"):**

**PLEASE TAKE NOTICE** that on June 6, 2013, at 9:30 a.m., in Courtroom C, or as soon thereafter as the matter may be heard, in the above-entitled Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1

CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("TRUSTEE CORPS") will and does hereby move this Court to dismiss the Complaint of Plaintiff for lack of subject matter jurisdiction.  This Motion is made and based upon Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated:  April 24, 2013                              Burke, Williams & Sorensen, LLP


                                                    By: */s/ Anthony K. McClaren*
                                                    Richard J. Reynolds
                                                    Fabio R. Cabezas
                                                    Anthony K. McClaren
                                                    Attorneys for Defendant
                                                    MTC FINANCIAL, INC. dba
                                                    TRUSTEE CORPS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1                - ii -            CASE NO. C13-1040-LB
                                                    NOTICE AND AUTHORITIES ISO MOTION
                                                    TO DISMISS

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MOTION TO DISMISS

Specifically and further, TRUSTEE CORPS moves to dismiss the following claims:

1.    Plaintiff's First Claim for declaratory relief on grounds of lack of federal subject matter jurisdiction.

2.    Plaintiff's Second Claim for injunctive relief on grounds of lack of federal subject matter jurisdiction.

3.    Plaintiff's Third Claim, "cancellation of instrument/foreclosure/quiet title" on grounds of lack of federal subject matter jurisdiction.

This Motion will be made and based upon this Notice, TRUSTEE CORPS' Memorandum of Points and Authorities submitted herewith, TRUSTEE CORPS' Request for Judicial Notice in Support of this Motion, which is concurrently filed under separate cover, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial notice has been requested, and any oral argument which may be presented at the time of the hearing.

Dated:  April 24, 2013                    Burke, Williams & Sorensen, LLP


By: /s/ Anthony K. McClaren
    Richard J. Reynolds
    Fabio R. Cabezas
    Anthony K. McClaren
    Attorneys for Defendant
    MTC FINANCIAL, INC. dba
    TRUSTEE CORPS

CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

1

## TABLE OF CONTENTS

2
**Page**

3   I.    STATEMENT OF THE CASE ................................................................1

4   II.   BACKGROUND AND FACTS ...........................................................1

5   III.  ARGUMENT .....................................................................................2

6        A.    Motions Under Federal Rule of Civil Procedure 12(b)(1) ...............2

7        B.    Plaintiff's Action Cannot Proceed in Federal Court Because No
               Subject Matter Jurisdiction Exists Due to Lack of Complete
8              Diversity of Citizenship ...............................................................3

9        C.    Plaintiff's Action Cannot Proceed in Federal Court Because No
               Subject Matter Jurisdiction Exists (No Federal Question) ...............4

10  IV.   CONCLUSION ..................................................................................5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1

CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Emerald Investors Trust v. Gaunt Parsippany Partners,
492 F.3d 192 (3d Cir. 2007)..................................................................3

Gould Electronics Inc. v. United States,
220 F.3d 169 (3d Cir. 2000)..................................................................2

Graves v. Downey Savings and Loan Association,
2009 WL 3335335 (N.D. Cal.) at p. 3 ...................................................2

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936)..............................................................................3

Morrison v. Amway Corp.
323 F3d 920 (11th Cir. 2003).................................................................2

Navarro Sav. Ass'n v. Lee,
446 U.S. 458 (1980)..............................................................................3

Ricano v. Aurora Loan Servicing,
2009 WL 1096042 (C.D. Cal.) at p. 1...................................................4

Strawbridge v. Curtiss
7 US (3 Cranch) 267 (1806)...................................................................3

Wachovia Bank v. Schmidt,
546 U.S. 303 (2006)..............................................................................3

Warren v. Fox Family Worldwide, Inc.,
328 F3d 1136 (9th Cir. 2003).................................................................2

Zambelli Fireworks Mfg. Co., Inc. v. Wood,
592 F.3d 412 (3d Cir. 2010)..................................................................3

## FEDERAL STATUTES

28 U.S.C. § 1332(a).........................................................................................3

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

LA #4826-8918-2227 v1

- ii -

CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ............................................................. 1, 2

Federal Rule of Civil Procedure 12(b)(6) ................................................................1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF THE CASE

Defendant MTC FINANCIAL INC., dba TRUSTEE CORPS ("TRUSTEE CORPS") respectfully asks this Court to dismiss Plaintiff's Complaint ("Complaint") on the grounds that no federal subject matter jurisdiction exists concerning this case. The reasons are twofold. First, Plaintiff has failed to establish complete diversity of citizenship. Second, Plaintiff asserted *only* state law claims with no facts asserting a substantial federal question. Thus, the Court is requested to dismiss this action pursuant to FRCP, Rule 12(b)(1).

### II.   BACKGROUND AND FACTS

Plaintiff Ricardo Zavala ("Plaintiff") has filed a Complaint in this Court for equitable and monetary relief, asserting three causes of action- declaratory relief, injunctive relief, and "cancellation of instrument/foreclosure/quite title," related to the non-judicial foreclosure which has occurred on his real property located in California. (the "Complaint").

Plaintiff has named two defendants in this action, Deutsche Bank Trust Company Americas as Trustee Rali 2006-QS8 (hereinafter "Deutsche Bank"), and TRUSTEE CORPS, and alleges these three causes of action as against both defendants. In summary, Plaintiff is alleging defects in the foreclosure process, and asks this Court to afford him relief from the foreclosure of his property, as well as compensate him for his alleged damages.

In his jurisdictional statement, Plaintiff alleges "Trustee Corps [TC] is organized and existing under the law of the United States. It is acting as an agent for Deutsche Bank Trust Company Americas." (Complaint, ¶ 2, Pg. 2, Lines 4 – 6). He also alleges that TRUSTEE CORPS is "a corporation and trustee under the beneficiary Deed of Trust." (Complaint, ¶ 10, Pg. 2, Lines 22 – 24). He further alleges that defendant Deutsche Bank is "organized and domiciled in New York, New York," (Complaint, ¶1, Pg. 1, Lines 26 – 28), and "is a corporation doing

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1                    - 1 -

CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

1  business in the State of California, County of San Joaquin." (Complaint, ¶ 9, Pg. 2,

2  Lines 19 – 21).  Finally, Plaintiff alleges that he lives, "in the state (sic) of

3  California." (Complaint, ¶ 3, Pg. 2, Lines 4 – 6).

4      As set forth in Defendant's Request for Judicial Notice, ("RJN"), TRUSTEE

5  CORPS is a fictitious business name for MTC Financial Inc.  (RJN, Ex. A).

6  Furthermore, MTC Financial Inc. is a domestic California Corporation in good

7  standing in California.  (RJN, Ex B).

8  **III.   ARGUMENT**

9      **A.   Motions Under Federal Rule of Civil Procedure 12(b)(1)**

10     Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint

11 for lack of jurisdiction over the subject matter.  This Motion to Dismiss is proper

12 under Rule 12(b)(1), as Plaintiff's Complaint cannot properly assert or plead

13 Federal subject matter jurisdiction.

> " A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed.R.Civ.P. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded...The plaintiff has the burden to establish that subject matter jurisdiction is proper... This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action... Graves v. Downey Savings and Loan Association, 2009 WL 3335335 (N.D. Cal.) at p. 3.

21     A Rule 12(b)(1) motion to dismiss may be made on the basis that the

22 complaint fails to allege grounds for federal subject matter jurisdiction, where the

23 "face of the complaint" shows such a deficiency.  Warren v. Fox Family

24 Worldwide, Inc., 328 F3d 1136, 1139 (9th Cir. 2003); and Morrison v. Amway

25 Corp. 323 F3d 920 (11th Cir. 2003).  In making a "facial challenge" to the

26 complaint, the court will accept all factual allegations in the complaint as true, and

27 may also consider the complaint, judicially noticed facts, and documents referenced

28 in or attached to the complaint. See Gould Electronics Inc. v. United States, 220

1   F.3d 169, 176 (3d Cir. 2000); and see Graves, supra, at p. 3.

2        Once the court's subject matter jurisdiction over a complaint is challenged,

3   the plaintiff bears the burden of proving that jurisdiction exists. See McNutt v.

4   General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A party generally

5   meets this burden by proving diversity of citizenship by a preponderance of the

6   evidence. Id. As set forth below, however, Plaintiff has failed to allege complete

7   diversity of citizenship amongst the parties in this matter, as well as failed to allege

8   a federal question. As such, his Complaint should be dismissed

9       **B.**    **Plaintiff's Action Cannot Proceed in Federal Court Because No**

10              **Subject Matter Jurisdiction Exists Due to Lack of Complete**

11              **Diversity of Citizenship**

12       Federal district courts have subject matter jurisdiction over civil actions

13  where the amount in controversy exceeds $75,000.00 and the suit is between

14  citizens of different states. See 28 U.S.C. § 1332(a). The basic requirement in

15  diversity cases is that *all* plaintiffs be of different citizenship from *all* defendants.

16  Any instance of common citizenship prevents federal diversity jurisdiction.

17  Strawbridge v. Curtiss 7 US (3 Cranch) 267 (1806). In analyzing diversity, a

18  natural person is deemed to be a citizen of the state where he is domiciled, see

19  Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), a

20  corporation is a citizen both of the state where it is incorporated and the state

21  where it has its principal place of business, see id., and a national banking

22  association is considered a citizen of "the State designated in its articles of

23  association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318

24  (2006). In addition, the citizenship of a trustee who possesses "customary powers

25  to hold, manage, and dispose of assets for the benefit of others" is determined by

26  the citizenship of the trustee, and not of the trust beneficiaries. Navarro Sav. Ass'n

27  v. Lee, 446 U.S. 458, 464-66 (1980); and see Emerald Investors Trust v. Gaunt

28  Parsippany Partners, 492 F.3d 192, 203 (3d Cir. 2007).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1        - 3 -        CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

In the instant matter, Plaintiff has not achieved complete diversity because he is a California resident, as is TRUSTEE CORPS. (See, RJN, Ex. A and B). Thus, Plaintiff has not established subject matter jurisdiction in this matter, and his Complaint should be dismissed.

**C. Plaintiff's Action Cannot Proceed in Federal Court Because No Subject Matter Jurisdiction Exists (No Federal Question)**

Plaintiff has not demonstrated in his Complaint that his state law claims require resolution of a substantial question of federal law between the parties, or that Plaintiff cannot get the relief he is requesting by just the application of state law.

> "A case 'arises under' federal law if plaintiff's 'well-pleaded complaint establishes either that federal law creates the cause of action' or that the 'plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties... With regard to the second category of cases 'arising under' federal law, i.e., those in which the plaintiff's right to relief under state law requires resolution of a substantial question of federal law, the presence of a federal issue is not 'a password opening federal courts to any state action embracing a point of federal law.'...[C]ountless claims can be said to depend in some way on federal propositions, yet not all such cases 'arise under federal law.'... Rather, to qualify for federal question jurisdiction, a state law claim must 'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'... 'When a [state-law] claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" Ricano v. Aurora Loan Servicing, 2009 WL 1096042 (C.D. Cal.) at p. 1.

In the instant case, none of Plaintiff's state-law claims (declaratory relief, injunctive relief, and "cancellation of instrument/foreclosure/quiet title) raises a *stated* federal issue which is actually disputed and substantial. There is no reason to think that Plaintiff cannot get the relief he requests through application of state

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

LA #4826-8918-2227 v1          - 4 -          CASE NO. C13-1040-LB
NOTICE AND AUTHORITIES ISO MOTION
TO DISMISS

1    law, assuming for purposes of argument that he prevails.  Consequently, the Court

2    is requested to dismiss this suit.

3    IV.    **CONCLUSION**

4           In light of the foregoing, TRUSTEE CORPS respectfully asks this Court to

5    dismiss Plaintiff's Complaint for lack of federal subject matter jurisdiction.

6    Dated:  April 24, 2013                           Burke, Williams & Sorensen, LLP

7

8                                                 By: */s/ Anthony K. McClaren*
                                                      Richard J. Reynolds
9                                                     Fabio R. Cabezas
                                                      Anthony K. McClaren
10                                                    Attorneys for Defendant
                                                      MTC FINANCIAL, INC. dba
11                                                    TRUSTEE CORPS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

LA #4826-8918-2227 v1            - 5 -     CASE NO. C13-1040-LB
                                           NOTICE AND AUTHORITIES ISO MOTION
                                           TO DISMISS