# HANDBOOK FOR
# LITIGANTS WITHOUT A LAWYER

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

**Revised April 2006**

This Handbook is written by the United States District Court for the Northern District of California and is intended to be used solely for the benefit of pro se litigants without charge. The Handbook is not to be used for commercial purposes.

# TABLE OF CONTENTS

INTRODUCTION ..... 1

CHAPTER 1 - HOW CAN I FIND A LAWYER? ..... 4

CHAPTER 2 - WHERE CAN I GO TO RESEARCH THE LAW ON MY OWN? ..... 13
Public Law Libraries in the Northern District of California ..... 14

CHAPTER 3 - I WANT TO FILE A LAWSUIT, BUT WHERE DO I START? ..... 18
What information needs to be in a complaint ..... 18
What does a complaint look like? ..... 19
What is included in a complaint? ..... 19
Why do I have to include my name, address, and telephone and fax numbers in the complaint? ..... 20
Why do I have to sign the complaint? ..... 20
What is subject matter jurisdiction? ..... 21
What is venue? ..... 22
How do I determine the division of the court to which my lawsuit should be assigned? ..... 22
How much detail should I include in the complaint? ..... 23
What do I have to put in the complaint if I want a jury trial? ..... 23
How quickly do I need to file a complaint? ..... 24
What do I do after I file the complaint? ..... 24
Can I change or amend the complaint after I file it? ..... 24
Example of a caption page ..... 25

CHAPTER 4 - HOW DO I FILE PAPERS WITH THE COURT? ..... 28
Do I need a caption page? ..... 28
How do I file documents? ..... 29
To file documents in person during normal business hours ..... 30
To file documents in person after hours using the drop box ..... 30
Filing by fax ..... 31
Filing by mail ..... 32
How is filing a complaint different from other papers? ..... 32
What kinds of fees and other costs do I have to pay? ..... 32
Fee Schedule (effective April 9, 2006) ..... 33
What is a court transcript and how much does it cost? ..... 33
What if I can't afford the $350.00 fee for filing a new complaint? ..... 34

CHAPTER 5 - WHAT ARE THE REQUIREMENTS FOR SERVING DOCUMENTS ON THE OTHER PARTIES TO THE LAWSUIT? ..... 36
What are the rules for serving the complaint? ..... 36
What if I filed in forma pauperis? ..... 36
How do I get summonses if I'm not in forma pauperis? ..... 36
What do I need to serve with the complaint? ..... 37
How do I get the defendant to waive service? ..... 37
What if I requested a waiver of service and the defendant doesn't send it back? ..... 38
In general, how do serve individuals? ..... 38
How do I serve individuals in foreign countries? ..... 39
How do I serve minors or incompetent persons? ..... 39
How do I serve a business? ..... 39
How do I serve the United States, its agencies, corporations, officers, or employees? ..... 40
How do I serve a foreign country? ..... 41
How do I serve a state or local government? ..... 41
Is there a time limit for serving the complaint and summons? ..... 41
What is a certificate of service? ..... 41
How do I serve other documents? ..... 42

# TABLE OF CONTENTS

CHAPTER 6 - AFTER THE COMPLAINT HAS BEEN SERVED ON THE DEFENDANT, WHAT HAPPENS NEXT? ..... 43
I got a magistrate judge – what does that mean? ..... 43
What's next after the complaint is served? ..... 43
Time to Respond to the Complaint ..... 44
What type of response to the complaint is required? ..... 45
ANSWERS AND COUNTERCLAIMS ..... 45
What are the requirements for preparing an answer to a complaint? ..... 45
Can I make claims against the plaintiff in my answer? ..... 46
Can I amend the answer after I file it? ..... 46
Once the answer is filed, does the plaintiff have to file a response to it? ..... 46
What are the requirements for counterclaims? ..... 47
Once a counterclaim is filed, does the plaintiff have to file a response to it? ..... 48
MOTIONS CHALLENGING THE COMPLAINT ..... 48
What is a motion to dismiss the complaint? ..... 48
What is a motion for more definite statement? ..... 49
What is a motion to strike? ..... 50
WHAT DOES IT MEAN TO WIN BY DEFAULT JUDGMENT? ..... 50

CHAPTER 7 - WHAT IS A MOTION, AND HOW DO I WRITE OR RESPOND TO ONE? ..... 52
What are the requirements for motion papers? ..... 52
How do I choose a hearing date? ..... 54
What are the requirements for Opposition Briefs? ..... 55
What are the requirements for Reply Briefs? ..... 55
What if the motion is urgent and needs to be decided in less than thirty-five days? ..... 56
What if I need more time to respond to a motion? ..... 58

CHAPTER 8 - HOW CAN I MAKE SURE THAT I KNOW ABOUT EVERYTHING THAT IS HAPPENING IN MY CASE? ..... 59
How do I review the case file? ..... 59
How do I review the docket? ..... 60

CHAPTER 9 - WHAT IS A CASE MANAGEMENT OR STATUS CONFERENCE, AND HOW DO I PREPARE FOR IT? ..... 63
What is a case management conference? ..... 63
What is a status conference? ..... 63
When is the initial case management conference? ..... 63
Does every case have a case management conference? ..... 63
What should I do before the initial case management conference? ..... 64
Why do I have to meet and confer? ..... 64
What is the proposed discovery plan? ..... 64
What is the case management statement? ..... 65
What about ADR and arbitration? ..... 66
What happens at the initial case management conference? ..... 67
What is the case management order? ..... 67
What should I do before other conferences with the judge? ..... 67

CHAPTER 10 - WHAT INFORMATION DO I HAVE TO GIVE TO THE OTHER PARTIES, EVEN IF THEY DON'T ASK FOR IT? ..... 68
What are initial disclosures? ..... 68
What are expert disclosures? ..... 69
What are pretrial disclosures? ..... 70

CHAPTER 11 - WHAT IS DISCOVERY? ..... 72
Are there any limits to discovery? ..... 72
When can discovery begin? ..... 73

# TABLE OF CONTENTS

DEPOSITIONS ..... 73
How does a deposition work? ..... 73
Do I need the court's permission to take a deposition? ..... 74
How do I arrange for a deposition? ..... 74
What do I say in a notice of deposition? ..... 74
When do I need to get a subpoena for a deposition? ..... 76
What does it mean if the deponent files a motion to quash the subpoena? ..... 76
Can I ask a deponent to bring documents to a deposition? ..... 77
What is a subpoena duces tecum and why would I need one? ..... 77
How long can a deposition last? ..... 77
Does the deponent have to answer all questions? ..... 77
Who is allowed to ask the deponent questions? ..... 78
Can the deponent change his or her deposition testimony after the deposition? ..... 78
INTERROGATORIES ..... 78
What are interrogatories? ..... 78
Do I need the court's permission to serve interrogatories? ..... 78
How many interrogatories can I serve? ..... 79
What kinds of questions can I ask? ..... 79
Are there any requirements for the form of interrogatories? ..... 79
How do I answer interrogatories served on me? ..... 80
Duty to supplement answers to interrogatories ..... 80
REQUESTS FOR DOCUMENT PRODUCTION ..... 81
How do I get documents from the other parties? ..... 81
How do I answer a request for document production served on me? ..... 82
How do I get documents from persons who are not parties? ..... 83
What kind of a response can I expect if I serve a subpoena duces tecum? ..... 83
REQUESTS FOR ADMISSION ..... 84
What is a request for admission? ..... 84
How many requests for admission can I serve? ..... 85
What kind of a response can I expect to my requests for admission? ..... 85
What happens if I do not respond to a request for admission in time? ..... 85
How do I respond to a request for admissions served on me? ..... 85
What if I don't want to admit to the truth of a request for admission? ..... 86
Duty to supplement responses ..... 86
PHYSICAL AND MENTAL EXAMINATIONS ..... 86
Is a court order required for a mental or physical examination? ..... 86
What happens to the results of the examination? ..... 87

CHAPTER 12 - WHAT CAN I DO IF THERE ARE PROBLEMS WITH DISCLOSURES OR DISCOVERY? ..... 88
What is the first step? ..... 88
What if the parties can't resolve the problem, and discovery is still due? ..... 88
What if the parties are stuck on a problem in the middle of a discovery event? ..... 88
What do I do if they don't respond, or if the response is inadequate? ..... 89
What is a motion to compel? ..... 89
How do I file a motion to compel? ..... 89
What is a motion for sanctions? ..... 90
Under what circumstances can I ask for discovery sanctions? ..... 90
What kinds of things will a court do as a discovery sanction? ..... 91

CHAPTER 13 - WHAT HAPPENS AT A COURT HEARING? ..... 92
What is a hearing? ..... 92
What do I do before a hearing ..... 92
What does a courtroom look like? ..... 92
How should I behave at a hearing? ..... 93
How does a motion hearing work? ..... 94
General advice for hearings ..... 94

# TABLE OF CONTENTS

CHAPTER 14 - WHAT IS A MOTION FOR SUMMARY JUDGMENT? ........ 95
Under what circumstances is a motion for summary judgment granted? ........ 95
What does each side argue to get the result they want on summary judgment? ........ 96
What evidence does the court consider for summary judgment? ........ 97
What is the statement of undisputed fact, and why would I file one? ........ 99
When can a motion for summary judgment be filed? ........ 99
What if my opponent files a motion for summary judgment before I have all my discovery? ........ 100

CHAPTER 15 - WHAT HAPPENS AT A TRIAL? ........ 101
What is the difference between a jury trial and a bench trial? ........ 101
When does the trial start? ........ 101
What do I have to do to prepare for trial? ........ 102
What happens during trial? ........ 102
In the trial, which side puts on witnesses first? ........ 103
What if the other side wants to put on improper evidence? ........ 104
What is a motion for judgment as a matter of law, and why do some parties make that motion right after the plaintiff's case in the middle of the trial? ........ 104
When does the defendant get to present his or her case? ........ 105
What is rebuttal? ........ 105
What happens after both sides have finished presenting their evidence? ........ 105
In a jury trial, what is the jury doing after closing arguments? ........ 106
In a bench trial, what does the judge do after closing arguments? ........ 106

CHAPTER 16 - WHAT CAN I DO IF I THINK THE JUDGE OR JURY MADE A MISTAKE? ........ 107
What is a motion for reconsideration? ........ 107
Under what circumstances can I file a motion for reconsideration? ........ 107
Can I get a Magistrate Judge's order or report reviewed? ........ 108
Am I allowed to object to the magistrate judge's decisions in general, or just the final decision on the merits? ........ 108
How do I get review of a magistrate judge's final decision on the merits of a claim? ........ 108
What is a renewed motion for judgment as a matter of law? ........ 109
What is a motion for a new trial, and what is a motion to amend or alter the judgment? ........ 110
What is a motion for relief from judgment or order? ........ 110
What about an appeal? ........ 111
GLOSSARY ........ 112
INDEX ........ 130

# INTRODUCTION

This handbook is intended to help people who want, or need, to participate in a civil lawsuit in this court without having the help of a lawyer. It is **not** intended for use by people who want to defend themselves in a criminal case without a lawyer.

This handbook is also not intended for companies or similar entities (under Civil Local Rule 3-9, only individuals may participate in a lawsuit without a lawyer). If you are suing on behalf of a company or a partnership or some other such entity, you need to get a lawyer who is a member of the bar of the United States District Court for the Northern District of California.

Assuming that you are an individual who is considering representing yourself in a civil lawsuit, you should be aware that there may be alternatives to suing. Lawsuits can be costly, time-consuming and stressful. Some alternatives include the following:

1. Gathering Information

Sometimes things are not what they seem at first. Sometimes things that appear to have been done on purpose were done unintentionally. Better information may help you decide whether a lawsuit is advisable.

2. Working Things Out

Consider talking directly to the people who you think might be responsible for causing the problem. Sometimes people are more likely to respond in a positive way if they are approached respectfully and given a real opportunity to talk than if the first thing they hear from you is a lawsuit.

3. Going to Governmental or Private Agencies

Consider whether there are other processes you could use, or agencies you could enlist, to address your problem. Sometimes there is a governmental or private agency that can address the problem you have or who would lend you assistance. Examples of such agencies include the Equal Employment Opportunity Commission (or an equivalent state or local agency) to address employment discrimination, the local police review board or office of citizens' complaint to hear complaints about police misconduct, a consumer protection agency or the local district attorney's office to investigate consumer fraud, and the Better Business Bureau or private professional associations (e.g., associations of contractors, accountants, securities dealers, architects and engineers, etc.) to hear business-related complaints.

4. Using a Small Claims Court

In some cases you may have the option of filing a case in small claims court, which is designed to be used directly by the people without formal training in the law. These courts are part of the California state (not federal) court system.

5. Mediation

Dispute resolution services–such as mediation or arbitration—may be faster and less expensive than taking a case to court. Mediation encourages parties to communicate clearly and constructively to find common ground or to identify solutions that can serve the parties' real interests.

The point of this Handbook, and this Introduction, is not to discourage you from using a court if you need to. If your rights under the law have been violated, you are entitled to seek relief from the court. Moreover, there may be time limits that require you to bring a lawsuit within a certain amount of time. Nonetheless, you may want to consider all your options before going forward with a lawsuit.

**Because representing yourself in a lawsuit is difficult, the Court urges you to think seriously about getting a lawyer, if at all possible**. Please see Chapter 1, for some suggestions on how to get a lawyer for your case.

If you have tried to get a lawyer and have not been able to find one, this handbook will help you through some of the procedures involved in participating in a civil lawsuit. To use this book, look first at the table of contents located at the beginning of the manual. You can find specific topics covered in this handbook there.

Many of the terms in this book may seem unfamiliar, so please use the Glossary at the end of the book to look up explanations for words you do not understand. You can also look up unfamiliar words in a legal dictionary at your local public library. One that is often used is *Black's Law Dictionary*. You can also try free internet legal dictionaries; one can be found at the website: http://dictionary.law.com.

This handbook will help you understand the legal process, but it will not teach you about the law. For that, you will need to do your own research at a law library. A list of law libraries that are open to the public can be found in Chapter 2.

The staff of the Clerk's Office can also help you with court procedures, but they are forbidden by federal law from giving you any legal advice. For example, they cannot help you decide how to litigate your lawsuit; suggest legal strategies that may help you win your lawsuit; give you "inside information" about judges or other court personnel; interpret the law for you; or even advise you about when documents are due. If you have questions or need to know more about the law, you need to research the answers yourself. **You may not call the judge or the judge's staff to ask for legal advice on how to pursue your case, or to argue your position outside of court.**

While this handbook is designed to help you proceed without an attorney, it is no substitute for having your own lawyer. Besides having to research and learn the facts in your case, you must also learn and obey detailed procedural rules that may seem confusing or even picky. Those rules are important, and failing to follow them can affect how your case turns out; in some cases a mistake may even cause you to lose your case. Litigation is already stressful and time-consuming for the people involved; that stress is even greater for people who are trying to be their own lawyer. So as you read these materials, remember that deciding to act without a

lawyer is a major step, and that not presenting your arguments effectively can have a dramatic effect on your case and, in turn, your life. **The Court strongly urges everyone who needs to participate in a lawsuit to obtain a lawyer, if possible.**

This handbook does not try to cover all of the procedures that may apply to your case; it is only a summary. Therefore, you should NEVER rely entirely on these materials, and you should ALWAYS review the law before taking any action in your lawsuit. If you have questions or need to know more about the law, that is up to you. Representing yourself means that you are responsible for following the law. Not knowing the law is no excuse; you will need to do research at a law library yourself.

## *CHAPTER 1 -*
## HOW CAN I FIND A LAWYER?

Everyone who is involved in a lawsuit[1] should make a serious effort to get a lawyer. The law can be complicated. In every case, there are important issues that take skill and practice to understand and handle. If you represent yourself, you are responsible for understanding and presenting not just your own point of view about your case, but also understanding the law, the rules of procedure, and the strengths and weaknesses of the other party's case.

Some organizations specialize in helping people in particular cases or just finding a lawyer. The organizations listed below are all certified legal referral services who may be able to help you find a lawyer to help you with your case. This list was obtained from the website of the State Bar of California and was updated as of January 1, 2003. You may wish to visit that website at http://www.calbar.org/2con/referral.htm to obtain the most current listings. Many lawyers also advertise in the Yellow Pages under "Attorneys."

**SERVING ALL COUNTIES:**

**Elder Law**
**California Advocates for Nursing Home Reform Lawyer Referral Service**
1610 Bush Street
San Francisco, CA 94109
(800) 474-1116
(415) 474-5171
(415) 474-2904 (fax)
LRS@canhr.org
http://www.canhr.org

**Rights Relating To Creative Works**
**California Lawyers for the Arts**

Headquarters, San Francisco County
Building C, Room 255
Fort Mason Center
San Francisco, CA 94123
(415) 775-7200 x762
(415) 775-1143 (fax)
cla@sirius.com
www.calawyersforthearts.org

Branch Office, Oakland
1212 Broadway St., #834
Oakland, CA 94612
(510) 444-6351
(510) 444-6352 (fax)
oaklandcla@yahoo.com

[1] To help you understand this manual better, most legal terms are defined in the Glossary, located at the end of this handbook. You should consult this glossary any time you are not sure what a word means.

Branch Office, Sacramento
926 "J" Street, #811
Sacramento, CA 95815
(916) 442-6210
(916) 442-6281
UserCLA@aol.com

Branch Office, Santa Monica
1641 18th Street
Santa Monica, CA 90404
(310) 998-5590
(310) 998-5594 (fax)

**ALAMEDA COUNTY:**

**Alameda County Bar Association Lawyer Referral Service**
610 Sixteenth Street, Suite 426
Oakland, CA 94612
(510) 893-7160
(510) 893-3119 (fax)
http://www.acbanet.org

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 451-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**Project Sentinel Lawyer Referral Service**
430 Sherman Avenue, Suite 308
Palo Alto, CA 94306
(650) 321-6291
(650) 321-4173 (fax)
Counties served: Alameda, San Francisco, San Mateo, Santa Clara

**CONTRA COSTA COUNTY:**

**Contra Costa County Bar Association Lawyer Referral Service**
1001 Galaxy Way, Suite 102
Concord, CA 94520-5736
(925) 825-5700
(925) 686-9867 (fax)
http://www.cccba.org/cclawyer/lrs.htm

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**DEL NORTE COUNTY:**

There are no certified legal referral services in Del Norte County.

**HUMBOLDT COUNTY:**

**Humboldt County Bar Association Lawyer Referral Service**
123 Third Street
P.O. Box 1017
Eureka, CA 95502
(707) 445-2652
(707) 445-0935
justice@reninet.com

**LAKE COUNTY:**

There are no certified legal referral services in Lake County.

**MARIN COUNTY:**

**Lawyer Referral Service of the Marin County Bar Association**
1010 B Street, Suite 325
San Rafael, CA 94901-2989
(415) 453-5505
(415) 453-8273 (fax)
http://www.marinbar.org

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**MENDOCINO COUNTY:**

There are no certified legal referral services in Mendocino County.

**MONTEREY COUNTY:**

**Monterey County Bar Association Lawyer Referral Service**
140 W. Franklin Street, #308
P.O. Box 2307
Monterey, CA 93940
(408) 375-9889
(408) 375-5036 (fax)
sgood@redshift.com

**NAPA COUNTY:**

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**SAN BENITO COUNTY:**

There are no certified legal referral services in San Benito County.

**SAN FRANCISCO COUNTY:**

**Bar Association of San Francisco Lawyer Referral Service** (No walk-ins)
465 California Street, Suite 1100
San Francisco, CA 94104-1804
(415) 989-1616
(415) 782-8985 (TDD)
(415) 477-2389 (fax)
www.sfbar.org/lrs/general.html

**Barustors** (No walk-ins)
595 Market Street, #1900
San Francisco, CA 94105
(415) 957-1330
http://www.barustors.com/maywerecommend.shtml

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**Project Sentinel Lawyer Referral Service**
430 Sherman Avenue, Suite 308
Palo Alto, CA 94306
(650) 321-6291
(650) 321-4173 (fax)
Counties served: Alameda, San Francisco, San Mateo, Santa Clara

**SAN MATEO COUNTY:**

**Lawyer Referral Service of the San Mateo County Bar Association**
303 Bradford Street, Suite B
Redwood City, CA 94063
(650) 369-4149
(650) 368-3892 (fax)
http://www.smcba.org/lrs.htm
Counties served: San Mateo, Santa Clara

**Palo Alto Area Bar Association Lawyer Referral Service**
405 Sherman Avenue
Palo Alto, CA 94306
(650) 326-8322
(650) 326-2218 (fax)
www.lawscape.com/paaba/
Counties served: San Mateo, Santa Clara

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**Project Sentinel Lawyer Referral Service**
430 Sherman Avenue, Suite 308
Palo Alto, CA 94306
(650) 321-6291
(650) 321-4173 (fax)
Counties served: Alameda, San Francisco, San Mateo, Santa Clara

**SANTA CLARA COUNTY:**

**Santa Clara County Bar Association Lawyer Referral Service**
4 North Second Street, Suite 400
San Jose, CA 95113
(408) 971-6822
(408) 287-6083 (fax)
http://www.sccba.com/legalconsumer/

**Lawyer Referral Service of the San Mateo County Bar Association**
303 Bradford Street, Suite B
Redwood City, CA 94063
(650) 369-4149
(650) 368-3892 (fax)
http://www.smcba.org/lrs.htm
Counties served: San Mateo, Santa Clara

**Palo Alto Area Bar Association Lawyer Referral Service**
405 Sherman Avenue
Palo Alto, CA 94306
(650) 326-8322
(650) 326-2218 (fax)
www.lawscape.com/paaba/
Counties served: San Mateo, Santa Clara

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

**Project Sentinel Lawyer Referral Service**
430 Sherman Avenue, Suite 308
Palo Alto, CA 94306
(650) 321-6291
(650) 321-4173 (fax)
Counties served: Alameda, San Francisco, San Mateo, Santa Clara

**SANTA CRUZ COUNTY:**

**Lawyer Referral Service of Santa Cruz County**
P.O. Box 1311
Santa Cruz, CA 95061-1311
(831) 425-4755
(831) 423-6202 (fax)
scba@juno.com

**SONOMA COUNTY:**

**Sonoma County Lawyer Referral Service**
37 Old Courthouse Square, Suite 100
Santa Rosa, CA 95404
(707) 546-5297
(707) 542-1195 (fax)
socobar@sonomacountybar.org
http://www.sonomacountybar.org/public/index.htm

**Sonoma County Lawyer Referral Service Council on Aging**
730 Bennet Valley Road
Santa Rosa, CA 95404
(707) 525-1146

**Sonoma County Legal Services Foundation Modest Means Program**
1212 Fourth Street #I
Santa Rosa, CA 95404
(707) 546-2924
(707) 546-0263 (fax)

**AIDS Legal Referral Panel of the San Francisco Bay Area**
205 13th Street, Suite 270
San Francisco, CA 94103-2461
(415) 701-1100
(415) 701-1400 (fax)
www.alrp.org
Counties served: Alameda, Contra Costa, Marin, San Francisco, San Mateo, Solano, Sonoma

**Bay Area Policewatch**
1230 Market Street, #409
San Francisco, CA 94102
(415) 951-4844
(415) 951-4813 (fax)
humanrts@ellabakercenter.org
www.ellabakercenter.org
Counties served: San Francisco, Alameda, Contra Costa, Fresno, Marin, Napa, San Joaquin, San Mateo, Santa Clara, Solano, Sonoma

## *CHAPTER 2 -*
## WHERE CAN I GO TO RESEARCH THE LAW ON MY OWN?

To bring a case in this Court, you need to know the procedural law or "steps" of a lawsuit. You also need to know the "substantive law," that is, what your case is about. For example, your case may concern an employment issue, or discrimination, or social security benefits; each of these subjects has a different set of laws.

Before you bring a lawsuit, you should look through the rules that explain the court's procedures. They can be found in several places, and you must know them all.

**First**, you need to know the **Federal Rules of Civil Procedure**. These rules apply in every federal court in the country, including this Court. These rules include information such as when briefs are due, how many pages they can be, and various other procedures. You can review the Federal Rules of Civil Procedure in any law library. You can also find them on the internet at http://www.law.cornell.edu/rules/frcp/overview.htm. The court does not provide copies of the Federal Rules of Civil Procedure.

**Second**, you should consult the **Federal Rules of Evidence**. These rules define what types of evidence can be given to the court. Obviously, a case can turn dramatically on what information can and cannot be shown to the court, so you should learn these rules early in your case. You can review the Federal Rules of Evidence in any law library. You can also find them on the internet at http://www.law.cornell.edu/rules/fre/overview.html. The court does not provide copies of the Federal Rules of Evidence.

**Third**, this Court has what are known as "Local Rules" that every person must know. The **Local Rules of the United States District Court for the Northern District of California** are in addition to the Federal Rules of Civil Procedure; and they apply **only to this Court**. You can obtain a copy of these rules free of charge in three different ways: (a) If you have a computer, you can download a copy of the rules to your computer from this Court's website, http://www.cand.uscourts.gov. (b) You also may pick up a copy by visiting any office of the clerk of the court during office hours. (c) You also may obtain a copy by mail by sending a written request, along with a stamped (with $4.30 return postage), self-addressed 10"x14" envelope to:

Local Rules
Clerk, U.S. District Court
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, California 94102.

**Fourth**, each judge has rules for his or her courtroom. These special rules are called "Standing Orders." Normally, the judge's clerk will send you a copy of these if you are the one who has filed the complaint. If you do not get them, you can call the judge's courtroom deputy or check the Court's website: http://www.cand.uscourts.gov.

In order to find the law that applies to your lawsuit–for example, the law of employment discrimination, or housing claims, or social security benefits–you will need to visit a law library.

You should seek help from a law librarian, who can show you where to find the specific law that you need. The following law libraries are all open to the general public. Always call first to make sure that the library will be open when you plan to visit.

# Public Law Libraries in the Northern District of California

**Alameda County:**

Bernard E. Witkin Alameda County Law Library
http://www.co.alameda.ca.us/law/index.htm

Main Branch
125 12th Street
Oakland, CA 94607-4912
Telephone: (510) 208-4800
Fax: (510) 208-670-4836

South County Branch
224 W. Winton Avenue, Rm. 162
Hayward, CA 94544
Telephone: (510) 670-5230
Fax: (510) 670-5292

University of California Law Library, Boalt Hall
Berkeley, CA 94720-2499
Telephone: (510) 642-4044
Fax: (510) 643-5039
http://www.law.berkeley.edu/library/library.html

**Contra Costa County:**

Contra Costa County Public Law Library
http://www.cccllib.org

Main Branch
1020 Ward Street, 1st Floor
Martinez, CA 94553
Telephone: (925) 646-2783
Fax: (925) 646-2438

Richmond Branch
100 37th Street, Room 237
Richmond, CA 94805
Telephone: (510) 374-3019

**Del Norte County:**

Del Norte County Law Library
County Courthouse
450 H Street
Crescent City, CA 95531
Telephone: (707) 464-8115

**Humboldt County:**

Humboldt County Law Library
County Courthouse
825 5th Street #812
Eureka, CA 95501
Telephone: (707) 269-1270
Fax: (707) 445-7201

**Lake County:**

Lake County Law Library
175 3rd Street
Lakeport, CA 95453
Telephone: (707) 263-2205
Fax: (707) 263-2207

**Marin County:**

Marin County Law Library
20 North San Pedro Road, Suite 2015
San Rafael, CA 94903
Telephone: (415) 499-6356
Fax: (415) 499-6837

**Mendocino County:**

Mendocino County Law Library
Room 307
100 North State Street
Ukiah, CA 95482
Telephone: (707) 463-4201
Fax: (707) 468-3459

**Monterey County:**

Monterey County Law Library
Monterey Branch
Courthouse
1200 Agualjito Road, Room 202
Monterey, CA 93940
Telephone: (831) 647-7746
Fax: (831) 372-6036

Salinas Branch
Federal Office Building
100 W. Alisal Street, Room 144
Salinas, CA 93901
Telephone: (831) 755-5046
Fax: (831) 422-9593

**Napa County:**

Napa County Law Library
Historic Courthouse
825 Brown Street
Napa, CA 94559
Telephone: (707) 259-8191
Fax: (707) 259-8318

**San Benito County:**

San Benito County Law Library
Courthouse
440 Fifth Street
Hollister, CA 95023
Telephone: (831) 636-9525

**Santa Clara County:**

Santa Clara County Law Library
360 N. First Street
San Jose, CA 95113
Telephone: (408) 299-3568
Fax: (408) 286-9283

**Santa Cruz County:**

Santa Cruz Law Library
701 Ocean Street, Room 070
Santa Cruz, CA 95060
Telephone: (831) 457-2525
Fax: (831) 457-2255
librarian@lawlibrary.org

**San Francisco County:**

San Francisco Law Library
401 Van Ness Avenue, Room 400
San Francisco, CA 94102
Telephone: (415) 554-6821
Fax: (415) 554-6820
http://www.ci.sf.ca.us/sfll/

Financial District Branch
Monadnock Building
685 Market Street, Suite 420
San Francisco, CA 94105
Telephone: (415) 882-9310
Fax: (415) 882-9594
http://www.ci.sf.ca.us/sfll//

Hastings College of the Law, Library
200 McAllister Street, 4th floor
San Francisco, CA 94102-4978
Telephone: (415) 565-4750
Fax: (415) 621-4859
http://www.uchastings.edu/library/index.html

**San Mateo County:**

San Mateo County Law Library
Cohn-Sorenson Law Library Building
710 Hamilton Street
Redwood City, CA 94063
Telephone: (650) 363-4913
Fax: (650) 367-8040
http://www.smcll.org

**Sonoma County:**

Sonoma County Law Library
Hall of Justice, Room 213-J
600 Administration Drive
Santa Rosa, CA 95403-2879
Telephone: (707) 565-2668
Fax: (707) 565-1126
http://www.sonomacountylawlibrary.org/

## *CHAPTER 3 -*
## I WANT TO FILE A LAWSUIT, BUT WHERE DO I START?

Generally, the first official step in filing a lawsuit is to file a complaint with the court. The complaint is a legal document in which you tell the court and the defendant or defendants how and why you believe the defendant or defendants violated the law in a way that has injured you.

You may hear people refer to a lawsuit as "the case" or "the action." These words mean the same thing, and are just other ways of referring to a lawsuit.

### What information needs to be in a complaint?

The complaint must contain all of the following information:

The names, addresses, telephone numbers, and fax telephone numbers (if any) of all of the plaintiffs, and the names of all of the defendants. The plaintiffs are the people who file the complaint and who claim to be injured by a violation of the law. The defendants are the people that the plaintiffs contend injured them in violation of the law. The plaintiffs and the defendants together are referred to as "the parties" or "the litigants" to the lawsuit.

A statement explaining why you believe this court has the power to decide this particular case (i.e., that it has "subject matter jurisdiction" over your lawsuit). Federal courts cannot decide all legal questions, so you need to explain briefly what federal law allows the court to decide this dispute.

A statement explaining why you believe the Northern District of California is the proper federal court (as opposed to other federal district courts) for deciding your lawsuit. This is called establishing the "venue."

A statement indicating the division of the Northern District of California court–i.e., San Francisco, Oakland, or San Jose – to which you believe the case should be assigned.

A statement explaining what you believe the defendant or defendants did to you that violated the law and how it injured you – i.e., lost wages, lost benefits, etc.

A statement explaining what you want the court to do.

The signatures of each of the plaintiffs.

Each of these items is explained in greater detail below.

### What does a complaint look like?

There are form complaints available through the clerk's office if your case is about one of the following:

Employment discrimination (complaints alleging violations of Title VII of the Civil Rights Act of 1964); or

Review of a denial of social security benefits.

You can get a form complaint from the clerk's office in the court, or on the Northern District's website at http://www.cand.uscourts.gov. If your lawsuit is in one of these two categories, using the forms will probably make it easier for you to write your complaint.

You can also find form complaints for many other areas of the law in nearly any law library. The following books are examples of large multi-volume encyclopedias of the law that contain form complaints for many areas of the law:

California Forms of Pleading and Practice;

West's Federal Forms;

Federal Procedural Forms, Lawyer's Edition; and

American Jurisprudence Pleading and Practice Forms.

Other books may contain additional helpful forms. Any law librarian can help you find these books or other books that may help you write your complaint.

Even if there is a form complaint, you may choose to write your own complaint. If you cannot find a form complaint that applies to your lawsuit, you **must** write your own complaint.

**What is included in a complaint?**

The first page of any document you file with the court is sometimes called the "caption page." Rule 10(a) of the Federal Rules of Civil Procedure and this Court's Civil Local Rule 3-4 explain what needs to be on the caption page and how it should look. The last page of this chapter shows what a typical caption page should look like. When you file your complaint, please leave the case number blank. The clerk will assign a case number when you file the complaint and will stamp that number on the complaint.

After the caption, you can begin writing the text of your complaint. Rule 10(b) of the Federal Rules of Civil Procedure requires you to write your complaint using a specific format. Each paragraph must be numbered, and each paragraph must discuss only a single set of circumstances. Do not combine different ideas in a single paragraph. Rule 10(b) also requires you to state each claim separately, as long as it helps make the complaint easier to read. A claim is a statement in which you argue that the defendant violated the law in a specific way.

Ordinarily, complaints begin with a paragraph explaining the basis for the court's subject matter jurisdiction (i.e., what law allows a federal court to decide this case). The next paragraph should explain the basis for filing the federal lawsuit in this venue, that is the Northern District of California. The concepts of subject matter jurisdiction and venue will be explained below.

The next paragraphs of the complaint should identify the plaintiffs and defendants.

After you have identified the plaintiffs and defendants, the following paragraphs should explain what happened and how you were injured.

Next, you should state your separate claims (also known as "counts"), explaining how you believe the defendant's actions violated the law. If you know the specific laws that you believe the defendant violated, you should state them. It makes it easier for the court and the defendants to understand your complaint if you explain the specific laws that you think were violated. It is not required, however, and if you believe the defendant violated the law, but are not sure which law was violated, you still may file a complaint.

The last part of the complaint should be a section entitled "Prayer for Relief." In the prayer for relief, you should state what you want the court to do. For example, you can request that the court order the defendant to pay you money, or order the defendant to do something or stop doing something. If you are not sure what is appropriate, you can also ask the court to award "all additional relief to which to the plaintiff is entitled."

At the very end of the complaint, all of the plaintiffs must sign their names.

**Why do I have to include my name, address, and telephone and fax numbers in the complaint? Why do I have to sign the complaint?**

Rule 10(a) of the Federal Rules of Civil Procedure requires the complaint to include the names of all of the parties to the lawsuit. Rule 11(a) of the Federal Rules of Civil Procedure requires that every document filed in the lawsuit be signed by the plaintiffs if they are not represented by a lawyer. Rule 11(a) also requires that every document filed with the court must state the address and telephone number of the person who signed it. This Court's Civil Local Rule 3-4(a) requires that every document filed with the Court include the fax number of the person on whose behalf the document is being filed, if they have one.

The purpose of including the addresses and telephone numbers is to ensure that the court and the defendants have a way to contact you. Under Civil Local Rule 3-11, you have a duty to promptly notify the court and all opposing parties if your address changes while your lawsuit is pending. If the court sends you mail and it is returned as undeliverable, and the court does not receive a written communication from you within 60 days with your correct, current address, the court may dismiss your case.

Rule 11(b) of the Federal Rules of Civil Procedure states that by signing the complaint you are promising to the court that:

You are not filing the complaint for any improper purpose, such as to harass the defendant or to force the defendant to spend unnecessary legal fees;

The legal arguments you make in the complaint are justified by existing law, or by a good faith argument for extending or changing the existing law; and

You have evidence to support the facts stated in your complaint, or you are likely to have that evidence after a reasonable opportunity for further investigation or discovery.

If the court later finds that one of these things was not true–for instance, that you filed the complaint to harass the defendant, or that you had no evidence to support the facts you alleged in the complaint–it can impose sanctions on you. Sanctions are penalties. For example, the court might order you to pay a fine, or to pay the defendant's attorney's fees. It can also dismiss your complaint, or impose any other sanction that it believes is necessary to prevent you, or other persons like you, from violating Rule 11 again. See Rule 11(c) for more information about sanctions.

Given the risk of Rule 11 sanctions, it is very important that you investigate the facts and the law **before** you file your complaint.

**What is subject matter jurisdiction?**

The first paragraph of the complaint should explain why you believe this court has subject matter jurisdiction to hear your lawsuit. Civil Local Rule 3-5(a) requires you to identify the law and facts that give the court jurisdiction over your lawsuit.

The court system in the United States is made up of state courts and federal courts, which are completely separate from each other. State courts have the authority to hear almost any type of case, but federal courts are authorized under the law to hear only certain types of cases. This Court, the United States District Court for the Northern District of California, is a federal court. If the law permits a federal court to hear a certain type of lawsuit, the court is said to have subject matter jurisdiction over that type of lawsuit.

The two most common types of lawsuits that federal courts are authorized to hear are the following:

(1) At least one of the plaintiffs' claims arises under the Constitution, laws, or treaties of the United States (see 28 U.S.C. § 1331). This is often referred to as "federal question jurisdiction."

(2) None of the plaintiffs live in the same state as any of the defendants, and the amount in controversy exceeds $75,000 (see 28 U.S.C. § 1332). This is often referred to as "diversity jurisdiction." "Amount in controversy" refers to the dollar value of what you want the court to do.

There are also other types of lawsuits that federal courts are authorized to hear. You can find more information in the United States Code beginning at 28 U.S.C. § 1330.

Generally, but not always, if a federal court does not have subject matter jurisdiction to hear your lawsuit, you should file your lawsuit in state court.

**What is venue?**

"Venue" means the place where the lawsuit is filed. The law does not allow you to file your lawsuit just anywhere in the United States. Generally, you must file your lawsuit in a district that is convenient for the defendant. This Court is in the Northern District of California, which includes all of the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma.

Although the rules on venue are somewhat complicated, it is generally appropriate to file your lawsuit in:

A district where any of the defendants reside, if they all reside in the same state, or

A district where the defendants did a substantial part of the things that you believe violated the law.

The United States Code contains much more detailed information about venue beginning at 28 U.S.C. § 1391.

**How do I determine the division of the court to which my lawsuit should be assigned?**

This district has courts in three locations or "divisions": San Francisco, Oakland, and San Jose. Civil Local Rule 3-4(b) requires a complaint to include a paragraph entitled "Intradistrict Assignment," which must identify any basis for assigning the case to a particular location or division of the Court.

Civil Local Rule 3-2(c) explains that the location or division of the Court to which each new lawsuit should be assigned is usually determined by the county in which the lawsuit arose. A civil lawsuit arises where:

A substantial portion of the events that gave rise to the lawsuit occurred, or

Where a substantial part of the property that is the subject of the lawsuit is located.

If the lawsuit arose in Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma counties, the lawsuit usually will be assigned to the San Francisco or Oakland Divisions of the Court. If the lawsuit arose in Santa Clara, Santa Cruz, San Benito or Monterey counties, it usually will be assigned to the San Jose Division of the Court.

A different rule applies to patent infringement actions, securities class actions, capital and noncapital prisoner petitions, and prisoner civil rights actions. Those lawsuits are assigned randomly to one of the three divisions of the Court.

**How much detail should I include in the complaint?**

Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint only needs to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, you should include enough detail so that the court and the defendant can clearly understand what happened, how you were injured, and why you believe that you are entitled to a remedy from the court. You do not need to state every bit of detail that you can remember.

It is often easiest for the court and the defendants to understand your complaint if you tell your story in the order it happened.

Rule 9(b) of the Federal Rules of Civil Procedure requires you to include more detail about any claim that the defendant engaged in fraud than you would for other types of claims. The circumstances constituting fraud must be stated with particularity, which means that you must state the time and place of the fraud, the persons involved, the statements made, and an explanation of why or how those statements were false or misleading.

If you have documents that support your complaint, you can attach copies of them to the complaint as exhibits. Do not attach copies of any documents that you do not discuss in your complaint.

**What do I have to put in the complaint if I want a jury trial?**

Under the law, not all lawsuits are entitled to jury trials. If you want the trial of your lawsuit to be heard by a jury, however, it is a good idea to include a "demand for jury trial" in your complaint. If you do not tell the court and the defendants in writing that you want a jury trial within ten days after filing the complaint, you may be found to have given up any right you might have had to a jury trial. See Rule 38 of the Federal Rules of Civil Procedure for more information. If you give up your right to a jury trial, the trial of your case will be heard by a judge without a jury.

Because the time limit for requesting a jury trial is so short, many people find it easier and more convenient to include the jury demand in the complaint, although it is okay to file it as a separate document. If you decide to demand a jury trial in your complaint, Civil Local Rule 3-6(a) requires that you make the demand at the end of the complaint. To ask for a jury trial in your complaint, all you need to do is include a line at the end of the complaint that says, "Plaintiff demands a jury trial on all issues" and put the words "DEMAND FOR JURY TRIAL" in the caption of your complaint. See Civil Local Rule 3-6(a).

**How quickly do I need to file a complaint?**

Every claim has a time limit associated with it, which is referred to as the "statute of limitations." The statute of limitations is the amount of time you have to file a complaint after you have been injured, or, in some cases, after you became aware of the cause of the injury. Once that time limit has passed, the claim is considered to be too old to be the basis of a lawsuit. If you include a claim in your complaint that is too old, the opposing party may file a motion to dismiss the claim as "time-barred," which is just another way of saying that it is too late: the statute of limitations has expired on that claim.

The statute of limitations is different for every claim. The only way to find out the statute of limitations for a particular claim is to do research at a law library.

**What do I do after I file the complaint?**

After you file the complaint, you must serve a copy of the complaint on all of the defendants. Nothing else will happen in your lawsuit until you serve the complaint on the defendants. The requirements for serving the complaint are explained in Chapter 5 of this handbook.

**Can I change or amend the complaint after I file it?**

Changing a document that has already been filed with the court is known as "amending" the document. Under Rule 15(a) of the Federal Rules of Civil Procedure, you can amend your complaint at any time before the defendant files an answer. You do not need to get permission from the court or from the defendant to amend before the defendant answers.

If you want to amend your complaint after defendant has filed an answer, Rule 15(a) lets you do this in one of two ways.

First, you can file the amended complaint if you get written permission from the defendant. When you file the amended complaint, you must also file the document showing that you have written permission from the defendant to amend your complaint.

Second, if the defendant won't agree to let you amend your complaint, you must file a motion with the court to get its permission to amend your complaint. In that motion, you must explain why you need to amend your complaint. You should include a copy of the amended complaint that you want to file. If the court grants your motion, you can then file your amended complaint.

When you file an amended complaint, Civil Local Rule 10-1 requires you to file an entirely new complaint. Because an amended complaint completely replaces the original complaint, you cannot just file the changes that you want to make to the original complaint. The caption of your amended complaint should say: "FIRST AMENDED COMPLAINT." If you

amend your complaint a second time, the caption should say: "SECOND AMENDED COMPLAINT."

**Example of a caption page**

The following page shows an example of a caption page for a complaint where the plaintiffs are John Doe and Jane Jones, the defendants are John Smith and Smith Construction Company, and the plaintiffs are asking for a jury trial.

John Doe
123 Main Street
San Francisco, CA 94102
(415) 555-1234
(415) 555-1235 (FAX)

Jane Jones
127 Main Street
San Francisco, CA 94102
(415) 555-6789
(415) 555-6700 (FAX)

Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE and JANE JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN SMITH and<br>SMITH CONSTRUCTION CO.,<br><br>Defendants. | Case No. __________________<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because both of the defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Marin County.

4. Plaintiffs John Doe ("Doe") and Jane Jones ("Jones") are construction workers

employed by defendant Smith Construction Co.

## *CHAPTER 4 - HOW DO I FILE PAPERS WITH THE COURT?*

In order to start a lawsuit in federal court, there are two things that every person must do. First, you must file your papers with the court. Although it may sound simple, this means more than just giving your papers to the clerk's office to file. The papers must comply with the court's rules, and if they do not, the clerk will not accept them. Second, you must serve your papers on the other side, which means making sure they receive copies. Until the other side receives the papers in a way that the law says is valid, they are not a party to the lawsuit, and the case has not really begun. Although sending papers to another party may sound simple, it too can be complicated.

This chapter describes how you file documents with the court, including your complaint. The next chapter explains how to serve papers that you submit to this Court. While the rules about filing and serving may seem difficult, they exist for very good reasons.

The court's rules about filing ensure that the court receives the papers you want it to receive, and your papers will not be lost somehow. In a lawsuit, the court must keep track of everything that the parties want the judge to receive. Filing your papers with the clerk allows the judges to be sure that they have all the papers, and it allows you a way to check and make sure that the judges actually have your papers to read.

Following the filing rules is important, because most of what happens in your case will be based on the papers that you file. All of your communications with the court will be in writing, except when the judge has a hearing in your lawsuit. (A hearing is a formal meeting that occurs in the courtroom at a date and a time agreed to by the judge.) You may talk to the judge at the hearing to explain the position that you put in your papers to the court. Even then, however, you are allowed only to explain the arguments that you actually gave the court in writing. Because most of your contact with the court is based on what you write and file, pay close attention to the filing rules. Before you begin writing any document that you plan to file with the court, be sure to read Civil Local Rule 3-4. That rule explains what you have to do for your document to be accepted for filing. Although this chapter summarizes the process, you are responsible for obeying the rules themselves.

### Do I need a caption page?

Every document you file must begin with a caption page. As discussed in Chapter 3, a caption page is a cover page that includes: (1) your name, address, telephone number, and, if you have a fax machine, your fax number; and (2) the caption that includes the name of this Court, the name of the case, the case number, and a title describing the document. You may wish to look at captions filed in other cases to get a sense of what the caption should look like, and how a cause of action is described. However, do not assume that a caption that you have reviewed complies with all of the rules. You need to review those rules yourself before you submit papers to the court. (One sample caption can be found at the end of Chapter 3.

### How do I file documents?

You can file documents in three different ways:

1. You can bring the documents to the clerk's office to file them in person;
2. You can fax the documents to a company known as a "fax filing service," which will then bring the documents to the clerk's office to file them; or
3. You can mail the documents to the court for filing.

Each of these methods is explained in detail below.

Regardless of which method you use, certain rules apply in every case. You need to file all documents in the clerk's office of the correct courthouse. The Northern District of California has three different courthouses: San Francisco, Oakland, and San Jose. Each of these is a different division. You should be sure to send or bring your documents to the clerk's office in the division to which your lawsuit has been assigned, unless the judge informs you that you may file papers elsewhere. For example, if your lawsuit has been assigned to a judge in the San Francisco division of this Court, you must file all papers in that lawsuit in San Francisco, and not in the Oakland or San Jose divisions.

You need to have the correct number of copies of your document. In this Court, you always need an original and **at least** one copy. To file a document, you must give the clerk the original copy of the document (that is, the one that you actually signed) and one photocopy of the signed original. The photocopy must be marked "CHAMBERS" on the caption page. If your case has been assigned to a magistrate judge for a hearing, you must also file a third copy for the magistrate judge . Be sure to keep an extra copy of every document you file for your own files.

The original document that you give the court will be filed in the permanent court file for your lawsuit. Filing means that the document is kept by the court and becomes one of the documents that are formally available to be used by the parties and the judge. The copy will be sent to the judge in his or her private office or chambers – that's why the copy should be marked "CHAMBERS." Documents that are not accepted for filing may not be sent to the judge, and will not be considered by the judge.

With every document you file, you should also file a certificate of service, which shows that you provided a copy of the document to all of the other persons (including organizations) who are named as parties to the lawsuit. The methods for serving documents on other parties must be strictly followed, and are described elsewhere in this handbook. If you do not submit a certificate of service, the clerk will not refuse to file your documents. However, the judge may disregard any document if a party to the lawsuit demonstrates that you did not serve it with a copy of the document. For this reason, you should be sure to carefully follow all of the rules for serving documents and include a certificate of service with all documents that you file.

**To file documents in person during normal business hours**

The clerk's office in each division of the court is open from 9:00 a.m. to 4:00 p.m., Monday through Friday, except for federal holidays. In San Francisco, the clerk's office is located at 450 Golden Gate Avenue, on the 16th floor. In Oakland, the clerk's office is located at 1301 Clay Street, Suite 400 South. In San Jose, the clerk's office is located at 280 South First Street.

To file documents in person, bring the completed documents, in the format required by Civil Local Rule 3-4, to the clerk's office during business hours.

Although the clerk's office makes every effort to file documents quickly, some days and times of the day are busier than others, and sometimes there are long lines of people waiting to file documents. If you want to avoid waiting in line, the clerk's office is usually less busy in the middle of the week than it is on Monday or Friday. It is also less busy in the middle of the day than it is first thing in the morning and between 3:00 p.m. and 4:00 p.m. in the afternoon.

When the document is filed, the clerk's office personnel will stamp the document with the date you filed the document. If you want to have a stamped copy for your own files, you must bring another copy for the clerk to stamp. The clerk will stamp that copy and hand it back to you. Although you are not required to obtain a stamped copy for your own files, it is a good idea because on very rare occasions documents do get misplaced or lost in the court. If you have a stamped copy of the document in your own files, you will be able to prove to the judge that you filed the document on time.

**To file documents in person after hours using the drop box**

If you want to file your documents in person, but you are unable to go to the clerk's office between 9:00 a.m. and 4:00 p.m., the clerk's office also maintains a drop box that can be used to file most documents before and after regular business hours.

In San Francisco, the drop box is open between 6:00 a.m. and 9:00 a.m. and between 4:00 p.m. and 6:00 p.m., Monday through Friday, except for federal holidays. The drop box is near the entrance to the clerk's office.

In Oakland, the drop box is open between 7:00 a.m. and 9:00 a.m. and between 4:00 p.m. and 5:00 p.m., Monday through Friday, except for federal holidays. The drop box is located in the courthouse lobby on the first floor.

In San Jose, the drop box is open between 7:30 a.m. and 9:00 a.m., and between 4:00 p.m. and 5:00 p.m., Monday through Friday, except for federal holidays. The drop box is located near the clerk's office entrance on the second floor.

Civil Local Rule 5-3 explains the rules for using the Court's drop box to file documents. Before putting a document in the drop box, you must stamp the last page of the document "Received," using the electronic file-stamping machine that is next to the drop box. Don't forget to stamp your document in the machine before it goes in the drop box. After stamping each original and enclosing one chambers copy, the documents must be placed in an orange court mailing pouch or red Expando folder. These are provided by the court, and will be near the drop box. Each original document should be placed on top of its copies. Before placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed Drop Box Filing Information Card. These cards will also be right near the drop box. You may use more than one pouch or folder per filing, but you'll need to include a separate Drop Box Filing Information Card with every pouch or folder.

If you would like a file-stamped copy of each document, you must provide an extra copy of each document. If you would like the clerk's office to mail the file-stamped copies back to

you, you also must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. If you don't mind coming back to the courthouse to pick up your file-stamped copies, you may mark your return envelope "FOR MESSENGER PICKUP BY: (NAME)." Your copies will be available for pick-up at the clerk's office between 2:00 and 4:00 p.m. on the day the drop box is emptied.

The drop box cannot be used for matters that you want to have heard on very short notice. Specifically, the drop box may not be used to file any papers in support of, or in opposition to, any matter that is scheduled for hearing within seven calendar days.

If you use the drop box to file a complaint, you must include a check or money order for the amount of the applicable filing fee. The check or money order should be made payable to "Clerk, United States District Court." Do not enclose cash.

**Filing by fax**

Civil Local Rule 5-2 explains the procedure for filing documents by fax. Although this Court will accept fax copies for filing, you cannot fax the documents directly to the Court. Instead, you must fax the documents to a fax filing agency or to some other person who will then file the faxed documents in person at the clerk's office. You must arrange with this person or service to file an additional "chambers" copy of the faxed document, just as if you were filing the original documents in person.

When you file a document by fax, you must keep the original document until the end of the case. You also must keep a copy of the fax record that shows you sent the document. (Most fax machines make one of these records, called a transmission record, automatically when you send a document.) The record must state the telephone number of the receiving machine, the number of pages sent, the transmission time and an indication that no error in transmission occurred. You must keep this transmission record until the case is over.

You must allow the court or any other party to the lawsuit to review the original document, upon request.

**Filing by mail**

You can also file documents by mailing them to the court.

In San Francisco, the mailing address is Clerk's Office, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

In Oakland, the mailing address is Clerk's Office, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 South, Oakland, CA 94612.

In San Jose, the mailing address is Clerk's Office, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

If you would like a copy of each document with a stamp on it to show that it was filed, you must provide an extra copy of each document. If you would like the clerk's office to mail the file-stamped copies back to you, you also must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage.

**How is filing a complaint different from other papers?**

There are special rules for filing a complaint. In addition to the rules explained above, you also must fill out a Civil Cover Sheet. You can obtain a copy of the form for the Civil Cover Sheet at the clerk's office or at this Court's website at http://www.cand.uscourts.gov. Instructions for filling out the Civil Cover Sheet are on the form.

When filing a complaint, you must file the original complaint plus **two** copies. If your complaint contains claims relating to patents, copyrights, or trademarks, you must file the original complaint plus **three** copies.

If you are filing your complaint in person, you must arrive at the clerk's office before 3:30 p.m. because it can take a longer time for the clerk to file complaints.

**What kinds of fees and other costs do I have to pay?**

The fee for filing a complaint is $350.00. After the initial complaint is filed, you do not have to pay any additional fees to file most documents with the court.

The following chart shows some of the fees that a party must pay if they file certain types of documents. These fees are set by the United States Congress and the Judicial Conference of the United States.

The Clerk's Office can only accept payment by exact change, check, or money order made payable to "Clerk, U.S. District Court."

**Fee Schedule (effective April 9, 2006)**

| | |
|---|---|
| Civil Case filing fee (provided with a Complaint) | $350.00 |
| Notice of Appeal filing fee | $455.00 |
| Habeas Corpus petition filing fee | $5.00 |
| Filing fee for civil action brought under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 ($4,180 in addition to $350 filing fee) | $5531.00 |
| Filing of miscellaneous case, including filing of a petition to perpetuate testimony per Rule 27(a) of the Federal Rules of Civil Procedure, the filing of papers by trustees under 28 U.S.C. § 754, the filing of letters rogatory or letters of request, and registering of a judgment from another district, pursuant to 28 U.S.C. § 1963 | $39.00 |
| Search of the records conducted by the clerk of the district court or a deputy clerk | $26.00 per name or item searched |
| Certification of any document, whether made directly on the document or by separate instrument | $9.00 |
| Exemplification of any document or paper | $18.00 |
| Reproduction of any record or paper, whether from original documents or from microfiche or microfilm reproductions of original records | $.50 per page |
| Reproduction of tape recordings, including cost of materials | $20.00 |
| Retrieval of a record from the Federal Records Center or National Archives | $35.00 |
| Check paid into the court which is returned for lack of funds | $35.00 |
| Appeal to a district judge from a judgment of conviction by a magistrate judge in a misdemeanor case | $25.00 |
| Printing copies of any record or document accessed electronically at a public terminal in the courthouse | $.10 per page |
| Usage of electronic access to court records (Web-PACER) | $.08 per page |

The Clerk shall assess a charge for the handling of registry funds deposited with the court.

For complete text of fee schedule see "Judicial Conference Schedule of Additional Fees" following the federal statute 28 U.S.C. § 1914.

**What is a court transcript and how much does it cost?**

Most, but not all, court hearings are recorded by a court stenographer (also known as a court reporter) who types everything that is said in court as it is being said, or by a tape recorder operated by either an electronic court recorder operator (ECRO) or a calendar clerk. To find out if a court proceeding was reported or recorded, you should look at the docket entry of the hearing. Docketinformation is available on-line from PACER or by calling the docket clerk for your judge. (See Chapter 8 of this Handbook for more details on accessing docket information and the PACER system.) Immediately after the docket entry "MINUTES," you will see another

entry such as: "(C/R: John Smith)." In this example, John Smith would have been the reporter or ECRO. If "None" is listed, the proceeding was not taken down by a court reporter and so no transcript is available. If the proceeding was tape recorded by a calendar clerk, the entry after "MINUTES" will be a tape recording number.

If a reporter or ECRO's name is listed, you may obtain a transcript by contacting that court reporter or ECRO directly. If the docket entry indicates that a tape recording of the proceeding was made, you may obtain a copy by contacting the calendar clerk for the assigned judge.

By and large, the faster you want to see the transcript, the more it will cost. There are many different types of transcription. The fastest is real-time transcription, sometimes called a "dirty disk" because it is likely to be messy and contain some errors. Real-time transcripts are available immediately; they are draft, uncorrected transcripts produced by a certified real-time reporter. Real-time transcripts can be delivered electronically during the proceedings, so you can actually see the transcript being written as the court reporter types it into his or her computer, or it can be delivered immediately after court adjourns. The next fastest type of transcription is hourly, which can be delivered within two hours. Then there's daily transcription, where the transcript will be delivered to you after the court adjourns on that day, but before the next normal opening hour of court. Expedited transcripts will be delivered within 7 calendar days after the reporter receives your request. Finally, there is the ordinary rate. For the ordinary rate, the transcripts are delivered within 30 calendar days after the reporter receives your request.

The following is the fee schedule for transcripts; these rates apply to **each** page of transcript:

| | Original per page | 1st Copy to Each Party per page | Each Additional Copy to Same Party per page |
|---|---|---|---|
| Ordinary Rate | $3.30 | $.75 | $.50 |
| Expedited Rate | $4.40 | $.75 | $.50 |
| Daily Rate | $5.50 | $1.00 | $.75 |
| Hourly Rate | $6.60 | $1.00 | $.75 |
| Realtime | $2.75 | | |

More information about requests for transcripts for appellate purposes is in Civil Local Rule 79-1.

**What if I can't afford the $350.00 fee for filing a new complaint?**

If you cannot afford the $350.00 filing fee, you must file an Application to Proceed In Forma Pauperis. In Forma Pauperis (IFP) is a Latin phrase which means that you are proceeding as an indigent person. You must fill out the application completely to the best of your ability if you wish to show the court that you do not have enough money to pay the filing fee. You can get this form at either the clerk's office or at the Court's website, http://www.cand.uscourts.gov. If the Court finds that you have demonstrated that you cannot afford to pay the $350.00 fee, you will be allowed to file your complaint without paying it.

When you file an Application to Proceed IFP, the clerk will not file your complaint immediately. Instead, the complaint and the Application to Proceed IFP will be assigned to a

judge. That judge will decide whether you should be allowed to file your complaint without paying the filing fee. Although the judge will try to make a decision on your application as quickly as possible, it probably will not be done on the day you file your application. Therefore, there is no reason to wait in the clerk's office. You will be notified of the judge's decision by mail.

When the judge reviews your application, he or she will also review your complaint. Whether or not you can afford to pay the filing fee, the judge must dismiss your complaint if he or she finds that your complaint (1) is frivolous or malicious (that is, its only purpose is to harass the other side); (2) fails to state a proper legal claim (that is, a claim on which relief may be granted); or (3) seeks money from a defendant who is legally not required to pay money damages. These requirements are laid out in the federal statute 28 U.S.C. § 1915.

If the judge decides that your complaint meets these requirements, but he or she also finds that you **can** afford to pay the filing fee, your complaint will be dismissed unless you pay the filing fee within a specific period of time.

If the judge decides that your complaint meets these requirements, and he or she also finds that you **cannot** afford to pay the filing fee, then the judge will order the clerk to file your complaint without making you pay the filing fee. You will not need to go back to the clerk's office to file your complaint. When the judge approves your Application to Proceed In Forma Pauperis, the clerk will file the complaint.

However, even if the judge grants your Application to Proceed IFP, the only fee that you will be excused from paying is the initial $350.00 filing fee. You will **still** have to pay all other applicable fees listed above.

## *CHAPTER 5 -*
## WHAT ARE THE REQUIREMENTS FOR SERVING DOCUMENTS ON THE OTHER PARTIES TO THE LAWSUIT?

You must give the other partiesto your lawsuit a copy of every document that you file with the court. This is often referred to as “serving” the other parties. Like filing, serving your documents is critical. If you do not give your papers to the other parties in exactly the way required by law, it is as if you never filed those papers at all.

The rules for serving the original complaint are different from the rules for serving other documents, and must be followed exactly. If the complaint is not properly served on the other parties, the case will not proceed. This chapter describes how to serve your complaint (which can be a complicated process) and how to serve all other papers (which is generally much simpler).

### What are the rules for serving the complaint?

Rule 4 of the Federal Rules of Civil Procedure lays out the rules for serving the original complaint. Serving a complaint is often called “service of process.” The rules for serving a complaint can be very complicated, but they must be followed carefully. Until the complaint is served, nothing else will happen in the lawsuit.

In order to serve the original complaint, you must first get a summons from the court. You can get a form for this from the clerk’s office or at the Court’s website at http://www.cand.uscourts.gov. It is your choice whether to ask for one summons listing all of the defendants, or to get a separate summons for each defendant named in your lawsuit.

Rule 4 of the Federal Rules of Civil Procedure describes the different ways to serve a complaint. We explain the gist of them here, but you should always read Rule 4, and the Local Civil Rules of this Court, for yourself to see the complete rules that apply.

### What if I filed in forma pauperis?

As discussed in the previous chapter, filing or proceeding in forma pauperis means filing a case or proceeding as one who cannot afford the court fees, in particular the $350.00 filing fee. If you file an Application to Proceed In Forma Pauperis, you should fill out your summons forms and submit them to the clerk’s office when you file the complaint. If the court approves your Application to Proceed In Forma Pauperis, the court will issue the summonses and forward them to the United States Marshal. The United States Marshal will then serve the summonses on the defendants at no cost to you.

### How do I get summonses if I’m not in forma pauperis?

When the filing fee has been paid, you can obtain as many summonses as you need at the time you file the complaint. You can also obtain the summonses later if you wish. However, if you obtain them at the time you file the complaint, you will not need to return later to the court to obtain them.

You can submit a summons form to the court in person, using the drop box, or by mail, but **not** by fax filing. If you submit a summons form to the court by mail or by using the drop box, you will need to include a self-addressed postage-stamped envelope so that the court can return the issued summons to you.

**What do I need to serve with the complaint?**

You must serve the complaint and the summons together. Whatever method you use, Civil Local Rule 4-2 also requires you to serve the defendant with all of the following documents at the same time you serve the complaint and the summons. The only exception is if you request and get what is called a "waiver of service," which is explained below. The clerk will give copies of the following documents to you when your complaint is filed:

1. A copy of the handbook entitled *Dispute Resolution Procedures in the Northern District of California.*

2. A copy of the Order Setting Case Management Conference, which is written by the judge and sets a date for you to come to court;

3. Standing Orders of the assigned judge (not all judges have them, but they are special rules that the judge uses and requires parties to follow);

4. The form for preparing a Case Management Statement.

5. Except where your case is assigned to a magistrate judge right away, a copy of the form allowing a party to give notice that it consents to having the case assigned to a magistrate judge; and

6. In cases assigned to a special program called the ADR Multi-Option Program, a copy of the ADR Certification form.

**How do I get the defendant to waive service?**

If the defendant waives service, it means that he or she agrees to give up the right to insist on formal service by hand, and to accept instead informal service by mail. If a defendant waives service, you will not have to spend money and time hiring a person called a "process server" to serve the summons and complaint. You will still need to be able to prove that the defendant actually got the complaint and required documents, so you need the defendant to sign and send back to you a form saying that he waived formal service and got a copy of the documents in the mail. That form is called a "waiver of service."

Under Rule 4(d) of the Federal Rules of Civil Procedure, you can ask for a waiver of service from any defendant who is not:

1. A minor or incompetent person in the United States; or

2. The United States government, its agencies, corporations, officers or employees; or

3. A foreign, state, or local government.

Rule 4(d) of the Federal Rules of Civil Procedure also sets forth the requirements for requesting a waiver of service. This Court provides a form for requesting waiver of service and a form for waiver of service which comply with the requirements of Rule 4(d). You can obtain a copy of those forms in the clerk's office or at this Court's website, http://www.cand.uscourts.gov.

You should send those forms to the defendant by first-class mail or other reliable means, along with a copy of the complaint and the documents itemized in Civil Local Rule 4-2, plus an extra copy of the request to waive service and a self-addressed envelope with sufficient postage to return the waiver of service to you. In specifying a due date on the form, you must give the defendant a reasonable amount of time to return the waiver of service to you, which must be at least 30 days from the date the request is sent (or 60 days if the defendant is outside the United States).

If the defendant returns to you signed waiver of service to you, you do not need to do anything else to serve that defendant. Just file the defendant's signed waiver of service with the court. Be sure to save a copy for your own files.

**What if I requested a waiver of service and the defendant doesn't send it back?**

If the defendant does not return the waiver of service to you, you need to arrange to serve that defendant in one of the other ways explained in Rule 4 of the Federal Rules of Civil Procedure. However, if the defendant does not return the waiver of service to you and both you and the defendant are located in the United States, you may ask the court to order the defendant to pay you all your costs to serve the defendant another way.

Rule 4(c)(2) provides that **you may not serve the defendant yourself**. You must have someone else who is at least 18 years old serve the defendant with the complaint and summons. The easiest way to serve a complaint is to hire a professional process server. You can find process servers listed in the Yellow Pages. If you do not want or cannot afford to hire a process server, you can also ask a friend, family member, or any other person over 18 years old to serve the complaint and summons for you.

**In general, how do serve individuals?**

Rule 4(e) of the Federal Rules of Civil Procedure provides for several ways to an individual in the United States who is not a minor or an incompetent person:

1. Hand deliver the summons and complaint to the defendant;

2. Hand deliver the summons and complaint to the defendant's home and leave them with another responsible person who lives there;

3. Hand deliver the summons and complaint to an agent authorized by the defendant

or by law to receive service of process for the defendant; or

4. Serve the summons and complaint by any other method provided for by the law of the State of California or the state where the defendant is served. California law on service of process can be found in the California Code of Civil Procedure beginning at § 413.10.

**How do I serve individuals in foreign countries?**

Rule 4(f) of the Federal Rules of Civil Procedure provides for several ways to serve an individual in a foreign country. Rule 4(g) provides that only a few of those methods may be used to serve a minor or incompetent person outside the United States. Please review Rules 4(f) and 4(g) carefully before attempting to serve a defendant outside the United States.

**How do I serve minors or incompetent persons?**

Rule 4(g) of the Federal Rules of Civil Procedure provides that service on a minor or incompetent person in the United States must be made according to the law of the state where the minor or incompetent person is served. California law for service of process on minors and incompetent persons can be found at §§ 416.60 and 416.70 of the California Code of Civil Procedure.

**How do I serve a business?**

Rule 4(h) of the Federal Rules of Civil Procedure lists several methods for serving the complaint and summons on a corporation, partnership, or other unincorporated association.

If you serve a business in the United States:

1. You may serve the complaint and summons according to the laws of the State of California or the state in which the business is served. California law on serving corporations, partnerships, and unincorporated associations can be found at §§ 416.10 and 416.40 of the California Code of Civil Procedure. Section 415.40 of the same Code provides for service on businesses outside California.

2. Alternatively, you may serve the complaint and summons by:

a. Hand delivering them to an officer of the business, a managing agent or general agent for the business, or any other agent authorized by the defendant to accept service of process; or

b. Hand delivering them to any other agent authorized by law to receive service of process for the defendant. If the law authorizing the agent to accept service of process requires it, you must also mail a copy of the summons and complaint to the defendant.

If you serve a business outside the United States, you may use any method described in

Rule 4(f) except personal delivery.

**How do I serve the United States, its agencies, corporations, officers, or employees?**

The rules for serving the complaint and summons on the United States government or its agencies, corporations, officers, or employees are stated in Rule 4(i) of the Federal Rules of Civil Procedure.

To serve the complaint and summons on the United States, you must:

1. a. Hand deliver the complaint and summons to the United States Attorney for the Northern District of California, or

   b. Hand deliver the complaint and summons to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court, or

   c. Send a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney for the Northern District of California;

AND

2. You must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.;

AND

3. If your lawsuit challenges the validity of an officer or agency of the United States but you have not named that officer or agency as a defendant, you must **also** send a copy of the summons and complaint by registered or certified mail to the officer or agency.

To serve the summons and complaint on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, you must serve the United States in the manner described above **and** send a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

To serve the summons and complaint on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States, you must serve the United States in the manner described above **and** serve the employee or officer personally in the manner set forth by Rule 4(e), (f), or (g) of the Federal Rules of Civil Procedure.

**How do I serve a foreign country?**

To serve the summons and complaint on a foreign country, or a political subdivision, agency, or instrumentality of a foreign country, you must follow the procedure stated in the federal statute 28 U.S.C. § 1608.

**How do I serve a state or local government?**

To serve a state or local government, you must:

1. Hand deliver a copy of the summons and complaint to the chief executive officer of the government entity you wish to serve; or

2. Serve the summons and complaint according to the law of the state in which the state or local government is located.

**Is there a time limit for serving the complaint and summons?**

Rule 4(m) of the Federal Rules of Civil Procedure requires you to either obtain a waiver of service or serve each defendant within 120 days after the complaint is filed. If you do not meet that deadline and you do not show the court that you had a good reason for not serving a defendant, the court may dismiss all claims against any defendant who was not served. The court must dismiss those claims without prejudice, however, which means that you can file another complaint later in which you assert the same claims that were dismissed. If you file a new complaint, you will have another 120 days to try to serve the complaint and summons.

There is no time limit for completing service of the complaint and summons in a foreign country.

**What is a certificate of service?**

After you complete service of the complaint and summons, you should file a "certificate of service" (or a "proof of service") with the court which shows when and how you served the complaint and summons on each defendant. The purpose of the certificate of service is to allow the court to determine whether service of the documents was actually accomplished in accordance with the requirements of the law. The certificate of service must state:

1. The date service was completed;

2. The place where service was completed;

3. The method of service used;

4. The names and street address or email address of each person served; and

5. The documents that were served.

The certificate of service must be signed and dated by the person who actually served the complaint and summons. If you hired a process server, the certificate of service must be signed by the process server. If you asked a friend to serve the complaint and summons, the certificate of service must be signed by the friend who actually served the complaint and summons. The person who served the documents must also swear under penalty of perjury that the statements in

the certificate of service are true.

**How do I serve other documents?**

Fortunately, once you serve the complaint it usually becomes easier to serve other documents. Rule 5 of the Federal Rules of Civil Procedure establishes the rules for serving documents other than the original complaint. If the party you have served has a lawyer, then you must serve that party by serving their lawyer. If the other party decides not to get a lawyer, then you need to follow the rules for serving an unrepresented party that are described below.

Rule 5 allows you to serve documents on the attorney or party (if not represented), by any of the following methods:

1. Handing it to the person; or

2. Leaving it at the person's office with a clerk or other person in charge, or if no one is in charge, by leaving it in a conspicuous place in the office; or

3. If the person has no office, or the office is closed, leaving it at the person's home with someone of suitable age and discretion who lives there; or

4. Mailing a copy to the person's last known address; or

5. If the person you want to serve has no known address, you may leave a copy with the clerk of the court; or

6. You may deliver a copy by any other method that the person you are serving has consented to in writing.

In addition, Civil Local Rule 5-5 has other requirements if you have a deadline or due date to serve the particular document. These local rules can affect whether or not you can mail a document to serve it; **be sure you read them**.

For all the documents you serve on other parties, you need a certificate of service like you needed for the complaint.

# *CHAPTER 6 -*
# AFTER THE COMPLAINT HAS BEEN SERVED ON THE DEFENDANT, WHAT HAPPENS NEXT?

Filing and serving the complaint opens a case with the court, and a judge will be assigned to the new case. Papers filed after the complaint go to that judge. There are two kinds of judges at the District Court: district judges and magistrate judges. District judges are appointed under the Constitution by the President of the United States and confirmed by the U.S. Senate. They are appointed for life and cannot be removed unless impeached. Magistrate judges are appointed under federal statute by the District Court. They are selected by the district judges to serve eight year terms subject to renewal.

## I got a magistrate judge – what does that mean?

It is possible that your case will be assigned or referred to a magistrate judge. If the entire case is assigned to a magistrate judge when it is filed, you will be asked whether you consent to have the magistrate judge handle the case. This decision is up to you and the other parties; you may accept a magistrate judge, or decline to accept a magistrate judge. If all parties consent, that magistrate judge will be the judge for the entire case, including trial, and will have the same powers as a district judge. If any party refuses to consent, the case will be reassigned to a district judge.

It is also possible that a part of the case–such as a motion regarding a discovery dispute–will be referred by a district judge to a magistrate judge (motions and discovery are discussed in later chapters). In that event, the magistrate judge will rule on the referred matter. Unlike the situation when a magistrate judge is assigned for the entire case, however, your consent is not required for the magistrate judge to rule on a referred matter. But the magistrate judge‘s ruling may be appealed to the district judge. See Chapter 16.

A magistrate judge is also assigned in some cases to serve as a settlement judge, one form of alternative dispute resolution, or ADR. As a settlement judge, the magistrate judge has the power to set conference dates and to require the attendance of parties at a settlement conference. The magistrate judge may also order production of documents or other evidence, and may enter settlements into the record.

## What's next after the complaint is served?

After the defendant has been served with the complaint, he or she must file a written response to the complaint. The written response must eventually be an "answer," but before filing the answer, the defendant has an opportunity to file a motion to dismiss the complaint, a motion for a more definite statement, or a motion to strike parts of the complaint.

When the defendant files an answer, he or she can also file a counterclaim, which is a complaint against the plaintiff.

If the defendant does not file an answer in the proper amount of time, the plaintiff can

file a motion for a default judgment against the defendant. If the court grants the motion for default judgment, the plaintiff has won the case.

This chapter will briefly discuss all of these procedures.

**Time to Respond to the Complaint**

After a defendant is served with the complaint, he or she has a limited amount of time to file a written response to the complaint. The amount of time the defendant has to file a response to the complaint depends on who the defendant is and how he or she was served.

Rule 12(a)(1) of the Federal Rules of Civil Procedure states that unless a different time is specified in a United States statute, most defendants must file a written response to the complaint within twenty days after being served with the summons and complaint.

According to Rule 4(d)(3) and Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, if the defendant returned a signed waiver of service within the amount of time specified in the plaintiff's request for a waiver of service, the defendant gets extra time to respond to the complaint. If the request for waiver of service was sent to a defendant at an address **inside** the United States, the defendant has sixty days from the date the request was sent to file a response to the complaint. If the request for waiver of service was sent to a defendant at an address **outside** the United States, the defendant has ninety days from the date the request was sent to file a response to the complaint.

Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure states that the United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity must file a written response to the complaint within sixty days after the United States Attorney is served.

Rule 12(a)(3)(B) of the Federal Rules of Civil Procedure states that an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States must file a written response to the complaint within sixty days after he or she was served, or within sixty days after the United States Attorney is served, whichever is later.

The time limits are different for responding to an amended complaint. According to Rule 15(a) of the Federal Rules of Civil Procedure, a defendant must file a response to an amended complaint within the time remaining to respond to the original complaint, or within ten days after being served with the amended complaint, whichever period is longer, unless the court orders otherwise.

Finally, Civil Local Rule 6-1 allows the parties to extend the deadline for responding to the complaint, if they put the agreement in writing and file it with the court, as long as the new deadline will not require changing the date of any event or any deadline already ordered by the court. The parties' written agreement to extend the deadline for responding to the complaint is automatically effective when it is filed, and does not require a court order approving the agreement.

**What type of response to the complaint is required?**

Under Rule 12 of the Federal Rules of Civil Procedure, once you have been served with a complaint, you must, within the required amount of time, either file an answer to the complaint, or file a motion challenging some aspect of the complaint. If you choose to file a motion, you still must file an answer, but you do not have to file the answer until after the court rules on your motion.

**ANSWERS AND COUNTERCLAIMS What are the requirements for preparing an answer to a complaint?**

Rules 8(b)-(e) and Rule 12(b) of the Federal Rules of Civil Procedure state the requirements for writing an answer to a complaint, although they do not actually use the term "answer." The answer serves two main purposes. First, because Rule 8(b) requires you to state which parts of the complaint you admit and which parts you dispute, the answer shows both sides where they disagree. Second, because Rule 12(b) requires you to state in the answer all legal and factual defenses you believe you have to each of the claims against you, the answer also informs the plaintiff what legal and factual issues you intend to bring up during the lawsuit.

It is customary to write your answer in the same numbered paragraph style as the original complaint. So paragraph one of the answer should respond only to paragraph one of the complaint, paragraph two of the answer should respond only to paragraph two of the complaint, etc.

Rule 8(b) requires you to admit or deny every statement in the complaint. If you do not have enough information to determine whether a statement is true or false, you must state that you do not have enough information to admit or deny that statement. If only part of a statement in the complaint is true, you must admit that part and deny the rest. Generally, under Rule 8(d), you are considered to have admitted every statement that you do not specifically deny, except for the amount of damages.

Rule 8(c) and 12(b) require you to state all legal and factual defenses you may have to the plaintiff's claims. Each defense should be listed in a separate paragraph at the end of the answer.

Generally, if you do not state a defense in your answer, you may not rely on that defense or try to present evidence about that defense later in the lawsuit. Because failing to list a defense in your answer can have dramatic consequences for your lawsuit, you should exercise great care when you prepare your answer.

Each defense should be listed in a separate paragraph at the end of the answer.

Each defendant must sign the answer, and the answer must be served upon all the other parties in the lawsuit.

### Can I make claims against the plaintiff in my answer?

**You may not use the answer to state new claims against the plaintiff**. To state new claims against the plaintiff, you must file a counterclaim, which is the name for a complaint by the defendant against the plaintiff. You may include a counterclaim at the end of the document containing your answer to the complaint, and file the answer and counterclaim as a single document. In fact, under Rule 13(a) of the Federal Rules of Civil Procedure, certain types of counterclaims must be filed at the same time the answer is filed. We cover the requirements for counterclaims in more detail below.

### Can I amend the answer after I file it?

Under Rule 15(a) of the Federal Rules of Civil Procedure, you can amend your answer at any time within twenty days after it is served on the plaintiff. You do not need permission from the court or from the plaintiff.

If you want to amend your answer more than twenty days after you served the answer on the plaintiff, Rule 15(a) provides two ways to do it.

First, you can file the amended answer if you get written permission from the plaintiff. When you file the amended answer, you must also file the document showing that you have written permission from the plaintiff to amend your answer.

Second, if the plaintiff will not agree to let you amend your answer, you must file a motion with the court seeking permission to amend your answer. In that motion, you must explain why you need to amend your answer. You should include a copy of the amended answer that you want to file. If the court grants your motion, you can then file your amended answer.

When you file an amended answer, Civil Local Rule 10-1 requires you to file an entirely new answer. Because an amended answer completely replaces the original answer, you cannot just file the changes that you want to make to the original answer. The caption of your amended answer should read: "FIRST AMENDED ANSWER" (or, if your answer includes a counterclaim in the same document, "FIRST AMENDED ANSWER AND COUNTERCLAIM"). If you amend your answer a second time, the caption should read: "SECOND AMENDED ANSWER" (or, if your answer includes a counterclaim in the same document, "SECOND AMENDED ANSWER AND COUNTERCLAIM").

### Once the answer is filed, does the plaintiff have to file a response to it?

There is no such thing under the Federal Rules of Civil Procedure as a "Response to an Answer." Even if you strongly disagree with the statements in the answer, there is no need to file a response. Under Rule 8(d) of the Federal Rules of Civil Procedure, all statements in an answer are automatically denied by the other parties to the lawsuit.

**What are the requirements for counterclaims?**

A counterclaim is a complaint by the defendant against the plaintiff. Rule 13 of the Federal Rules of Civil Procedure explains some of the rules for filing counterclaims.

There are two different types of counterclaims under Rule 13. A compulsory counterclaim is a claim by the defendant against the plaintiff that is based on the same events or transactions as the plaintiff's claim against the defendant. A permissive counterclaim is a claim by the defendant against the plaintiff that is **not** based on the same events or transactions as the plaintiff's claim against the defendant.

For example, if the plaintiff sues the defendant for breaching a contract, the defendant's claim that the plaintiff breached the same contract is a compulsory counterclaim. The defendant's claim that the plaintiff owes him or her money because the plaintiff breached a different contract would be a permissive counterclaimpermissive counterclaim.

Under Rule 13(a) of the Federal Rules of Civil Procedure, compulsory counterclaims generally must be filed at the same time the defendant files his or her answer. If you don't file a compulsory counterclaim at the same time you file the answer, generally you will lose the ability to ever sue the plaintiff for that claim. One exception is that you do not have to file a compulsory counterclaim if you have already filed that claim in another court. Other more complex exceptions are listed in Rule 13(a).

If you want to file a permissive counterclaimpermissive counterclaim, you should file it as early as you can, but there is no rule that requires you to file it at the same time you file your answer. Whether to file a permissive counterclaimpermissive counterclaim is entirely up to you. By not filing a permissive counterclaimpermissive counterclaim, you do not lose the ability to sue the plaintiff for that claim at another time.

The court automatically has subject matter jurisdiction over compulsory counterclaims if there is subject matter jurisdiction over the plaintiff's claim against the defendant. The court can only decide permissive counterclaimspermissive counterclaim, however, if there is an independent basis for subject matter jurisdiction over the counterclaim. You can bring a permissive counterclaimpermissive counterclaim only if the court would have subject matter jurisdiction over that claim if it were brought as a separate lawsuit.

Counterclaims should be written using the same format you would use to write a complaint. All of the rules that apply to writing a complaint also apply to writing a counterclaim.

If you file your counterclaim at the same time you file your answer, you can include the answer and the counterclaim in separate sections of the same document. If you include the answer and counterclaim in the same document, the caption of the document should say: "ANSWER AND COUNTERCLAIM."

If you forget to file a compulsory counterclaim at the time you file your answer, Rule 13(f) of the Federal Rules of Civil Procedure allows you to file a motion with the court asking

for permission to amend your answer and counterclaim to include the counterclaim you forgot to file.

**Once a counterclaim is filed, does the plaintiff have to file a response to it?**

Because a counterclaim is a complaint against the plaintiff, the plaintiff must file a written response to it. Rule 7(a) of the Federal Rules of Civil Procedure states that the answer to a counterclaim is called a "reply." Rule 12(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to file a reply to a counterclaim within twenty days after being served, unless the plaintiff files a motion to dismiss under Rule 12(b). Otherwise, the same rules that apply to filing a written response to a complaint also apply to filing a written response to a counterclaim.

## MOTIONS CHALLENGING THE COMPLAINT

As explained above, once you are served with a complaint, you have a limited amount of time to file a written response to the complaint. That written response must eventually be an answer. However, you can also choose to file one of the motions specified in Rule 12 of the Federal Rules of Civil Procedure. If you file one of those motions, you do not need to file your answer until after the court decides your motion.

**What is a motion to dismiss the complaint?**

A motion to dismiss the complaint argues that there are legal problems with the way the complaint was written, filed, or served. Rule 12(b) of the Federal Rules of Civil Procedure lists the following defenses that can be raised in a motion to dismiss the complaint:

1. **Motion to dismiss the complaint for lack of subject matter jurisdiction**. In this type of motion the defendant argues that the court does not have the legal authority to hear the kind of lawsuit that the plaintiff filed.

2. **Motion to dismiss the complaint for lack of personal jurisdiction over the defendant.** In this type of motion the defendant argues that he or she has so little connection with the district in which the case was filed that the court has no legal authority to hear the plaintiff's case against that defendant.

3. **Motion to dismiss the complaint for improper venue**. In this type of motion the defendant argues that the lawsuit was filed in the wrong place.

4. **Motion to dismiss the complaint for insufficiency of process, or for insufficiency of service of process**. In these types of motions the defendant argues that the plaintiff did not prepare the summons correctly or did not properly serve the summons on the defendant.

5. **Motion to dismiss the complaint for failure to state a claim**. In this type of motion the defendant argues that even if everything stated in the complaint is true, the defendant did not violate the law. A motion to dismiss for failure to state a claim is **not** appropriate if the defendant wants to argue that the facts alleged in the complaint are not true. Instead, in a motion

to dismiss the complaint for failure to state a claim the defendant assumes that the facts alleged in the complaint **are** true, but argues that those facts do not constitute a violation of any law.

6. **Motion to dismiss the complaint for failure to join an indispensable party under Rule 19**. In this type of motion the defendant argues that the plaintiff failed to sue someone who must be included in the lawsuit before the court can decide the issues raised in the complaint.

Under Rule 12(a)(4) of the Federal Rules of Civil Procedure, if the court denies a motion to dismiss, the defendant must file an answer within ten days after receiving notice that the court denied the motion.

If the court grants the motion to dismiss, it can grant the motion "with leave to amend" or "with prejudice."

If the court grants a motion to dismiss with leave to amend, that means that there is a legal problem with the complaint that the plaintiff may be able to fix. The court will give the plaintiff a certain amount of time to file an amended complaint in which the plaintiff can try to fix the problems identified in the court's order. Once the defendant is served with the amended complaint, he or she must file a written response to the amended complaint within the time ordered by the court. The defendant can either file an answer or file another motion under Rule 12 of the Federal Rules of Civil Procedure.

If the court grants the motion to dismiss with prejudice, that means there are legal problems with the complaint that cannot be fixed. Any claim that is dismissed with prejudice is eliminated permanently from the lawsuit. If the court grants a motion to dismiss the entire complaint with prejudice, the case is over.

If the court grants a motion to dismiss some claims with prejudice and denies the motion to dismiss other claims, the defendant must file an answer to the remaining claims within ten days after receiving notice of the court's order.

**What is a motion for more definite statement?**

Instead of filing a motion to dismiss, Rule 12(e) permits a defendant to file a motion for a more definite statement before filing an answer to the complaint. In a motion for a more definite statement the defendant argues that the complaint is so vague, ambiguous, or confusing that the defendant cannot respond to it. The motion must point out how the complaint is defective, and ask for the details that the defendant needs in order to respond to the complaint.

Under Rule 12(a)(4)(B) of the Federal Rules of Civil Procedure, if the court grants a motion for a more definite statement, the defendant must file a written response to the complaint within ten days after the defendant receives the more definite statement. The written response can be an answer or another motion under Rule 12 of the Federal Rules of Civil Procedure.

If the court denies the motion, the defendant must file a written response to the complaint within ten days after receiving notice of the court's order.

**What is a motion to strike?**

Rule 12(f) permits the defendant to file a motion to strike from the complaint any redundant, immaterial, impertinent, or scandalous matter.

## WHAT DOES IT MEAN TO WIN BY DEFAULT JUDGMENT?

If you have properly served the defendant with the complaint and the defendant does not file an answer within the required amount of time, the defendant is considered to be in "default." Default simply means that the defendant did not file an answer to the complaint.

If the defendant does not file an answer, the plaintiff is entitled to ask the court for a default judgment against the defendant. A default judgment means the plaintiff has won the case.

Rule 55 of the Federal Rules of Civil Procedure discusses the rules for obtaining a default judgment.

First, you must file a request for entry of default with the clerk of the court. The request for entry of default must include proof (usually in the form of a declaration) that the defendant has been served with the complaint. If the request for entry of default shows that the defendant has been served with the summons and complaint, and has not filed a written response to the complaint within the appropriate amount of time, the clerk will enter default against the defendant. Once the clerk enters default, the defendant is not permitted to respond to the complaint without first filing a motion with the court seeking to set aside the default, under Rule 55(c) of the Federal Rules of Civil Procedure.

Second, after the clerk has entered default against the defendant, you must file a motion for default judgment against the defendant. Rule 55(b) explains some of the rules for obtaining a default judgment.

Along with the motion for default judgment you must include a declaration showing that the defendant was served with the complaint but did not file a written response within the required amount of time and that default has been entered. You also must file one or more declarations proving the amount of damages that you have suffered because of what your complaint claimed the defendant did.

Once default is entered, the defendant is considered to have admitted every fact stated in the complaint, except for the amount of damages. The defendant can still oppose a motion for default judgment, however, by attacking the legal sufficiency of the complaint. For example, the defendant could argue that the facts stated in the complaint do not constitute a violation of any law. The defendant may also oppose a motion for default judgment by presenting evidence that you did not suffer the amount of damages that you ask the court to award.

Under Rule 54(c) of the Federal Rules of Civil Procedure, the court cannot enter a default judgment that awards you more money than you asked for in your complaint. The court also cannot give you any type of relief other than that for which you specifically asked in your complaint.

Special rules apply if you are seeking a default judgment against any of the following parties:

1. A minor or incompetent person (see Rule 55(b) of the Federal Rules of Civil Procedure);

2. The United States government or its officers or agencies (see Rule 55(e) of the Federal Rules of Civil Procedure);

3. A person who is in military service (see federal statute 50 U.S.C. App. § 520); or

4. A foreign country (see federal statute 28 U.S.C. § 1608(e)).

## *CHAPTER 7 -*
## WHAT IS A MOTION, AND HOW DO I WRITE OR RESPOND TO ONE?

Filing and serving a complaint is the first step in a lawsuit. After that, whenever you want the court to do something, you need to make a motion. Basically, a motion is a formal request you make to the court. Rule 7(b) of the Federal Rules of Civil Procedure requires all motions to be made in writing, except for motions made during a hearing or trial. You may make verbal (or "speaking") motions during a hearing or trial, but even then the court may ask you to put your motion in writing.

Usually, the following things occur when a motion is filed. First, one side files a motion explaining what they want the court to do and why the court should do it. The party who files a motion is referred to as the "moving party." Next, the opposing party files an opposition brief explaining why it believes the court should not grant the motion. Then the moving party files a reply brief in which it responds to the arguments made in the opposition brief. At that point, neither side can file any more documents about the motion without first getting permission from the court. Once all of the papers relating to the motion are filed, the court can decide the motion based solely on the arguments in the papers, or it can hold a hearing. If the court holds a hearing, each side has an opportunity to talk to the court about the arguments in their papers. The court then has the option of announcing its decision in the courtroom (ruling from the bench), or to further consider the motion (taking the motion under consideration) and send the parties a written decision.

### What are the requirements for motion papers?

In addition to requiring most motions to be in writing, Rule 7(b) of the Federal Rules of Civil Procedure also states that all of the court's rules about captions and the format of documents apply to motions. (A sample caption page can be found at the end of Chapter 3 of this handbook.) Rule 7(b) also requires the party who is filing the motion to **sign** the motion in accordance with Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires parties not to file any motions that are based on facts that they know to be false, or which they did not fairly investigate, or motions that have no reasonable legal basis. You should read Rule 11 before signing and filing any pleading.

Civil Local Rules 7-1 through 7-10 give a detailed set of requirements for motions. Be sure that you understand all of these rules before filing a motion. If you do not follow these procedural rules, the court may refuse to hear your motion.

Civil Local Rules 7-2 and 7-5 require that all motions must contain the following information:

1. **Hearing date and time**: In the caption, under the case number, you must include the date and time that you want the court to hold a hearing on the motion. You should also state the name of the motion in the caption, for example: "PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

2. **Notice of motion**: The first paragraph of the motion must contain the notice of motion, including the date and time of the hearing. The notice of motion is a statement to the other parties telling them what type of motion you have filed and when you have asked the court to hold a hearing on the motion.

3. **Statement of purpose**: In the second paragraph, you must give a brief statement of what you want the court to do.

4. **Memorandum of points and authorities**: The remaining paragraphs are the memorandum of points and authorities in support of your motion, which must comply with Civil Local Rule 7-4(a). The memorandum of points and authorities is your argument why the court should grant your motion. The memorandum of points and authorities is also sometimes referred to as a "brief." Civil Local Rule 7-4(a) requires the memorandum of points and authorities to including the following:

a. A table of contents and a table of authorities, if the memorandum is longer than ten pages. A table of authorities is a list of all the laws, rules, and cases that you have mentioned, indicating the page of your memorandum where each one is mentioned. Every mention of a law, rule or case is referred to as a "citation." When you mention a law, rule or case in a memorandum, you are citing that law, rule or case. You do not have to provide the court with copies of the laws, rules, or cases that you have cited in your memorandum, unless the court asks for them.

When citing a case, use the format that is required by the court. For example, if you are citing a case from the Northern District of California, the rules require that the citation be as follows (you'll need to fill in the numbers for everything that appears in brackets): [the volume number of the Federal Supplement (the book) in which the case appears] F. Supp. [the number of the page where the case starts], [the number of the page where the point you are citing appears] (N.D. Cal. [the year the case was decided]). An example of a complete citation, using the Northern District of California format, would look like the following:

*Smith v. Jones,* 131 F. Supp. 2d 1154, 1156 (N.D. Cal. 2000).

b. A statement of the issues you want the court to decide;

c. A brief statement of the facts that are relevant to your motion; and

d. Your argument why the court should grant the motion, with citations to the relevant law and facts.

5. **Declaration(s):** If your motion relies on the facts of the lawsuit, you must also provide the court with evidence that those facts are true. The way you provide evidence to the court in support of your motion is by filing one or more declarations. A declaration is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the declaration is true. Declarations may contain only facts, and may not contain law or argument. If the issue is not factual, or if the person signing the declaration does not explain how he or she personally knows that each statement in the declaration is true, then it may not be considered by the Court.

The first page of each declaration must contain the caption of the case, and include, under the case number, the name of the document, for example "DECLARATION OF JOHN SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT." The declaration should consist of a series of numbered paragraphs, with each paragraph containing a different fact. At the end of the declaration, you must include the following language:

a. If the declaration is being signed in the United States, the language must read: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (insert the date the document is signed)."

b. If the declaration is being signed outside of the United States, the language must read: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (insert the date the document is signed)."

Below that language, the person whose statements are included in the declaration (the "declarant") must sign and date it.

6. **Proposed order:** You must also include with your motion a proposed order for the court to sign. The first page of the proposed order must contain the caption of the case, and under the case number, you must write the title: "[PROPOSED] ORDER." The proposed order must contain the exact language that you want the court to sign. At the end you must include a line for the court's signature. If the court grants your motion, it may sign your proposed order, or it may write its own order.

Civil Local Rule 7-2(b) requires that motions must be no more than twenty-five pages long. Motions that exceed the page limit may not be accepted or the extra pages might not be read.

All motions must be served on all of the other parties to the lawsuit as soon as the motion is filed.

**How do I choose a hearing date?**

When you choose a hearing date, the first thing to do is to consult your judge's standing order to find out which day of the week your judge holds hearings. Each judge holds hearings on a certain day every week. For example, some judges hold hearings on motions in civil cases only on Fridays at 9:00 a.m. Once you determine what day and time your judge holds hearings on motions, you do **not** need to contact that judge to reserve a hearing date.

Civil Local Rule 7-2(a) requires that, unless otherwise ordered or permitted by the judge or the Civil Local Rules, all motions must be filed and served on the other parties no less than thirty-five days (five weeks) before the hearing date. You should simply choose the judge's date for hearing civil motions that is at least thirty-five days from the date you want to file and serve your motion. Also, as a courtesy, you should call the other party's attorney and try to pick a date when both of you are available. You then should put that hearing date in your caption and notice of motion. If the court is unable to hear the motion on that date or if the attorney on the other side has a very good excuse why they cannot be there, the Court will set a new hearing date, usually on a date that is convenient for everyone.

**What are the requirements for Opposition Briefs?**

Opposition briefs must follow the same format as motions, with the following exceptions:

1. In the caption of the document, under the case number, put the title: "OPPOSITION TO [name of motion]" and the date and time the moving party has chosen for the hearing.

2. You do not need to include a notice of motion.

3. The memorandum of points and authorities should explain the reasons why the motion should be denied, with citations to the appropriate law and facts.

4. The proposed order should contain the language that you want the court to sign **denying** the motion.

5. If you do not oppose the motion, Civil Local Rule 7-3(b) requires you to file a Statement of Nonopposition with the court no later than the date the opposition brief is due. A Statement of Nonopposition can be very short, for example: "Plaintiff does not oppose defendant's motion to compel production of documents."

Civil Local Rules 7-3(a) and 7-4(b) require that opposition briefs must be filed and served no later than twenty-one days (three weeks) before the hearing date.

**What are the requirements for Reply Briefs?**

Reply briefs must follow the same format as motions, with the following exceptions:

1. In the caption of the document, under the case number, put the title: "REPLY BRIEF IN SUPPORT OF [name of motion]" and the date and time the moving party has chosen for the hearing.

2. You do not need to include a notice of motion.

3. The memorandum of points and authorities should address only the arguments raised in the opposition brief. You should not repeat the arguments you made in the motion, except to the extent it is necessary to explain why you believe the arguments in the opposition brief are wrong.

4. **In your reply brief, you may not include new arguments in support of your motion**. Because the opposing party usually is not allowed to file a response to a reply brief, it is unfair to include new arguments in your reply brief. Therefore, in your reply brief, you may only include arguments explaining why you believe the argument in the opposition brief is wrong.

5. You do not need to file an additional proposed order unless you want to change

the proposed order that you filed with your motion.

Civil Local Rules 7-3(c) and 7-4(b) require that reply briefs must be filed and served no later than fourteen days (two weeks) before the hearing date.

**What if the motion is urgent and needs to be decided in less than thirty-five days?**

Sometimes a motion raises an urgent issue that needs to be decided very quickly. You have three ways you may be able to obtain a hearing date that is less than thirty-five days from the date your motion is filed.

1. **Stipulation to shorten time**: Civil Local Rules 6-1(b) and 6-2 state that if both sides agree that the matter should be heard quickly, you may submit a written agreement (called a “stipulation“) for the court’s approval. A stipulation is nothing more than a written agreement signed by all of the parties to the lawsuit or their attorneys. The stipulation should explain why the matter is urgent and propose a faster schedule for briefing and hearing the motion. With the stipulation, you also must file a declaration that:

- Explains in detail the reasons why you are requesting that the motion be heard on a faster schedule;

- States all previous time modifications that have been made in the case, whether by stipulation or court order; and

- Describes the effect the proposed time modification would have on the schedule for the case.

Under Civil Local Rule 7-11, a proposed order may be submitted with the stipulation. The proposed order can consist of a paragraph at the end of the stipulation, after the signatures of the parties or their lawyers, stating: “PURSUANT TO STIPULATION, IT IS SO ORDERED,” with spaces for the date and the signature of the judge.

After you file the stipulation, the judge may grant, deny, or modify your request.

2. **Motion to shorten time**: If both parties cannot agree that the motion is urgent, you can file a motion to shorten time. A motion to shorten time is a motion asking that the court hear another motion on a faster than normal schedule.

Under Civil Local Rule 6-3(a), a motion to shorten time can be no longer than five pages long. Civil Local Rule 6-3(a) also requires that a motion to shorten time must be accompanied by a proposed order, and a declaration that:

- Explains in detail the reasons why the motion should be heard on a faster than normal schedule;

- Describes the efforts you have made to obtain a stipulation from the other parties to the lawsuit;

- Identifies the harm that would occur if the motion is not heard on a faster than normal schedule;

- Describes your compliance with Civil Local Rule 37-1 (requiring the parties to negotiate with each other to try to resolve discovery disputes before filing a motion), if it is necessary;

- Describes the nature of the dispute addressed in the underlying motion and briefly summarizes the position each party has taken;

- Discloses all previous schedule adjustments in the case, whether by stipulation or court order; and

- Describes the effect the requested schedule adjustments would have on the schedule for the case.

You must deliver a copy of the motion to shorten time, the proposed order, and the declaration to all of the other parties the day the motion is filed.

Any opposition to a motion to shorten time must be filed no later than the third court day after the motion is received, unless the court sets another schedule. The opposition must be **no longer than five pages** long and must be accompanied by a declaration explaining the basis for the opposition. The objecting party must deliver a copy of its opposition brief to all the other parties on the day the opposition is filed.

There is no reply brief to a motion to shorten time.

After the court receives a motion to shorten time and any opposition to the motion, it may grant, deny, or modify the requested time change or schedule the motion for additional briefing or a hearing.

3. **Ex Parte Motion**. Civil Local Rule 7-10 defines an ex parte motion as a motion that is filed without giving notice to the opposing party. You may file such a motion **only** if a statute, Federal Rule, local rule or standing order authorizes the filing of an ex parte motion **and** you have complied with all the applicable requirements. Ex parte motions are rare.

**What if I need more time to respond to a motion?**

Rule 6(b) of the Federal Rules of Civil Procedure allows the court to give you extra time to respond to a motion if you show a good reason why you need it. Under Rule 6(b), the court can grant extra time with or without a motion or notice to the other parties if you make the request before the original deadline passes. If you wait until after the original deadline passes before asking for extra time, you must make a motion and show that excusable neglect caused you to miss the deadline. The court cannot extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in each of those rules.

You can also file a stipulation to extend time, under Civil Local Rules 6-1(b) and 6-2. The same rules for stipulations to shorten time also apply to stipulations to extend time, with one exception. The exception is that a stipulation to extend time that affects a hearing or other

proceeding that has already been scheduled on the court's calendar must be filed no later than ten days before the scheduled event.

You can also file a motion to extend time, under Civil Local Rule 6-3. The same rules for motions to shorten time also apply to motions to extend time, except that a motion to extend time does **not** need to:

1. Describe what you have done to comply with Civil Local Rule 37-1, or

2. Describe what is in dispute in the underlying motion and briefly summarize the position each party has taken.

## *CHAPTER 8 -*
## HOW CAN I MAKE SURE THAT I KNOW ABOUT EVERYTHING THAT IS HAPPENING IN MY CASE?

Although every document that is filed in a lawsuit must be served on all of the parties, sometimes mistakes are made or documents get lost in the mail. For this reason, it is a good idea to check the docket or the permanent case file with the court clerk every so often to make sure that:

1. Every document you filed has been entered on the docket;

2. You have received copies of every document that everyone else has filed; and

3. You are aware of every order that the court has issued.

The original copy of every document that is filed with the court is kept in a permanent file at the court clerk's office. Each case has its own file.

The docket is the computer file for each case, maintained by the court, which lists the title of every document filed, the date each document was filed, and the date each document was entered into the docket. It does not contain the text of those documents. To review the text of the documents, you must visit the clerk's office in person and ask to see the case file.

If you need to know specifics about your case – for example, if you have a question about the schedule for a hearing – **a call should be placed to the publicly listed courtroom deputy for each judge.** Calls to the judge, the judge's chambers or office, or to the judge's other staff are strongly discouraged. Neither the judge nor the judge's staff is allowed to give you legal advice, or to talk with you about the merits of your case outside of the courtroom.

### How do I review the case file?

To review the case file for your lawsuit, all you need to do is visit the clerk's office during business hours in the courthouse where your lawsuit is being litigated. For example, if the judge who is assigned to your case is in San Francisco, you must visit the clerk's office in the San Francisco courthouse to view your case file.

Any case file you request will be made available to you at the time you request it, unless someone else is already using the file. There is no need to call ahead to let the court know that you will be coming to look at a case file.

Cases are filed in the clerk's office by case number, so make sure that you bring the case number with you. The case number is stamped on the complaint on the caption page. It will look something like this: C-02-0001 MHP. If the case number begins with "C," it is a civil case. If it begins with "CR," it is a criminal case. The next two digits are the last two digits of the year in which the case was filed; a case number that begins "C-02" is a civil case that was filed in 2002. The next set of numbers is a unique number which identifies a particular case. The initials at the end are the initials of the judge that has been assigned to your case.

If you do not have the case number, you can find it by looking up the names of the parties on the PACER system on any computer with a modem or an Internet connection. You can also find the case number by looking up the names of the parties on a computer system that is available for use in the clerk's office.

In order to view a case file, you must have a valid government-issued picture identification card. Acceptable identification cards include a state driver's license, a California identification card, a U.S. passport, or a federal, state, county or city employee card. Credit cards, car keys, or student identification cards will not be accepted.

Under no circumstances may you take the case file out of the clerk's office. Instead, you must look at the case file while you are in the clerk's office.

If you need to make a copy of a document from the case file, there are copy machines available for your use in the clerk's office for twenty cents per page. Clerk's office personnel will also copy small orders for you, but at fifty cents per page.

In San Francisco or San Jose, you also can have the court's designated copy services do your copying for you. This is often more efficient if you have large amounts of copying to do, but you have to allow additional time for the copying to be completed. In San Francisco, copying orders can be placed through Eddie Juhn by calling 415-317-5556, or by faxing him at 415-487-1031. In San Jose, copying orders can be placed through Pacific Research and Retrieval at 408-295-6800. These services are not available in Oakland.

You can also make arrangements to bring your own personal copy machine to the clerk's office if you call the clerk's office in advance.

After a case is over, the case files are archived at the Federal Records Center in San Bruno, California. To determine if a case has been archived, contact the clerk's office in the location where the case was litigated.

**How do I review the docket?**

There are several ways to obtain docket information:

1. Docket information is available through the PACER system on the internet at http://pacer.cand.uscourts.gov. PACER stands for "Public Access to Court Electronic Records."

2. If you do not have internet access, your computer can also reach a dial-up version of the PACER system by modem at (888) 877-5883 or (415) 522-2144.

3. If you do not have access to a computer, you can use the public computers in the clerk's office in all three courthouses (San Francisco, Oakland, San Jose) to obtain docket information.

PACER contains docket information for the Northern District of California for all civil cases filed since August 1990. Docket information for criminal cases is available for all cases filed since August 1991. Dockets for miscellaneous cases are available for the same date ranges. Docket information for some, but not all, cases filed before those dates is also available.

Dockets are updated every night. The updates are typically, but not always, complete by midnight Pacific Standard Time. Therefore, when you retrieve a PACER docket, you typically get the docket as it stood at the close of the previous business day.

PACER users can search by case number or party name, or for all cases filed within a specified range of dates. The PACER system allows users to:

1. Review the docket online;

2. Print a copy of the docket; and

3. Download docket information for later review.

PACER also has available a U.S. party/case index, which can be used to search for specific parties in federal court cases nationwide. Registered PACER users may find the index at http://pacer.psc.uscourts.gov/uspci.html or by dialing in through a modem at (800) 974-8896.

You must register to become a PACER user before you can use any version of the PACER system. You can register online to become a PACER user at http://pacer.psc.uscourts.gov. You can also call the PACER Service Center at (800) 676-6856 to obtain a PACER registration form by mail. There is no cost for registering.

Once the registration form is received by the PACER Service Center, you will receive a login and password in the mail within about two weeks. Logins and passwords will not be faxed, emailed, or given out over the phone.

Internet access to PACER is billed at seven cents per page of information responding to your query. A page is defined as fifty-four lines of data. There is not an additional per-minute charge.

Dial-up access to PACER via modem is billed at sixty cents per minute of access time. Billing begins after a successful log-in. There is not an additional per-page charge.

For either internet access or dialup access to PACER, you will be billed quarterly by the PACER Service Center.

The public computers in the clerk's office do not use the PACER system, and you do not have to be registered on PACER to use them. There is no charge to look up docket information on those computers. However, if you want to print out docket information, there is a charge of fifty cents per page.

If you cannot afford to pay the PACER access fees, you may file a motion with the court asking to be excused from paying those fees. A court may, for good cause, exempt persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information. Your motion must show that it would be an unreasonable burden for you to pay the fees and that it would promote public access to electronic court docket information if you were permitted to use the PACER system without paying a fee. If the court grants your motion, you must send a copy of the court's order to the PACER Service Center,

P.O. Box 780549, San Antonio, Texas, 78278-0549, so that you will not be billed to use the PACER system. If the court denies your motion, you must pay the PACER fees in order to use the PACER system.

If you have problems with your PACER account, please call the PACER Service Center at (800) 676-6856.

If you have problems with the Northern District of California's PACER operations, please call us at (866) 638-7829. We cannot help with problems about your PACER account.

## *CHAPTER 9 -*
## WHAT IS A CASE MANAGEMENT OR STATUS CONFERENCE, AND HOW DO I PREPARE FOR IT?

### What is a case management conference?

A case management conference is a meeting with the judge at which the judge, with the help of the parties, sets a schedule for the case. The initial case management conference is held early on. For example, at that initial conference, the judge will usually set a schedule for completing discovery (that is, exchanging information that could be used as evidence), a deadline for filing motions, and a trial date. Later case management conferences may be held to review the progress of the case, and change the schedule as necessary.

### What is a status conference?

A status conference can also be called a "subsequent case management conference." Regardless of which term is used, it is just a conference that the judge holds after an initial case management conference has happened, to check on the status of the case. The rule providing for subsequent case management conferences is Civil Local Rule 16-10(c). Some judges hold status or subsequent case management conferences regularly, while other judges schedule them only when there is a particular need. Generally, a subsequent case management conference is a chance for the parties to tell the judge about the progress of their case, and about any problems they have had in preparing for trial or in meeting the original schedule. In addition, there is a pretrial conference held shortly before trial, where the judge and the parties decide the procedures for the upcoming trial.

### When is the initial case management conference?

Under Civil Local Rule 16-2(a), when the complaint is filed, the plaintiff is given a copy of an Order Setting Initial Case Management Conference. The plaintiff must serve that Order on the defendants. The Order sets the date for the initial case management conference, which is usually held around 120 days after the complaint is filed.

### Does every case have a case management conference?

No. Certain types of cases, which are listed in Civil Local Rules 16-4, 16-5, and 16-6, do not have case management conferences.

**What should I do before the initial case management conference?**

There are several things the parties should do to prepare before the initial case management conference. As explained in more detail below, the parties are expected to call each other or meet in person, in a process that is called *meeting and conferring*, and try to agree on a number of issues. These include: making a single proposal for how and when discovery will be done (if a joint proposed discovery plan is required); deciding whether to submit the case to arbitration, mediation, or early neutral evaluation; and preparing the joint case management statement. Among other things, the joint case management statement tells the court the results of your meetings and what positions you have both taken about issues such as discovery and arbitration.

The requirements for case management conferences are explained in detail in Civil Local Rules 16-1 through 16-10, and in Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. You should also check your judge's standing order, which may have additional rules.

**Why do I have to meet and confer?**

The point of meeting with the other side and conferring about issues like scheduling, discovery and resolving the case is to save everyone time, work out what you can before going to court, and to make sure both sides are clear on each other's views. Under Rule 26(f) of the Federal Rules of Civil Procedure, unless the case is in one of the categories listed in Rule 26(a)(1)(E), all parties must meet and confer at least 21 days before the case management conference to:

1. Discuss the nature and basis of their claims;

2. Discuss whether there is a way to resolve the case quickly and informally through a settlement;

3. Arrange for initial disclosure of information by both sides as required by Rule 26(a)(1). This includes exchanging the names and contact information of every person who is likely to have information about the issues, certain documents (described in Rule 26(a)), and various other information described in that section; and

4. Develop a proposed discovery plan.

The meet-and-confer is also referred to as a "Rule 26(f) conference."

**What is the proposed discovery plan?**

The proposed discovery plan is a proposal that the parties make to the court, about how each thinks discovery should be conducted in the case. Federal Rule of Civil Procedure 26(f) requires that the parties submit a joint proposed discovery plan, along with their joint case management conference statement and proposed case management order. This plan must be prepared in collaboration with the lawyers for the other party or parties. The court will review the plan, and discovery will proceed as the judge decides and sets out in the case management order.

The parties must make a good faith effort to agree on a joint proposed discovery plan, which must include each parties' views and proposals about:

1. Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be done in phases or be limited to or focused upon particular issues;

3. Any changes that should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules, and what other limitations should be imposed; and

4. Any other orders that should be entered by the court under Rule 26(c) or Rule 16(b) and (c).

**What is the case management statement?**

Civil Local Rule 16-9 requires the parties to file a joint case management statement and proposed case management order (all in one document) on the form approved by the Court. The clerk's office has both the form, and instructions for preparing a case management statement and proposed case management order. The form and the instructions are provided to the plaintiff at the time the complaint is filed. You can also find the form in Appendix A to the Civil Local Rules.

Under Civil Local Rule 16-9 and Rule 26(f) of the Federal Rules of Civil Procedure, the joint case management statement and proposed case management order must be filed no later than seven (7) days before the case management conference, unless the judge orders otherwise.

This Court's form requires you to describe the results of your discussions with the other side about ADR, or alternative dispute resolution, in the joint case management statement.

The joint case management statement and proposed order should be prepared and filed jointly by all of the parties. However, if preparing a joint statement can't be done because of some special hardship, then the parties may file separate case management statements. Those separate statements must describe the undue hardship that prevented them from preparing a joint statement. Although the court allows parties to file separate case management statements, it is better for the parties to file a joint statement, because it gives the parties more control. If the parties cannot agree on a schedule for the case, the judge may impose his or her own schedule, which may not be the schedule that either party would have wanted.

**What about ADR and arbitration?**

The joint case management statement also must include a section entitled "Alternative Dispute Resolution" or ADR. ADR is a way of saving time and money by working out parties' differences without going through all of the formality of civil litigation and trial. This Court offers different kinds of ADR as an alternative to a formal trial; one of them is arbitration, where the parties argue their positions to a neutral person who is not a judge, but is usually a lawyer. This Court's ADR programs are described in a handbook entitled "Dispute Resolution Procedures in the Northern District of California," which is provided to you when the complaint is filed. You can get more copies of the handbook at the clerk's office, and you can also find the same information on the Court's website at http://www.adr.cand.uscourts.gov.

In some cases, you have to try ADR first. Under ADR Local Rule 4-2, certain types of cases are automatically referred to a court ADR program called "non-binding arbitration." Non-binding arbitration is like a very quick mini-trial, which allows the parties to see how a judge (known as an arbitrator) might decide the case. While the parties do not have to accept the arbitrator's decision, it often helps parties decide to settle their differences. Under Civil Local Rule 16-8 (b), if your case is not referred to non-binding arbitration, you must sign, serve and file an ADR Certification (along with an extra copy for the court's ADR Unit) by the date given in your Order Setting Initial Case Management Conference. The form for the ADR Certification can be found at Appendix C to the Civil Local Rules. By signing the ADR Certification, you are telling the Court that:

1. You have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California" or certain portions of the ADR internet site, at http://www.adr.cands.uscourts.gov, described in Civil Local Rule 16-8(b);

2. You have met with the other side and discussed the available ADR programs provided by the Court and by other ADR providers; and

3. You have personally considered whether your case might benefit from any of these ADR programs.

You must attach to the ADR Certification either a "Stipulation and (Proposed) Order Selecting ADR Process" or a "Notice of Need for ADR Phone Conference" on the form established by the Court. You can find these forms at Appendix C and D to the Civil Local Rules.

**What happens at the initial case management conference?**

At the case management conference, the judge will discuss the case management conference statement with the parties, and may also discuss other issues in the case. The judge is also likely to discuss the form of ADR most appropriate for your case. You must attend the case management conference in person, unless you file a written request to participate in the conference by telephone. Under Civil Local Rule 16-10(a), requests to participate in the case management conference by telephone must be filed and served no later than five (5) days before the conference, or at the time stated in your judge's standing order. Whether you attend the case management conference in person or by telephone, you must be prepared to discuss all aspects of your case with the judge.

**What is the case management order?**

During or after the case management conference, the judge will issue a case management order, which will set a schedule for the rest of the case. Sometimes the judge will sign the proposed case management order submitted by the parties. Sometimes the judge will change that order or write an entirely new order. The case management order signed by the judge will control the schedule for the rest of the case unless it is changed later by the judge.

**What should I do before other conferences with the judge?**

If the judge schedules a subsequent case management conference, Civil Local Rule 16-10(d) requires the parties to file a joint supplemental case management statement at least ten (10) days before the conference. The joint statement must report progress or changes in the case since the last statement was filed, identify any problems with meeting the existing deadlines, and suggest any changes to the schedule for the rest of the case. Your judge's standing order may require other things as well. You should check the judge's standing order. You can find a form for the joint supplemental case management statement and proposed order at Appendix B to the Civil Local Rules. You must attend the subsequent case management conference in person, unless the judge permits you to appear by telephone, and you must come to court prepared to discuss all aspects of the case with the judge.

## *CHAPTER 10 -*
## WHAT INFORMATION DO I HAVE TO GIVE TO THE OTHER PARTIES, EVEN IF THEY DON'T ASK FOR IT?

Before the parties begin the process of discovery, or the formal process of information exchange governed by certain procedural rules, they are required to give each other certain classes of information even if not requested. The information you have to give the other parties, even if they don't ask for it, is called a "disclosure." Rule 26(a) of the Federal Rules of Civil Procedure lists three types of disclosures which you must provide to the other parties at different times during the course of the lawsuit: (1) initial disclosures; (2) expert disclosures; and (3) pretrial disclosures.

### What are initial disclosures?

Initial disclosures are the ones you have to serve early in the case.

**Timing:** Initial disclosures must be served within fourteen days after your Rule 26(f) meet and confer, unless:

1. The parties stipulate to a different time; or

2. The court orders a different time; or

3. A party objects during the conference that initial disclosures are not appropriate under the circumstances of the lawsuit, and states the objection in the Rule 26(f) discovery plan.

Initial disclosures are required in all cases, except for the categories of cases listed in Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure.

**Content:** Unless your case is in one of the categories listed in Rule 26(a)(1)(E), you must serve the following information on the other parties in your lawsuit:

1. The name and, if known, the address and telephone number of each individual likely to have information that you may use to support your claims and defenses, unless that information will be used solely for impeachment. You also must identify the type of information that each individual has. "Information used solely for impeachment" is information that is used only to attack the believability or credibility of a witness, rather than information used to prove your position directly.

2. A copy, or a description by category and location, of all documents or other things that you have in your possession or control that you may use to support your claims or defenses, unless they will be used solely for impeachment.

3. A calculation of any category of damages you claim to have suffered. You also must make available to the other parties, for inspection and copying, all documents and other things that support your calculation, including documents and other things showing the nature and extent of your injuries. You do not, however, have to disclose documents and other things that are privileged or otherwise protected from disclosure.

4. You also must make available to the other parties, for inspection and copying,

any insurance agreement which may apply to any award of damages in the lawsuit.

**Form:** Under Rule 26(a)(4) and 26(g) of the Federal Rules of Civil Procedure, these initial disclosures must be made in writing, and must be served on all of the other parties to the lawsuit. They must be signed by you, and must include your address. By signing the disclosure, you are certifying to the court that the disclosure is complete and correct as of the time it is made, to the best of your knowledge.

**Additional requirements:** Your initial disclosures must be based on the information that is reasonably available to you. You must serve your initial disclosures even if:

1. You have not fully completed your investigation of the case; or

2. You think another party's initial disclosures are inadequate; or

3. Another party has not made any initial disclosures.

Rule 26(e)(1) of the Federal Rules of Civil Procedure imposes on you a duty to supplement your initial disclosures if you learn that the information you disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**What are expert disclosures?**

In an expert disclosure, you reveal to the other parties the identity of any expert witness you may use at trial. Expert disclosures are required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. An expert witness is a person who has scientific, technical, or other specialized knowledge that can help the court or the jury understand the evidence.

If you hired or specially employed the expert witness to give testimony in your case, or if the expert witness is your employee and regularly gives expert testimony as part of his or her job, this disclosure also must be accompanied by a written report prepared by and signed by the expert witness, unless the court orders otherwise, or the parties stipulate otherwise. This written report is usually referred to as an "expert report."

**Timing:** Expert disclosures must be made by the time ordered by the court. If the court does not set a time for expert disclosures and the parties do not stipulate to a date for expert disclosures, the disclosures must be made at least ninety days before the trial date. If your expert disclosures are intended solely to contradict or rebut another party's previously disclosed expert disclosures, your disclosures must be made no later than thirty days after the disclosure made by the other party.

**Content:** Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, the expert report must contain:

1. A complete statement of all opinions the expert witness intends to give at trial, and the basis and reasons for those opinions;

2. The data or other information considered by the expert witness in forming those opinions;

3. Any exhibits to be used as a summary of, or support for, the opinions;

4. The qualifications of the expert witness, including a list of all publications authored by the witness within the preceding ten years;

5. The compensation to be paid for the study and testimony of the expert witness; and

6. A list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**Form:** Under Rules 26(a)(4) and 26(g) of the Federal Rules of Civil Procedure, these expert disclosures must be made in writing and must be served on all of the other parties to the lawsuit. They must be signed by you and the expert witness, and include your address. By signing the disclosure, you are certifying to the court that the disclosure is complete and correct as of the time it is made, to the best of your knowledge.

**Additional requirements:** Rule 26(e)(1) of the Federal Rules of Civil Procedure imposes on you a duty to supplement your expert disclosures if you learn that the information you disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. If your expert is required to prepare an expert report under Rule 26(a)(2)(B), this duty extends to supplementing both the expert report and any information provided by the expert during a deposition. Any supplement to your expert disclosures must be served no later than the time your pretrial disclosures under Rule 26(a)(3) are due.

**What are pretrial disclosures?**

In a pretrial disclosure each party files with the court and serves on the other parties certain kinds of information about evidence it may present at trial. Evidence that will be used solely for impeachment is not included. The requirements for pretrial disclosures are governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

**Timing:** These pretrial disclosures must be made at least thirty days before trial, unless otherwise ordered by the court.

**Content**: The following information about evidence you may use at trial should be included in your pretrial disclosures:

1. The name and, if not previously provided, the address and telephone number of each witness. You must identify separately the witnesses you intend to present at trial and those whom you may present at trial if the need arises.

2. The identity of those witnesses whose testimony you expect to present at trial by means of a deposition, rather than by having the witness testify in person. You must also serve a transcript of the relevant portions of the deposition testimony.

3. An appropriate identification of each document or other exhibit, including summaries of other evidence, that you may use at trial. You must identify separately the exhibits you intend to use at trial and those which you may use if the need arises.

**Form:** Under Rule 26(a)(4) and 26(g) of the Federal Rules of Civil Procedure, these pretrial disclosures must be made in writing and must be served on all of the other parties to the lawsuit. They must be signed by you, and include your address. By signing the disclosure, you are certifying to the court that the disclosure is complete and correct as of the time it is made, to the best of your knowledge.

## *CHAPTER 11 -*
## WHAT IS DISCOVERY?

"Discovery" is the process by which parties exchange information about the issues in their case before trial. Several different ways to ask for and get this information are described below. These include depositions, interrogatories, requests for document production, requests for admission, and physical or mental examinations. Each of these methods is explained in more detail in this chapter.

"Depositions" are question-and-answer sessions held before trial, in which one party to a lawsuit asks another person questions about the issues raised in the lawsuit.

"Interrogatories" are written questions served on another party to the lawsuit, which must be answered under oath.

In a "request for document production," you write out descriptions of documents you think another party has that would provide information about the issues in the lawsuit, and ask them to provide you with copies of any of their documents that satisfy your descriptions.

In a "request for admissions," you write out statements of fact you believe are true, and ask the other party to admit that those statements are true or to admit the application of any law to any fact.

A mental examination is an examination by an expert of another person's mental condition.

A physical examination would usually be an examination of a person's physical condition.

You may use the different methods of discovery in any order or at the same time. The fact that the other party asks you for information does not affect your right to ask for information from them, or mean that you have to wait to make your requests.

**Are there any limits to discovery?**

Under Rule 26(b) of the Federal Rules of Civil Procedure, any party may ask for another party to disclose any non-privileged matter that is relevant to the claim or defense of any party to the lawsuit. In other words, you may get (and, if asked, you must provide) any material that is reasonably likely to lead to the discovery of admissible evidence. The court can limit the use of any discovery method, however, if it finds that:

1. The discovery sought unreasonably seeks information that has already been provided, or that is already available from some other source which is more convenient, less burdensome, or less expensive; <u>or</u>

2. The party seeking discovery has already had enough chances to get the information sought; <u>or</u>

3. The burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount of money the parties are fighting over, the parties' resources, the importance of the issues in the litigation, and the importance of the proposed discovery in resolving the issues.

Sometimes you might request information from the other side and get an answer back that you have asked for privileged information, or information you cannot have because it is protected by various confidentiality agreements. In addition, there are some limits to how many requests you can make. These limits are discussed in the more detailed explanation of each

method of discovery.

**When can discovery begin?**

If your case is in one of the categories of cases listed in Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure, Civil Local Rule 16-7 states that discovery cannot begin until the judge sends out a case management order setting deadlines for discovery.

In all other cases, Rule 26(d) of the Federal Rules of Civil Procedure states that discovery cannot begin until the parties have had their Rule 26(f) meet and confer, unless:

1. Earlier discovery is allowed by another part of the Federal Rules of Civil Procedure; or

2. A court issues an order that lets you take earlier discovery; or

3. All parties agree that discovery can be taken earlier.

As noted above, all parties can conduct discovery at the same time.

**DEPOSITIONS**

**How does a deposition work?**

A deposition is a question-and-answer session before trial. One party to a lawsuit asks another person, who is under oath, questions about the issues raised in the lawsuit. Rule 30 of the Federal Rules of Civil Procedure explains the procedures for taking a deposition.

When you get to ask someone questions about his or her knowledge of the case in a deposition, that process of questioning is called deposing the person, or taking a deposition. The person who answers the questions in a deposition is referred to as the deponent. The deponent answers all questions under oath, which means that he or she swears that all of the answers are true. The deponent can be any person who may have information about the lawsuit, including eye witnesses, expert witnesses, or another party to the lawsuit.

The questions and answers in a deposition must be recorded. The party taking the deposition, the one asking the questions and seeking information, may choose the method for recording the deposition. The deposition can be recorded in a written record, or videotaped. The written record of a deposition is called the transcript of the deposition, and the person who records what everyone says is usually referred to as a court reporter or a court stenographer. Rule 30(b) of the Federal Rules of Civil Procedure explains the ways the deposition can be recorded, the role of a court officer in recording the deposition, and other important details.

The person taking the deposition must pay the cost of recording the deposition.

**Do I need the court's permission to take a deposition?**

You usually do not need the court's permission to take a deposition. However, under Rule 30(a) of the Federal Rules of Civil Procedure, you do need the court's permission to take a deposition in any of the four following situations:

1. The deponent is in prison.

2. Your side of the lawsuit has already taken ten other depositions, and the other parties have not stipulated in writing that you can take more depositions. Rule 30(a) allows all of the plaintiffs, or all of the defendants, to take no more than ten depositions without the court's permission. For example, if you are one of two plaintiffs, and the other plaintiff has taken nine depositions and you have taken one deposition, neither you nor the other plaintiff can take any more depositions without the court's permission.

3. The deponent has already been deposed in the same case, and the other parties have not stipulated in writing that the deponent can be deposed again.

4. You want to take a deposition before the parties' "meet and confer" (a meeting that is required under Rule 26(f)), and the other parties will not agree in writing to let you take the early deposition. <u>However</u>, this exception has its own exception; you may not need to get court permission for an early deposition if your notice of deposition contains a certification, with supporting facts, that the deponent is expected to leave the United States and therefore will be unavailable for deposition in this country after the Rule 26(f) meet and confer occurs.

**How do I arrange for a deposition?**

Under Civil Local Rule30-1, the first thing you must do is consult with opposing counsel to choose a convenient time for the deposition. The convenience of the lawyers, the parties, and the witnesses must be taken into account, if possible.

Once you have picked a convenient time for the deposition, you must also give written notice of the deposition to the deponent, and to all of the other parties in your lawsuit, a reasonable amount of time before the deposition. This document is referred to as the *notice of deposition*. You must serve the notice of deposition on the deponent and all of the parties' counsel, even if you have already discussed the deposition with them. The notice of deposition may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail. You should not file the notice of deposition with the court.

**What do I say in a notice of deposition?**

Under Rules 30(b) and 26(g)(2) of the Federal Rules of Civil Procedure, the notice of deposition must include:

1. The time and place where the deposition will be held.

2. The name and address of the deponent, if known. If you don't know the name of the deponent, you must describe the person well enough that the other side can identify the person you wish to depose (for example, you may not know a witness's name, but know that he was "the store manager who was on duty that evening after 6:00 p.m."). If you do not know which person at a business or government agency has the information that you need, Rule 30(b)(6) of the Federal Rules of Civil Procedure allows you to name the business or government agency as the deponent, and describe the subjects you want to discuss at the deposition. The business or government agency then must tell you the persons who will testify on its behalf, and the subjects on which each person will testify.

3. The method by which the deposition will be recorded.

4. Your address and signature. By signing the notice of deposition, you are certifying to the court that:

a. The deposition you are requesting is either allowed by the Federal Rules of Civil Procedure and existing law, or you have a good faith argument for extending, modifying, or reversing existing law to allow that deposition; <u>and</u>

b. You are not serving the notice of deposition for any improper purpose, such as to harass anyone or to cause unnecessary delay or to needlessly increase the cost of the litigation; <u>and</u>

c. Taking this deposition is not unreasonable or unduly burdensome or expensive, in light of the needs of the case, the discovery that has already been taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

In addition, as noted in an earlier discussion, in some unusual circumstances your notice of deposition also has to explain why you don't think you need a court order to take an early deposition of the particular person.

**When do I need to get a subpoena for a deposition?**

You do not need a subpoena to depose a party; you can just go through the procedure to file a notice of deposition described above. If the deponent is not a party to the lawsuit, a so-called "non-party deponent" or a "non-party witness," you must also serve the deponent with a subpoena. A subpoena is a document issued by the court which requires a person to appear for a court proceeding at a specific time and place. Rule 45 of the Federal Rules of Civil Procedure discusses the requirements for subpoenas.

You can get a blank subpoena from the clerk's office for any deposition that will take place in the Northern District of California. If the deposition is going to be taken outside the Northern District of California, however, you must get the subpoena from a different court. In that case, you should contact the court in the district where the deposition is going to take place. A subpoena may be served (that is, hand-delivered) on the deponent by any person who is not a party and who is at least 18 years old. A subpoena must be hand-delivered to the deponent, along with the fees and mileage allowance required by law. Under 28 U.S.C. § 1821, a non-party deponent must be paid $40 per day for deposition testimony.

If the non-party deponent travels to the deposition by mass transit, such as by bus or by train, you also must pay the deponent's actual travel expenses, as long as he or she takes the shortest practical route and travels at the most economical rate reasonably available. You do not have to pay the travel expenses until the deponent provides you with a receipt or other evidence of the actual travel cost.

If the non-party deponent does not travel to the deposition by bus, train, or other common carrier, then you must pay a mileage fee. The mileage fee is set in 28 U.S.C. § 1821 and 41 C.F.R. § 301-10.303 at 36.5 cents per mile, plus any toll charges and parking fees.

**What does it mean if the deponent files a motion to quash the subpoena?**

After being served with a subpoena, a person can ask that the court *quash the subpoena*. Quashing basically means that the court decides that the person doesn't have to obey the subpoena. Therefore, if the court quashes the subpoena, the deponent does not have to appear for the deposition at the time and place listed on the subpoena.

Under Rule 45(c)(1) of the Federal Rules of Civil Procedure, you are required to take reasonable steps to avoid imposing an undue burden or expense on any person that you subpoena for a deposition. If the deponent thinks there is something improper in your subpoena, he can try to get the court to quash it for that reason. In addition, under Rule 45(c)(3)(A)(ii), if your deposition subpoena requires a non-party deponent to travel more than 100 miles from his or her home or work address, and the deponent objects, the court must quash the subpoena. Therefore, it is a good idea to take the deposition at a location within 100 miles of the non-party deponent's home or business address.

**Can I ask a deponent to bring documents to a deposition?**

If the deponent is a party to the lawsuit, Rule 30(b)(5) of the Federal Rules of Civil Procedure lets you serve a request for document production along with the notice of deposition. Rule 34 of the Federal Rules of Civil Procedure states the rules for requests for document production. Those rules are discussed in a separate section below, entitled "Requests for Document Production."

**What is a subpoena duces tecum and why would I need one?**

A "subpoena duces tecum" is a court order requiring someone to give another person copies of papers, books, or other things that the court orders. It is a discovery tool you can use with a deposition, or by itself. If the deponent is not a party to the lawsuit, you must serve the deponent with a subpoena duces tecum if you want the deponent to bring documents to the deposition.

Under Rule 30(b)(1), the documents you want the deponent to bring to the deposition must be listed in both the notice of deposition and the subpoena duces tecum. Rule 45 of the Federal Rules of Civil Procedure discusses the requirements for a subpoena duces tecum, and those requirements are discussed in a separate section below, entitled "Requests for Document Production."

**How long can a deposition last?**

Under Rule 30(d)(2) of the Federal Rules of Civil Procedure, a deposition may last no longer than seven hours. If a party thinks the deposition should go more than seven hours, they must either get all parties to agree, or get authorization from the court.

**Does the deponent have to answer all questions?**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, you may ask questions about any non-privileged matter that is relevant to the claim or defense of any party. A question is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence.

Under Rule 30(c), the deponent is entitled to state any legal objections he or she has to any question. There are specific types of objections that are proper. You may, for example, object to the form of a question (that is, the question is vague, the question is really several questions all together, the question is argumentative), or you may object that the question asks for information that you are not obliged by law to give. In most cases, the deponent still must answer the question. Under Rule 30(d)(1), the deponent may refuse to answer a question only in the following three situations:

1. When answering would violate a confidentiality privilege, such as the attorney-client or doctor-patient privilege; or

2. When the court has already ordered that the question does not have to be answered; or

3. To let you present a motion to the court under Rule 30(b)(4). Rule 30(b)(4) allows a deponent or a party to present a motion to the court arguing that the deposition should be stopped, that certain questions should not be answered, or that some other limitation should be placed on the way in which the deposition is being taken. The deponent or the party making the motion must show that the deposition is being conducted in bad faith or in an unreasonable manner to annoy, embarrass, or oppress the deponent or party.

**Who is allowed to ask the deponent questions?**

Under Rule 30(c) of the Federal Rules of Civil Procedure, any party may ask questions at the deposition. Usually, the party who noticed the deposition asks all of their questions first. Then any other party may ask questions, including the attorney for the person being deposed.

**Can the deponent change his or her deposition testimony after the deposition?**

Under Rule 30(e) of the Federal Rules of Civil Procedure, once the court reporter notifies the deponent that the deposition transcript is completed, the deponent then has 30 days to review the deposition transcript and to make changes. To make changes to the deposition, the deponent must sign a statement listing the changes and the reasons for making them. The original transcript is not actually changed, but the court reporter must attach the list of changes to the official deposition transcript. That way the court can see where any changes are being made.

## INTERROGATORIES

**What are interrogatories?**

Interrogatories are written questions sent by one party to any other party to the lawsuit, and these questions must be answered under oath. Unlike depositions, which can be taken of any person with knowledge about a case, interrogatories can only be served on parties. Rule 33 of the Federal Rules of Civil Procedure states the rules for serving interrogatories. Interrogatories may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail.

**Do I need the court's permission to serve interrogatories?**

Under Rule 33(a) of the Federal Rules of Civil Procedure, you do not need the court's permission to serve interrogatories unless you have already served 25 or more interrogatories on the same party.

If you want to serve more than 25 interrogatories on a party, you must file a motion with the court asking for the Court's permission. Civil Local Rule33-3 requires that any motion to serve additional interrogatories must be filed with a memorandum which lists each additional interrogatory that you want to serve and explains in detail why you need to ask each additional question.

**How many interrogatories can I serve?**

As noted, under Rule 33(a), you can serve only 25 interrogatories on each party unless you get permission from the court to serve more. Note that you can serve different interrogatories on different parties. Thus, for example, if there are three defendants, the plaintiff can serve up to 25 interrogatories on each of the three defendants without permission of the court or the other parties.

Parties cannot get around the 25 interrogatory limit by putting several questions all together. Each question is one interrogatory. If your questions have separate subparts, then each subpart is counted as a separate interrogatory.

**What kinds of questions can I ask?**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, you may ask questions about any non-privileged matter that is relevant to the claim or defense of any party. A question is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence.

**Are there any requirements for the form of interrogatories?**

Usually, parties write out each interrogatory with a separate number.

Under Rule 26(g)(2) of the Federal Rules of Civil Procedure, you must sign the interrogatories and state your address. By signing the interrogatories, you are certifying to the court that:

1. The questions seek information that is allowed by the Federal Rules of Civil Procedure and existing law, or you have a good faith argument for extending, modifying, or reversing existing law to allow you to get this information; and

2. You are not serving the interrogatories for any improper purpose, such as to harass anyone or to cause unnecessary delay or to needlessly increase the cost of the litigation; and

3. The interrogatories are not unreasonable or unduly burdensome or expensive, in light of the needs of the case, the discovery that has already been taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

**How do I answer interrogatories served on me?**

The party answering interrogatories must respond to interrogatories within 30 days. A responding party can either answer the question or object to the question, or both. If a party needs more than 30 days to respond, it can ask the other party to agree to give him or her more than the 30 days provided for under Rule 33(b) of the Federal Rules of Civil Procedure. Often parties will agree to a reasonable extension of time. If the party that served the interrogatories will not agree to give the answering party more time, then the party needs to file a motion with the court requesting additional time. Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to. Any objections also must be stated in writing, and must include the reasons for the objection. If you object to only part of a question, you must answer the rest of the question.

Under Civil Local Rule 33-1, answers and objections to interrogatories must set forth each question in full before each answer or objection.

Rule 33(a) of the Federal Rules of Civil Procedure requires a party who is served with interrogatories to answer them with all information that the party has available. "Available" means more than simply information that a party remembers without doing research. Under Rule 33(d), if the answer to an interrogatory can be found in your business records or some other place that is available to you, then you must look for the answer. If the burden of finding the answer in those records would be about the same for you or for the party who served the interrogatories, you may answer the interrogatory by simply telling the other side the records in which the answer can be found, and then allowing that party to look through those records. You must identify the records in sufficient detail to permit the party who served the interrogatories to locate and to identify the records in which the answer can be found. You must also give the party who served the interrogatories a reasonable opportunity to review and copy those records. Discovery depends upon people giving complete answers to questions. So, it is not appropriate to answer "I don't know" to an interrogatory, if the information you need to answer the question is available to you.

If a party responds to interrogatories with any objections, the lawyer making the legal objections must sign the response with the objections. If the responding party does not have a lawyer, the party should sign. If a party responds to interrogatories with the substantive answer, the party must sign the answers whether or not the party has a lawyer.

**Duty to supplement answers to interrogatories**

If you have already answered an interrogatory question, but later you learn something that changes your answer, you must let the other side know by supplementing your original answer. Rule 26(e)(2) of the Federal Rules of Civil Procedure imposes a duty on all parties to supplement their answers to interrogatories if he or she learns that the response is incomplete or incorrect.

## REQUESTS FOR DOCUMENT PRODUCTION

In a request for document production, you write out descriptions of documents you think another person has. These should be documents that you reasonably believe would have information in them about the issues in the lawsuit. You then ask that person to provide you with copies of any of their documents that satisfy your descriptions. Document requests can be served on any other person, not just parties to the lawsuit. Different types of requests must be used, however, depending upon whether you are trying to get documents from a party or from another person.

### How do I get documents from the other parties?

If the person who has the documents you want is a party to the lawsuit, you must follow Rules 34(a) and (b) of the Federal Rules of Civil Procedure. Under Rule 34(a), any party can serve on another party:

1. A request for production of documents, seeking to inspect and copy any documents which are in that party's possession, custody, or control; or

2. A request for production of tangible things (i.e., physical things that are not documents), seeking to inspect and copy, test, or sample any thing which is in that party's possession, custody, or control; or

3. A request for inspection of property, seeking entry onto property controlled or possessed by that party for the purposes of inspecting and measuring, surveying, photographing, testing, or sampling the property or any object on that property.

The request must list the items that you want to inspect and describe each one in enough detail that it is reasonably easy for the party to figure out what you want. The request also must specify a reasonable time, place, and manner for making the inspection and performing any related acts such as photocopying the materials.

#### Form

Ordinarily, you should number each request for documents separately. Under Rule 26(g)(2) of the Federal Rules of Civil Procedure, you must sign the requests for document production and state your address. By signing the requests for document production, you are certifying to the court that:

1. They are either permitted by the Federal Rules of Civil Procedure and existing law, or you have a good faith argument for extending, modifying, or reversing existing law to allow you to request these documents; and

2. You are not serving them for any improper purpose, such as to harass anyone or to cause unnecessary delay or needless increase in the cost of the

litigation; and

3. The requests for document production are not unreasonable or unduly burdensome or expensive, in light of the needs of the case, the discovery that has already been taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

A request for document production from a party to the lawsuit may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail.

**How do I answer a request for document production served on me?**

The party who has been served with the request must a written response within 30 days after the request is served, unless the court or a written stipulation of the parties has set a shorter or longer time for responding.

Civil Local Rule 34-1 provides that you must write out each request for documents in your response to a request for production or inspection under Rule 34(a). Therefore, you must write out each request in full before your response or objection to that request.

The response must state, with respect to each item requested, that you will allow the inspection and related activities that were requested, unless you make an objection to the request. If there is an objection, you must state the reasons for the objection. If you object to only part of the request, you must state your objection to that part and permit inspection of the rest.

A party who produces documents for inspection must either:

1. Produce the documents as they are kept in the usual course of business, or

2. Organize and label the documents to correspond with the categories in the request.

If, after you have responded to a document request, you discover more documents (or create more documents) that respond to the request, you need to provide those documents as well. Rule 26(e)(2) of the Federal Rules of Civil Procedure requires parties to supplement their responses to a request for document production if they learn that the response is incomplete or incorrect.

**How do I get documents from persons who are not parties?**

If the person that you want to give you documents is not a party to the lawsuit, you need to follow Rules 34(c) and 45 of the Federal Rules of Civil Procedure. Under Rule 34(c), you can ask the court to compel a person who is not a party to the lawsuit to produce documents and things, or to submit to an inspection, according to the procedures stated in Rule 45. Rule 45 sets out the rules for issuing, serving, protesting and responding to subpoenas, including subpoenas duces tecum. As discussed above, a subpoena duces tecum is a document issued by the court which requires a person to produce documents or submit to an inspection at a specific time and place.

**Form**

The same form is used for subpoenas duces tecum and for deposition subpoenas. If you want a non-party to produce documents at their deposition, you only need to fill out one subpoena form directing that person to appear at the deposition and to bring certain documents with them. You may also serve a deposition subpoena and a subpoena duces tecum separately, so that the person will appear for a deposition at a certain time and produce documents at a different time. You may also choose to serve only a deposition subpoena, or only a subpoena duces tecum, depending on what information you need for your lawsuit.

You can get a blank subpoena from the clerk's office for any production of documents or inspection that will occur in the Northern District of California. If the document or thing is outside the Northern District of California, however, you will need to get the subpoena from the court in the district where the document production or inspection will take place.

**Is there anything else to keep in mind about subpoenas duces tecum?**

Under Rule 45(b)(1) of the Federal Rules of Civil Procedure, a subpoena duces tecum may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail.

Under Rule 45(c)(1) of the Federal Rules of Civil Procedure, you must take reasonable steps to avoid imposing an undue burden or expense on the person receiving the subpoena duces tecum.

**What kind of a response can I expect if I serve a subpoena duces tecum?**

Under Rule 45(c)(2)(A), a person who has received a subpoena duces tecum does not have to appear in person at the time and place for the production of documents or inspection, unless he or she also has been subpoenaed to appear for a deposition, hearing or trial at the same time and place. He can, for example, simply send documents instead of having you show up to inspect them.

Under Rule 45(c)(2)(B), a person who has been served with a subpoena duces tecum has 14 days to serve any written objections to inspection or copying. The time is shorter if the time

for production or inspection is less than 14 days after service. The party who served the subpoena must then get a court order before he or she can inspect or copy any of the materials to which an objection has been made.

Under Rule 45(d)(1), a person who is producing documents that have been subpoenaed must either:

1. Produce the documents as they are kept in the usual course of business, or

2. Organize and label them to match the categories of documents asked for in the subpoena.

**REQUESTS FOR ADMISSION**

What is a request for admission?

In a request for admissions, you write out statements of fact you believe are true, and ask the other party to admit that those statements are true. Or you write out the application of any law to any fact, and ask the other party to admit that they agree. Requests for admission can only be used on other parties to the suit. If the other party admits to anything you requested under this procedure, the court will treat that fact as having been proven.

**Form**

Rule 36 of the Federal Rules of Civil Procedure establishes the requirements for requests for admission.

Requests for admission may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail.

Each request for admission must be stated separately, and should be numbered in order. Under Rule 26(g)(2) of the Federal Rules of Civil Procedure, you must sign the requests for admission and state your address. By signing the requests for admission, you are certifying to the court that:

a. They are permitted by the Federal Rules of Civil Procedure and existing law, or you have a good faith argument for extending, modifying, or reversing existing law to allow the requests to be made; and

b. You are not serving them for any improper purpose, such as to harass anyone or to cause unnecessary delay or needless increase in the cost of the litigation; and

c. The requests for admission are not unreasonable or unduly burdensome or expensive, in light of the needs of the case, the discovery that has already been taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

**How many requests for admission can I serve?**

There is no limit to the number of requests for admission that you may serve, as long as they are not unreasonable, unduly burdensome, or expensive.

**What kind of a response can I expect to my requests for admission?**

Civil Local Rule 36-1 provides that responses to requests for admission must state each request in full before each response or objection. If a party objections to a request for admission, he or she must state the reasons for the objection. Responses to requests for admission must be signed by the party or by the party's attorney.

**What happens if I do not respond to a request for admission in time?**

The party who receives a request for admission has 30 days to respond under Rule 36(a) of the Federal Rules of Civil Procedure. That time can be increased or decreased by agreement of the parties or if the court orders a different time for responding. If no response is served within 30 days (or the time otherwise set by the court or by agreement), all of the requests for admission are automatically considered to be admitted.

**How do I respond to a request for admissions served on me?**

An answer to a request for admission must either admit or deny the request, or explain in detail the reasons why the answering party cannot truthfully admit or deny it. If you can't either simply admit or deny a particular request, then you must admit the part that is true and either deny (or explain why you can't admit) the rest. In some cases you may not know the answer, and in those cases you may answer that you do not have enough information to admit or deny the requested information. But you may not respond that you do not have the information or knowledge to admit or deny the request, unless you also state that you have made a reasonable search for the information and that you still do not have enough information to admit or deny the request.

Any matter that is admitted is treated as if it has been proved for the purpose of rest of the lawsuit, unless the court allows the answering party to withdraw or change the admission. An admission is only for the purposes of the litigation, and is not an admission for any other purpose. An admission in one lawsuit cannot be used against that party in any other proceeding.

### What if I don't want to admit to the truth of a request for admission?

Under Rule 37(c)(2) of the Federal Rules of Civil Procedure, if a party fails to admit a fact in a request for admission and the other party later proves that the fact is true, the requesting party may file a motion requesting the court to order the answering party to pay the reasonable expenses incurred in making that proof, including attorneys' fees. The court *must* grant the motion unless it finds that:

1. The request was objectionable under Rule 36(a);

2. The admissions were not important;

3. The party who did not admit the matter had reasonable ground to believe that it might prevail on that matter; or

4. There was other good reason for the failure to admit.

### Duty to supplement responses

After a party has responded to a request for admission, that party is under an on-going duty to correct any omission or mistake in that response. If a party later obtains information that changes their response, Rule 26(e)(2) of the Federal Rules of Civil Procedure requires them to supplement that earlier response if it is incomplete or incorrect.

## PHYSICAL AND MENTAL EXAMINATIONS

When the mental or physical condition of a party (or a person under the custody or legal control of a party) is at issue in a lawsuit, Rule 35 of the Federal Rules of Civil Procedure allows the court to order that person to submit to a physical or mental examination. The examination must be done by a suitably licensed or certified examiner, such as a physician or psychiatrist. The party who requested the examination must pay for it.

### Is a court order required for a mental or physical examination?

Yes, unless the other party agrees to the examination without an order.

Unlike other discovery procedures, mental or physical examinations can be obtained only by filing a motion with the court, or by agreement of the parties. If a motion is filed, all of the ordinary rules for filing motions apply. The motion must:

1. Explain why there is a need for the examination;

2. Specify the time, place, manner, conditions, and scope of the proposed examination; and

3. Identify the person or persons who will conduct the examination.

**What happens to the results of the examination?**

If the court orders a mental or physical examination, the party or other person who is to be examined has the right to request a detailed written report from the examiner explaining the examiner's findings, including the results of all tests made, diagnoses and conclusions, together with similar reports of all earlier examinations of the same condition.

Because a medical or physical examination may raise new issues that the parties did not think of earlier, a party that has obtained an examination may also ask for related information. After the party who asked for the examination delivers reports to the party that opposed the examination, he or she may ask for any similar report of any examination that party has about the same condition. If the person who was examined is not the party, the party need not produce any report that the party shows it is unable to obtain.

If an examiner does not produce a report, the court can exclude the examiner's testimony at trial.

These requirements for examiners' reports also apply to mental or physical examinations that are agreed to by the parties, unless their agreement specifically states otherwise.

## *CHAPTER 12 -*
## WHAT CAN I DO IF THERE ARE PROBLEMS WITH DISCLOSURES OR DISCOVERY?

It is not uncommon for the parties to have disagreements about disclosures or discovery. There are several ways to get help from the court when these disputes arise.

### What is the first step?

First, you need to try to resolve the dispute on your own. Under Civil Local Rule 37-1(a), the court will not hear any motions about disclosures or discovery unless the parties or their counsel have previously tried to resolve all issues on their own.

### What if the parties can't resolve the problem, and discovery is still due?

If you receive a discovery request and believe the discovery sought is inappropriate or too burdensome, or you need more time to respond, you may file a motion for a protective order. A protective order is a court order limiting discovery or requiring discovery to proceed in a certain way. The Federal Rules of Civil Procedure provide for protective orders in Rule 26(c).

A motion for a protective order must be filed in either the court where the lawsuit is being heard or, if the motion involves a deposition, in the federal district court in the district where the deposition is to be taken.

A motion for a protective order must include:

1. A certification that you have tried to confer in good faith with the other parties to resolve the dispute without help from the court, or that you met together but were still unable to resolve it;

2. An explanation of the dispute and what you want the court to do; and

3. An explanation of the facts and/or law that make it appropriate for the court to grant your motion.

### What if the parties are stuck on a problem in the middle of a discovery event?

A "discovery event" is any activity or proceeding where you meet with the other side and expect to exchange discovery information, for example, a deposition or inspection. If a dispute arises at such a time, and you believe that it would save a lot of time or expense if the dispute were resolved immediately, Civil Local Rule 37-1(b) permits you to call the chambers of the judge who is assigned to your case to request that he or she address the problem through a telephone conference with the parties.

Before calling the judge, you must discuss the issues with the other parties and attempt to resolve the problems on your own. You may call the judge's chambers only if your negotiations with the other parties do not resolve the problem.

The judge is not required to hold a telephone conference. He or she may be busy with other cases when you call, or may decide that the issue is not urgent and should be addressed in a written motion.

**What do I do if they don't respond, or if the response is inadequate?**

When a dispute arises over disclosures, or over a response or a failure to respond to a discovery request, there are two types of motions that may be appropriate: a motion to compel or a motion for sanctions. Before filing either type of motion, you must confer with the party or person you think is refusing to cooperate and try to resolve the dispute on your own.

**What is a motion to compel?**

A motion to compel is a motion asking the court to order a person to make disclosures or to respond to a discovery request, or to provide more detailed disclosures or a more detailed response to a discovery request. Rule 37 of the Federal Rules of Civil Procedure and Civil Local Rule 37-2 address the requirements for motions to compel.

**How do I file a motion to compel?**

Under Rule 37(a)(1), a motion to compel a **party** to make disclosures or to respond to discovery must be filed in the court where the lawsuit is pending. A motion to compel a **non-party** to respond to discovery must be filed in the court in the district where the discovery is being taken.

**Content:** A motion to compel must include:

1. A certification that you have conferred in good faith, or tried to confer in good faith, with the other parties to resolve the dispute without help from the court;

2. An explanation of the dispute, and what you want the court to do;

3. If the dispute involves discovery, you must include the complete text of each disputed discovery request immediately followed by the complete text of the objections or disputed responses to that request; and

4. An explanation of the facts and/or law that make it appropriate for the court to grant your motion.

**Paying for the motion to compel:** If the court grants a motion to compel, or if the requested disclosure or discovery was provided after the motion to compel was filed, the court must require the person against whom the motion was filed, or that person's lawyer, or both, to pay the reasonable expenses involved in making the motion, including attorney's fees, unless the court finds that:

1. The motion was filed without first making a good faith effort to obtain the

disclosure or discovery without court action; or

2. The opposing party's nondisclosure, failure or objection was substantially justified; or

3. Other circumstances make an award of expenses unjust.

A party who does not have a lawyer may not receive an award of attorneys' fees.

**What is a motion for sanctions?**

A motion for sanctions asks the court to punish a person for failing to make required disclosures, refusing to respond to a discovery request, or refusing to obey a court order to respond to a discovery request. Rule 37(b) through (g) of the Federal Rules of Civil Procedure and Civil Local Rule 37-3 address the requirements for motions for discovery sanctions.

**Under what circumstances can I ask for discovery sanctions?**

A motion for discovery sanctions may be brought only if a person:

1. Fails to provide required disclosures; or

2. Fails to obey a court order to respond to a discovery request; or

3. Fails to appear for a deposition that has been properly noticed; or

4. Fails to answer interrogatories that have been properly served; or

5. Fails to respond to a request for document production or inspection that has been properly served.

A motion for discovery sanctions must be filed as a separate motion, and not as part of another motion. It must be filed on the normal thirty-five day hearing schedule, and must be made as soon as possible after you learn about the circumstances that made the motion appropriate. Unless otherwise ordered by the court, a motion for sanctions may not be filed more than fourteen days after entry of judgment.

**Content:** A motion for sanctions must include the following:

1. If the motion involves a failure to respond to interrogatories or request for document production or inspection, it must include a certification that you have conferred in good faith, or tried to confer in good faith, with the other parties to resolve the dispute without help from the court;

2. An explanation of the dispute, and what you want the court to do;

3. An explanation of the facts and/or law that make it appropriate for the court to grant your motion;

4. Competent declarations which explain the facts and circumstances that support

the motion;

5. Competent declarations which describe in detail the efforts you made to secure compliance without intervention by the court; and

6. If attorneys' fees or other costs or expenses are requested, competent declarations itemizing in detail the otherwise unnecessary expenses, including attorneys' fees, directly caused by the alleged violation or breach, and an appropriate justification for any attorney-fee hourly rate claimed.

**What kinds of things will a court do as a discovery sanction?**

If the court grants a motion for sanctions, it may issue any order that is just and appropriate to address the problem. Rule 37(b)(2) lists some of the types of orders that may be appropriate:

1. An order resolving certain issues or facts in favor of the party who made the motion;

2. An order refusing to allow the disobedient person to support certain claims or defenses, or prohibiting that party from introducing certain evidence;

3. An order striking certain documents or parts of documents from the case, or staying the lawsuit until the order is obeyed, or dismissing the lawsuit or any part of the lawsuit, or rendering a default judgment against the disobedient party; or

4. An order holding the disobedient party in contempt of court for failing to obey an order, except an order to submit to a physical or mental examination.

In addition, if a party fails to make required disclosures under Rule 26(a) or 26(e)(1), or to supplement a prior response under Rule 26(e)(2), that party cannot use as evidence at the trial, at a hearing, or on any motion, any information or witness that was not disclosed, unless the failure to disclose was harmless.

**Paying for the motion for sanctions:** If the court grants a motion for discovery sanctions, it must require the disobedient person or that person's lawyer, or both, to pay the reasonable expenses, including attorney's fees, caused by their disobedience, unless the court finds that the conduct was substantially justified or that other circumstances make an award of expenses unjust. A party who does not have a lawyer may not receive an award of attorneys' fees.

## *CHAPTER 13 -*
## WHAT HAPPENS AT A COURT HEARING?

**What is a hearing?**

A hearing is a relatively formal court proceeding where the parties discuss issues with the judge and have their arguments on the relevant issues heard by the judge. Sometimes witnesses can be presented, but that depends on the legal issues the judge is covering at the particular hearing.

**What do I do before a hearing**

Before the hearing, take time to review all of the papers that have been filed for the hearing. The judge will expect you to be able to answer questions about the issues that are being addressed at the hearing and about anything else that has been happening in the lawsuit. Bring with you to court any papers that you might need to answer the judge's questions.

**What does a courtroom look like?**

Although each courtroom is slightly different, the courtroom is generally arranged as follows.

a. In the front of the courtroom is a large desk area where the judge sits. This is called "the bench."

b. In front of the judge and over to one side is a chair where witnesses sit when they testify. This is called the "witness box."

c. In front of the judge, there will usually be a person seated in front of a small machine. This is the court reporter. The court reporter uses the machine to create a record of everything that is said at the hearing. Occasionally, the court will use a tape recorder instead of a court reporter to record the hearing.

d. There will often be another person seated in front of the judge. This is the courtroom deputy, who assists the judge. If you need to show a document to the judge during a hearing, you should hand the document to the courtroom deputy, who will then hand it to the judge.

e. There may be other court staff members seated off to the side.

f. In the center of the courtroom in front of the bench is a podium with a microphone. This is where lawyers, and parties who do not have lawyers, must stand when they speak to the judge.

g. At one side of the courtroom, against the wall, there are two rows of chairs. This is the jury box, where jurors sit during a trial. During a hearing, court staff members may be sitting in the jury box.

h. In the center of the courtroom, there will be several long tables with a

number of chairs around them. This is where the lawyers and the parties sit during a hearing and during trial. The plaintiffs sit at the table that is closest to the jury box. The defendants sit at the table next to the plaintiffs.

i. In the back of the courtroom are several rows of benches where anyone can sit and watch the hearing or trial.

**How should I behave at a hearing?**

1. When attending a hearing, it is customary to show respect for the court by dressing nicely and conservatively, as if you were going to a job interview.

2. The judge will expect you to be on time. It is much better to arrive at the hearing a few minutes early than to arrive a few minutes late.

3. Often the court has several short hearings scheduled for the same time. When you enter the courtroom, you should sit in the benches in the back of the courtroom until your case is announced. If your hearing is the only one scheduled, you may sit at the plaintiffs' or defendants' table in the center of the courtroom, instead of sitting in the benches at the back of the room.

4. When the judge enters the courtroom, you must stand and remain standing until the judge sits down.

5. When you hear your case announced, go immediately to the podium in front of the bench. You can bring with you any papers that you may need to refer to during the hearing. When you get to the podium, state your name, and indicate whether you are the plaintiff or the defendant. It is customary to say either:

a. "May it please the court, my name is [your name] and I am the [plaintiff or defendant] in this case."

or

b. "Good [morning or afternoon], your honor, my name is [your name] and I am the [plaintiff or defendant] in this case."

6. When you speak to the judge, it is customary to refer to the judge as "Your Honor" instead of using the judge's name.

7. If the judge is holding a case management conference or status conference, you should remain standing at the podium, ready to answer any questions the judge may have, unless the judge asks you to sit down. Always answer the judge's questions completely, and never interrupt the judge when he or she is speaking. When the judge is finished asking questions, he or she will usually ask if the parties have anything else they want to discuss.

**How does a motion hearing work?**

If the judge is hearing a motion, the hearing usually goes through the following sequence of events. First, the party who filed the motion has a chance to argue why the motion should be granted. Then, the opposing party will argue why the motion should be denied. Finally, the party who filed the motion has an opportunity to explain why he or she believes the opposing party's argument is wrong.

You should try not to repeat all the arguments that you made in your motion or opposition papers, but instead simply highlight the most important parts.

It is not appropriate to make new arguments that are not in the papers you filed with the court, unless you have a very good reason why you could not have included the argument in your papers.

You can refer to notes during your argument, if you need to, but it is usually more effective to speak to the judge rather than read an argument that you have written down ahead of time.

When one party is speaking, the other party should sit at the table. Never interrupt the other party. Instead, always wait until it is your turn to speak.

The judge may ask questions before you begin your argument, and may also ask questions throughout your argument. If the judge asks a question, always stop your argument and answer the judge's question completely. When you are finished answering the question, you can go back and finish the other points you wanted to make.

If the judge asks you a question when you are seated at the table, stand and walk up to the podium before you answer the question.

**General advice for hearings**

1. Be sure to have a pen and paper with you, so that you can take notes about anything that the judge asks you to do.

2. When the hearing is over, you should immediately leave the courtroom, or, if you want, you can return to one of the benches in the back of the room to watch the rest of the hearings. If you need to discuss something with opposing counsel, you must leave the courtroom and discuss the matter in the hall so that you do not disturb the other people who are in the courtroom.

## *CHAPTER 14 -* WHAT IS A MOTION FOR SUMMARY JUDGMENT?

A motion for summary judgment is a way to end a case without going through a trial, because the important **facts** are not really in dispute. Ordinarily, a case must go to trial because the parties do not agree about the facts, and they are not able to reach a compromise. A court does not need to have a trial if the parties agree about the facts, or if one side does not have any evidence to support its version of what actually happened. In that case, the Court can decide the issue based on the papers that are filed by the parties alone. A motion for summary judgment filed by a party asks the court to decide a lawsuit without having a trial because, based on all of the evidence, there is no real dispute about the key facts.

When plaintiffs file a motion for summary judgment, they are trying to show that the undisputed facts prove that the defendant violated the law. When defendants file a motion for summary judgment, they are trying to show the opposite: that the undisputed facts prove that they did **not** violate the law.

Summary judgment will be granted in favor of the party who moved for summary judgment only if the evidence is so one-sided that a jury could not reasonably find in favor of the opposing party. In deciding a motion for summary judgment, the court must consider all of the admissible evidence from both parties. Because summary judgment means that there is no chance to hear live witnesses and decide who is credible, the court has to consider evidence in the light most favorable to the party that does not want summary judgment. That means that if evidence could be interpreted in many ways, the court must interpret it in the way that favors the party who opposes summary judgment.

If the court grants a motion for summary judgment, the lawsuit is over. If the court denies a motion for summary judgment the case will go to trial unless the parties decide to compromise and end the case themselves. By denying summary judgment, a court does **not** decide that it believes one side over the other. Rather, denying summary judgment means that there is a real dispute about the facts that will have to be decided in a trial.

Rule 56 of the Federal Rules of Civil Procedure explains the requirements for filing motions for summary judgment. Not every motion for summary judgment tries to end the entire case. A motion for summary judgment may try to end the whole lawsuit, or it may try to decide one or more individual claims. A motion for summary judgment may also be brought to decide if the defendant is liable (that is, violated the law), even if there is still a dispute over the amount of money or other kinds of damages that the plaintiff should get.

### Under what circumstances is a motion for summary judgment granted?

Under Rule 56(c), the Court will grant a motion for summary judgment if:

1. The evidence presented by the parties in their papers shows that there is no real dispute about any material fact (in other words, the evidence that actually matters all leads to the same conclusion),

and

2. The undisputed facts mean, under the law, that the party who filed the motion should prevail (that is, the undisputed evidence proves or disproves the plaintiff's legal claim).

**What does each side argue to get the result they want on summary judgment?**

If the plaintiff files a motion for summary judgment, the plaintiff must do two things:

1. The plaintiff must provide admissible evidence. That evidence must show that there is no real factual dispute about any element of his or her claim. Evidence includes things like sworn statements, medical records, and physical things. Evidence is admissible if the Federal Rules of Evidence (or other federal law) allows that evidence to be considered for the purpose for which it was offered.

and

2. The plaintiff must also show that that the defendant does not have any admissible evidence that, if true, would prove any of the defendant's defenses to the plaintiff's claims. Usually, this is done by showing that the defendant has admitted that it does not have any other evidence.

To counter the plaintiff's motion for summary judgment, the defendant must either:

1. Submit admissible evidence showing that there is a factual dispute about one or more elements of the plaintiff's claims or the defendant's defenses,

or

2. Show that the plaintiff has not submitted sufficient admissible evidence to prove one or more elements of the plaintiff's claims.

**If the defendant files a motion for summary judgment**, the defendant may win summary judgment in one of two ways:

1. A defendant may win summary judgment if he or she can show that the plaintiff simply does not have the evidence necessary to prove one of the elements of the plaintiff's claims. An element is one of the building blocks of a legal claim. For example in a claim about a contract, one element that a plaintiff must prove is that the parties reached an agreement; another element is that each side agreed to provide something of value to the other. If the plaintiff cannot prove one of those elements, their claim for breach of contract may be dismissed.

or

2. A defendant may win summary judgment by showing–with admissible

evidence–that there is no real factual dispute on any of the elements of his or her defenses against the plaintiff's claims. A defense (sometimes called an "affirmative defense") is a complete excuse for doing what the defendant is accused of doing. For example, in a breach of contract case, evidence that it would have been illegal to perform the contract may be a complete defense.

To counter the defendant's motion for summary judgment, plaintiffs must:

1. Submit admissible evidence showing that they *do* have sufficient admissible evidence to prove every element of their claims, or that there is a factual dispute about one or more elements of their claims,

<u>and</u>

2. If the defendant has moved for summary judgment on its defenses, one must submit admissible evidence showing that there is a factual dispute about one or more elements of those defenses. A plaintiff can also simply point out that the defendant has not put forward admissible evidence needed to prove at least one element of its defenses.

If a party does nothing in response to a motion for summary judgment, the party risks losing the motion and the case.

**What evidence does the court consider for summary judgment?**

The court considers only the admissible evidence provided by the parties for or against the motion for summary judgment. The Court does not have to search for other evidence that may have been provided by you at some other point in the case. The court also does not have to look at any evidence that is not mentioned in your briefs. Therefore, you should file copies of all evidence that you want the court to consider when it decides a motion for summary judgment, and refer to it in your papers. Even if you have already filed the same evidence with the court in another matter, you must file it with your summary judgment motion (or opposition to summary judgment) as well. In addition, when you cite to a document, you should point the court to the exact page and line of the document where the court will find the information that you think is important. You should remember that by making it easier for the court to find this material, you are ensuring that this material receives the fullest consideration available.

Every fact that you rely upon must be supported by evidence. It is not enough to repeat your opinion that a fact is true or to point to arguments you've written about in other papers you filed earlier; you need to show the court the admissible evidence that supports what you've said.

**Affidavits as evidence on summary judgment**

Affidavits are written statements (sometimes called "declarations") of fact. They are written by an actual witness to those facts and are signed under oath. An affidavit must be sworn before a Notary Public. A declaration is also a written statement of fact and is signed under

penalty of perjury. Either affidavits or declarations may be used as evidence in supporting or opposing a motion for summary judgment. In a general sense, they are written versions of what a person would testify to if they were in court on the witness stand. Rule 56(e) of the Federal Rules of Civil Procedure explains how affidavits and declarations are used for summary judgment. According to Rule 56(e), any affidavits or declarations submitted by the parties on summary judgment must:

1. Be made by someone who has personal knowledge of the facts contained in the written statement;

2. State facts that are admissible in evidence; and

3. Show that the person making the statement is competent to testify to the facts contained in the statement.

All documents referred to in an affidavit or declaration must be attached to it as exhibits.

**Hearsay and summary judgment**

Generally, portions of a declaration or affidavit that are based on hearsay may not be used for summary judgment, and so will be disregarded by the judge. Hearsay is an attempt to prove that a statement is true by offering a declaration by a person who swears that they heard the statement from someone else. For example, it is generally not appropriate to claim something happened because you have a declaration from a person who heard someone else say it happened. There are many exceptions to this prohibition on hearsay, however. The rules on the use of hearsay statements can be found in Rules 801 through 807 of the Federal Rules of Evidence.

The hearsay rules do not just apply to things that people have said. They also apply to other documents that you may wish to submit as evidence. This goes to the general requirement that you must prove your case on evidence that is admissible in court. You cannot use hearsay any more in summary judgment than you can at a trial.

**Authentication and summary judgment**

Some of your evidence may be in the form of documents such as letters, records, emails, contracts, etc. Those documents are "exhibits" to your motion. Just because you attach a document to your papers, however, does not make it admissible. For one thing, documents can be hearsay too, so the hearsay rules in Rules 801-807 of the Federal Rules of Evidence apply. In addition, even if a document is admissible under the hearsay rules, a document may not be admissible for other reasons. For example, any exhibits that are submitted as evidence must be authenticated before they can be considered by the Court.

Rules 901 and 902 of the Federal Rules of Evidence discuss the requirements for authentication. Generally, a document is authenticated either by:

1. Submitting a statement under oath from someone who can testify from personal

knowledge that the document is authentic (that is, it is a real, genuine document); or

2. Demonstrating that the document is self-authenticating, as described in Rule 902 of the Federal Rules of Evidence.

**What is the statement of undisputed fact, and why would I file one?**

A joint statement of undisputed facts is a list of facts that **all** parties agree are true, and it contains citations to the evidence that shows the judge that the facts are true. A statement is not a joint statement unless it is signed by all of the parties. All facts contained in a joint statement of undisputed facts will be taken as true by the court.

A separate statement of undisputed facts is a list of the facts that **one** party believes are true, and citations to that one party's evidence to support each fact. Facts contained in one party's separate statement of undisputed facts will be taken as true by the court **only** if the evidence cited there actually does support the truth of the matter and no other party has submitted evidence disputing it.

Civil Local Rule 56-2 permits each judge to choose whether to make the parties file a joint statement of undisputed facts or separate statements of undisputed facts in connection with a motion for summary judgment. Be sure to check your judge's standing order to find out if he or she requires separate statements. You may not file a joint statement of undisputed facts or a separate statement of undisputed facts unless requested by your judge.

**When can a motion for summary judgment be filed?**

A defendant can file a motion for summary judgment at any time, as long as the motion is filed before any deadline set by the court for filing motions for summary judgment. A plaintiff must wait at least twenty days after the complaint is filed before he or she can file a motion for summary judgment, unless the defendant has already filed a motion for summary judgment before then. As a practical matter, parties rarely file a motion for summary judgment until they have taken some significant discovery. Most motions for summary judgment rely heavily on evidence obtained in discovery.

**What if my opponent files a motion for summary judgment before I have all my discovery?**

If the opposing party files a motion for summary judgment before you have finished discovery, and you need more discovery in order to show why summary judgment should not be granted, you may file a motion under Rule 56(f) of the Federal Rules of Civil Procedure for an extension of time (or continuance). In order to get a continuance, you must show what specific facts you need, why those facts will defeat summary judgment, and why you need discovery to get those facts. You must be specific, and describe exactly what sort of information you need from discovery, and why.

## *CHAPTER 15 -*
## WHAT HAPPENS AT A TRIAL?

The last stage of a lawsuit in district court is a trial. If the court does not dismiss the case or grant a motion for summary judgment, and if the parties do not agree to a settlement, then the case will go to trial. Trial is a hard process that requires a good deal of preparation, skill, and dedication by all parties involved in order to assure its fairness.

### What is the difference between a jury trial and a bench trial?

There are two types of trials: jury trials and bench trials.

At a jury trial, a jury reviews the evidence presented by the parties, figures out which evidence to believe, and decides what it thinks actually happened. The court will instruct the jury about the law, and the jury will then apply the law to the facts that they have found to be true, and determine who wins the lawsuit. A jury trial occurs when:

1. The lawsuit is a type of case that the law allows to be decided by a jury

<u>and</u>

2. At least one of the parties asked for a jury trial within the right timeframe. The timeframe is set forth in Rule 38. A party that does not make a jury trial demand on time forfeits that right.

At a bench trial, there is no jury. The judge will determine the law, the facts, and the winner of the lawsuit. A bench trial is held when:

1. None of the parties asked for a jury trial (or did not ask at the right time);

   <u>or</u>

2. The lawsuit is a type of case that the law does not allow a jury to decide;

   <u>or</u>

3. The parties have agreed that they do not want a jury trial.

### When does the trial start?

The judge sets the date that the trial will begin. Often, the trial date is picked very early in the process, at the case management conference (discussed in Chapter 9). Sometimes the trial date will not be picked until later in the case. In this Court, trial is usually scheduled to begin within twelve to eighteen months after the complaint is filed.

**What do I have to do to prepare for trial?**

There is a lot of work to do when preparing for trial, and a lot of documents to be filed with the court. This handbook is not intended to guide you through all the details and complicated issues that come up as you go to trial. Besides looking for resources at a law library about preparing for trial, one thing you should be looking at is the court's case management order or any other order that sets a schedule for pretrial events.

When the judge sets the trial date, he or she usually sends out an order setting pretrial deadlines for filing or submitting various documents associated with the trial. For example, the judge will probably set dates for submitting copies of exhibits, objections to exhibits, and proposed jury instructions, among other things. Usually, the judge also will set a date for a pretrial conference shortly before trial, at which the court will discuss its requirements for conducting trials, and resolve any final issues that have arisen before trial.

The court's orders may also set a last date (or "cut-off date") for filing motions in limine. A motion in limine asks the court to decide whether specific evidence can be used at trial. You could find yourself opposing the other side's motions in limine or wanting to file your own. Either way, Rules 103 and 104 of the Federal Rules of Evidence help explain, in part, how to present admissible evidence questions to the court. Other rules of evidence can also apply, depending on the exact issue. The court's ruling on evidence may have a big effect on how either side's case looks at trial, so researching, filing and opposing motions in limine can be an important part of preparing for trial.

Preparing for trial is very time consuming, so be sure to read the pretrial schedule carefully. Give yourself enough time to file all of the necessary documents on or before the deadlines.

Besides submitting documents, you also need to arrange for all of your witnesses to be there at trial. If a witness does not want to come to trial, you can make them attend by serving them with a trial subpoena. A trial subpoena is a court document which requires a person to show up at trial on a particular date. Generally, the same rules that apply to subpoenaing a witness to show up at a deposition also apply to trial subpoenas. (Subpoenas are discussed in general in Chapter 11 of the Northern District of California's *Handbook for Litigants Without Lawyers* and in the pamphlet "What Is Discovery").

**What happens during trial?**

On the first day of trial, the judge will usually meet with the parties briefly to resolve any last minute problems. Then, if the trial is a jury trial, the first order of business is to pick a jury.

**Jury selection**

The purpose of jury selection is to pick a jury that can be completely fair to both parties. This is accomplished by a process called voir dire, during which each potential juror is asked a series of questions by the attorneys or the judge. The questions are designed to show any biases that the juror may have that would prevent him or her from being fair and impartial. Usually, the

judge asks the questions. Some of the questions are taken from lists of questions that the parties give the judge before trial. Sometimes the judge lets the lawyers for each party (or any party who does not have a lawyer) ask additional questions.

Once the questioning is completed, the judge will excuse (that is, send home) any jurors who the judge thinks are too biased to be fair. The judge will also excuse any other jurors who he or she believes will not be able to perform their duties as jurors for other reasons. The parties also will have an opportunity to convince the judge that other additional jurors should be excused because they are too biased to be fair and impartial, or cannot perform their duties as jurors for other reasons. This is called challenging for cause.

After all of the jurors that have been challenged for cause have been excused, the parties have an opportunity to use peremptory challenges to request that additional jurors be excused. A peremptory challenge is used to excuse a juror without having to give any reason. The judge will give each party a certain number of peremptory challenges that each party can use to eliminate jurors who may not be clearly biased, but who the party still does not want to have on the jury.

After the jury is chosen, the judge will read some instructions to the jury. These initial instructions tell the jurors about their duties as jurors, explain to them how to deal with evidence, and give some understanding about the law that applies to the lawsuit that they are about to hear.

**Opening statements**

After the jury is chosen, each party may present an opening statement. The opening statement is a speech made by each side's lawyer or representative, or you yourself if you do not have a lawyer. The purpose of the opening statement is for each party to describe the issues in the case and state what they expect to prove during the trial. An opening statement is neither evidence nor a legal argument. It is simply a roadmap of the evidence you believe will come out at trial. The purpose of the opening statement is to help the jury understand what to expect and what you consider important.

**In the trial, which side puts on witnesses first?**

After the opening statements, the plaintiff presents his or her side of the case to the jury first. The plaintiff begins by asking a witness all of his or her questions. This is called direct examination. Then the opposing party has the opportunity to cross-examine the witness, by asking additional questions about the topics covered during the direct examination. Then, the plaintiff can ask additional questions about the topics covered during the cross-examination. This is called re-direct examination. Usually, a judge will allow this process to continue until both sides state that they have no further questions for the witness. The plaintiff will present all of his or her evidence before the defendant has a turn to put on his or her own case. The defendant is still involved, however, by making objections and preparing to cross-examine the plaintiff's witnesses.

**What if the other side wants to put on improper evidence?**

All evidence that is presented by either party during trial must be admissible. The Federal Rules of Evidence are a very detailed set of rules for the admissibility of evidence.

If one party tries to present evidence that is not allowed under the Federal Rules of Evidence or tries to ask improper questions of a witness, the opposing party may object. It is the opposing party's duty to object to evidence that it thinks should not be admitted. If the opposing party does not object, the judge may allow the improper evidence to be presented. At that point, the other party will not be able to protest that decision on appeal. It is important to remember that it is the parties' job to bring errors to the trial judge's attention and to give that judge an opportunity to fix the problem through objections.

The way to object is to stand and briefly state your objection to the judge. Objections should be brief, but must contain the basis for your objection. For example, a proper objection might be: "Objection, your honor, inadmissible hearsay." It is not appropriate to give long arguments, unless the judge specifically asks you to explain your objection. If the judge wants to discuss the objection with you, he or she may ask you to come up to the bench where the judge sits, away from the jury's view to talk to you quietly. This is called a side bar. The judge will either sustain or overrule the objection. If the judge sustains the objection, the evidence will not be admitted or the question may not be asked. If the judge overrules the objection, the evidence will be admitted or the question may be asked, unless the judge later sustains a different objection.

**What is a motion for judgment as a matter of law, and why do some parties make that motion right after the plaintiff's case in the middle of the trial?**

In a jury trial, after the plaintiff has presented all of his or her evidence, the defendant has an opportunity to make a motion for judgment as a matter of law. Rule 50(a) of the Federal Rules of Civil Procedure explains the procedures for making a motion for judgment as a matter of law.

A motion for judgment as a matter of law is a request to the judge to decide the outcome of the case. The idea of the motion for judgment as a matter of law is that enough facts have been shown to entitle one side to win, because those facts fit with the law in only one way and in one party's favor. A motion for judgment as a matter of law brought by the defendant after the close of the plaintiff's evidence argues that the plaintiff failed to provide enough evidence that any jury could reasonably decide the as a matter of law, the case is over.

**When does the defendant get to present his or her case?**

Sometimes parties don't file motions for judgment as a matter of law. Or if they do file motions as a matter of law, sometimes they lose or the judge puts off ruling until later. If any of these things happen, the case moves forward. In that case, after the plaintiff has completed examining each of its witnesses, the defendant then presents all of the witnesses that support his or her defenses to the plaintiff's case. The same procedure of direct examination, cross-examination, and re-direct examination that was used during presentation of the plaintiff's evidence also applies here.

**What is rebuttal?**

Rebuttal is the final stage of presenting evidence in a trial. It begins only after both sides have had a chance to present their case. In the rebuttal stage, whichever party has the burden of proof (usually the plaintiff) tries to undermine or explain the opposing party's evidence. This evidence is called rebuttal evidence. Rebuttal is limited, however. The plaintiff, for example, cannot just present his or her case over again. Rebuttal is limited to countering only what the other side argued as evidence. For example, a rebuttal witness might testify that the other party's witness could not have seen the events he reported to the court. So, after the defendant has finished examining each of his or her witnesses, the plaintiff may call a new witness solely to show that one of those witnesses was not telling the truth. Not all cases have a rebuttal; it depends on what the party with the burden of proof wants to do and what the court allows.

**What happens after both sides have finished presenting their evidence?**

In a jury trial, after all evidence has been presented, either party may make a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure.

A motion for judgment as a matter of law at the end of trial argues that there is so little evidence supporting the other side's case, that no jury could reasonably decide the case in favor of that party. If the court grants a motion for judgment as a matter of law, the case is over.

If the judge does not grant judgment as a matter of law, or if no party asks for it, then the court will hear closing arguments. In jury trials the judge will instruct the jury about the law and the jury's duty, and then the jury will take some time to think and consider the case before coming up with a decision.

**Instructing the jury**

After all witnesses have finished testifying, the judge will instruct the jury about the law that applies to the case. Sometimes the judge will wait until after closing arguments to instruct the jury about the law.

**Closing arguments**

Each party may present a closing argument. The purpose of the closing argument is to summarize the evidence, and argue how the jury (or, in a bench trial, the judge) should decide the case based on that evidence.

**In a jury trial, what is the jury doing after closing arguments?**

After both sides make their closing arguments, the jury go back to the jury room alone. There, they will discuss the case in private. This is called "deliberating." After thinking about and discussing the law and the facts, each juror votes about who he or she thinks should win the case. Because the decision of the jury must be unanimous in federal court trials, the jurors must continue to deliberate until they all agree. Sometimes juries have to deliberate for many days before they reach a decision.

When the jury reaches its decision (the verdict), they will fill out a verdict form and let the judge know that they have completed their deliberations. The judge will then bring the jury into the courtroom, where the verdict will be read aloud. The court then issues a written judgment announcing the verdict and stating the remedies, if any, that will be ordered. The judgment is the official decision of how the case has come out. When the judgment on a jury verdict is issued, the case is usually over. In some cases, a party must file what are called post-trial motions. These can include a renewed motion for judgment as a matter of law or a motion for a new trial. Unless the court grants a post-trial motion, the case will be over unless one or more parties takes an appeal to the United States Court of Appeal for the Ninth Circuit.

**In a bench trial, what does the judge do after closing arguments?**

If the trial is a bench trial, the judge will end (adjourn) the trial after closing arguments. The judge will then review the evidence and write findings of facts and conclusions of law, which is a document that explains what facts he or she found to be true and what the legal consequences of those facts are. In addition to that document, the court will then issue a written judgment stating the remedies, if any, that will be ordered. The judgment is the official decision of how the case has come out. This process often takes weeks, or even months. The court's findings of fact and conclusions of law and judgment usually are mailed to the parties. When the judgment is issued, the case is over, unless the court grants a motion for a new trial (Chapter 16) or one or more parties takes an appeal to the United States Court of Appeals for the Ninth Circuit.

## *CHAPTER 16 -*
## WHAT CAN I DO IF I THINK THE JUDGE OR JURY MADE A MISTAKE?

There are a number of different procedures in the trial court that you can use if you believe the judge or jury made a serious mistake in your lawsuit. In addition, you can appeal the final judgment. This handbook does not address how to pursue an appeal.

### What is a motion for reconsideration?

A motion for reconsideration asks the court to consider changing a previous decision. A motion for reconsideration must be made **before** the trial court enters a judgment. Civil Local Rule 7-9 explains the rules for filing a motion for reconsideration.

### Under what circumstances can I file a motion for reconsideration?

No party is permitted to file a motion for reconsideration without first getting permission from the court. Therefore, before filing a motion for reconsideration, the party must file a motion for permission to file a motion for reconsideration. The court will not give permission to file a motion for reconsideration unless the party seeking permission shows:

1. The facts or law that the parties presented to the court are significantly different from the actual facts or law and the party applying for reconsideration could not reasonably have known the true facts or law before the court entered the order that the party now wants the court to change; or

2. Material new facts have emerged, or a significant change in the law has occurred, since the order was entered; or

3. The court clearly failed to consider material facts or key legal arguments that were presented to the court before the order was issued.

A motion for permission to file a motion for reconsideration may not simply repeat the same arguments that you made previously to the court. If you file such a motion, the court may impose sanctions against you.

No response needs to be filed to a motion for permission to file a motion for reconsideration unless the court requests it.

If the court grants a motion for permission to file a motion for reconsideration, the motion will be scheduled for hearing on the normal thirty-five day schedule, unless the court sets a different schedule. The parties may file opposition briefs and reply briefs, as with any other motion.

If the court grants a motion for reconsideration, it will vacate the original order, which will have no further effect. The court either will issue an entirely new order, or will issue an amended version of the original order, changing its original decision.

**Can I get a Magistrate Judge's order or report reviewed?**

If the judge who is assigned to your case has referred a pretrial matter to a magistrate judge for a decision or for a report and recommendation, it is possible to get the magistrate judge's orders or report and recommendation reviewed. The parties can file objections to the magistrate judge's decision or report with the judge who referred the matter. The procedure depends on the type of matter that was referred to the magistrate judge.

**Am I allowed to object to the magistrate judge's decisions in general, or just the final decision on the merits?**

If the matter that was referred to the magistrate judge does not dispose of any party's claim or defense on the merits, it is described as a "nondispositive matter." You can object to the magistrate's decisions on nondispositive matters. To learn more about how to handle that situation, read Rule 72(a) of the Federal Rules of Civil Procedure, the federal statute 28 U.S.C. § 636(b)(1)(A), and Civil Local Rule 72-2. A party's objections to the magistrate judge's order must be filed with the judge who referred the matter no later than ten days after the party is served with a copy of the magistrate judge's order. The opposing party need not file a response to the objections unless the referring judge sets a briefing schedule.

If the judge does not set a briefing schedule or deny the objections within fifteen days after the objections are filed, the objections are considered to be denied. If the referring judge requests the opposing party to respond to the objections, the referring judge must set aside, vacate, or change any part of the magistrate judge's order that he or she finds is clearly erroneous or contrary to law.

**How do I get review of a magistrate judge's final decision on the merits of a claim?**

A decision on the merits that disposes of an entire claim on the merits is called a "dispositive matter." What you do if you think that decision was in error depends on whether the parties consented earlier to the case being handled by a magistrate.

A magistrate can handle and decide issues like a judge only if the parties consented earlier in accordance with the rules, such as Rule 72(b) of the Federal Rules of Civil Procedure, the federal statute 28 U.S.C. § 636(b)(1)(B) and (C), and Civil Local Rule 72-3. If the parties did not consent, the magistrate can only oversee discovery and make recommendations to the federal trial judge. You need to read the rules to understand what a magistrate can and cannot do.

**Let's say the parties did not consent to a magistrate, what then?**

If the parties did not consent to the referral of the matter to the magistrate judge, then Rule 72(b) of the Federal Rules of Civil Procedure, the federal statute 28 U.S.C. § 636(b)(1)(B) and (C), and Civil Local Rule 72-3 apply. The magistrate judge is not permitted to issue an order on the matter, but must instead prepare a report and recommendation for the referring

judge.

If you think the magistrate made a decision he or she was not allowed to make, you must file objections to the magistrate judge's report and recommendation with the judge who referred the matter no later than ten days after you were served with a copy of the magistrate judge's report. The opposing party may respond to your objections within ten days after being served with them.

At the time the objections, or the opposing party's responses, are filed, either party may also file a motion asking the judge to hear additional evidence not considered by the magistrate judge.

The referring judge then will make a de novo review of any portion of the magistrate's report to which an objection has been made. A "de novo review" means that the judge will review those portions of the report from scratch, and make his or her own decision. Unless the judge grants a motion to consider additional evidence not considered by the magistrate judge, the judge will consider only the evidence that was presented to the magistrate judge.

The judge may accept, reject, or modify the magistrate judge's recommendation, or send the matter back to the magistrate judge for further review with additional instructions.

**Let's say the parties did consent to a magistrate, what then?**

If all of the parties have consented to having a magistrate judge decide all issues in the lawsuit, you may not file objections to the magistrate judge's decisions for review by another judge. Instead, if you believe the magistrate judge made an error, you must file one of the motions listed in this section with the magistrate judge who made the original decision, or file an appeal with the United States Court of Appeals for the Ninth Circuit.

**What is a renewed motion for judgment as a matter of law?**

After a jury trial, if you believe the jury made a serious mistake **and** you had made a motion for judgment as a matter of law earlier that was denied, you may make a renewed motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure. You can **only** make a renewed motion if you have made a motion for judgment as a matter of law at the close of all evidence.

A renewed motion for judgment as a matter of law must be filed no later than ten days after entry of judgment. The renewed motion must argue that the jury erred in reaching the decision that it made because the evidence was so one-sided that no reasonable jury could have reached that decision.

When the court rules on a renewed motion for judgment as a matter of law, it may:

1. Refuse to disturb the verdict;
2. Grant a new trial; or
3. Direct entry of judgment as a matter of law.

**What is a motion for a new trial, and what is a motion to amend or alter the judgment?**

After a jury trial or a bench trial, either party may file a motion for a new trial. A motion for a new trial asks to do the trial all over again, on every claim or on just some of them, because the first one was flawed. Either party can also file a motion to alter or amend the judgment. A motion to alter or amend the judgment does not ask to do the trial over. Rather, it asks the judge to change something in the final judgment because of errors during the trial. Both types of motions are allowed under Rule 59 of the Federal Rules of Civil Procedure. Both types of motions must be filed no later than ten days after entry of the judgment.

The way these motions are handled differs slightly between bench and jury trials.

After a jury trial, the court is permitted to grant a motion for a new trial if the jury's verdict is against the clear weight of the evidence. The judge can weigh the evidence and assess the credibility of the witnesses, and does not have to view the evidence from the perspective most favorable to the party who won with the jury. The judge generally should not overturn the jury's verdict unless, after reviewing all the evidence, he or she is definitely and firmly convinced that a mistake has been made. If the court grants the motion for a new trial, a new trial will be held with a new jury, and the trial is conducted as if the first trial had never occurred.

After a bench trial, the court is permitted to grant a motion for a new trial if the judge made a clear legal error or a clear factual error, or there is newly discovered evidence that could have affected the outcome of the trial. If the court grants the motion for a new trial, the court need not hold an entirely new trial. Instead, it can take additional testimony, amend the findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

A motion to amend or alter the judgment is usually granted only if the court is presented with newly discovered evidence, has committed clear error, or if there is an intervening change in the controlling law.

**What is a motion for relief from judgment or order?**

A motion for relief from judgment or order does not argue with the reason the court decided the way it did. Instead, it asks the court not to require the party to obey it. The authority for this type of motion is Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(a) allows the court to correct clerical errors in judgments and orders at any time, on its own initiative, or as the result of a motion filed by one of the parties. This authority is usually viewed as limited to very minor errors, such as typos. If an appeal has already been docketed in the court of appeals, the error may be corrected only by obtaining permission from the court of appeals.

Rule 60(b), however, permits any party to file a motion for relief from a judgment or order for any of the following reasons:

1. Mistake, inadvertence, surprise, or excusable neglect;

2. Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

3. Fraud, misrepresentation, or other misconduct by an opposing party;

4. The judgment is void;

5. The judgment has been satisfied, released, or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer fair that the judgment should be applied; or

6. Any other reason justifying relief from the judgment. Relief will be granted under this last category only under extraordinary circumstances.

A motion based on the first three reasons must be made within one year after the judgment or order was entered. A motion based on the other three reasons must be made within a reasonable time.

**What about an appeal?**

All final judgments can be appealed to the United States Court of Appeals for the Ninth Circuit. Most orders issued before judgment (which are referred to as "interlocutory orders") cannot be appealed until a judgment is entered. Some of the interlocutory orders that can be appealed are listed in federal statute 28 U.S.C. § 1292. The idea is that another court gets involved once everything is done, rather than stepping in at every stage in the proceedings.

Just as the Federal Rules of Civil Procedure set forth the procedures for litigating a lawsuit in this court, the Federal Rules of Appellate Procedure set forth the procedures for litigating an appeal in the Ninth Circuit. You can find the Federal Rules of Appellate Procedure in any law library, or on the internet at http://www.law.cornell.edu/topics/appellate_procedure.html.

The Ninth Circuit also has its own set of local rules, which you can obtain from the Ninth Circuit clerk's office, or on the Ninth Circuit's website at http://www.ce9.uscourts.gov. The rules for filing appeals are explained in Rules 3 through 6 of the Federal Rules of Appellate Procedure and Ninth Circuit Rules 3-1 through 5-2.

Generally, appeals must be filed within thirty days after entry of the judgment or the appealable order, although there are exceptions to this general rule.

Be sure to read carefully Rules 3 through 6 of the Federal Rules of Appellate Procedure and Ninth Circuit Rules 3-1 through 5-2 if you want to file an appeal.

## GLOSSARY

| | |
|---|---|
| **action** | A lawsuit may also be called the *action*, or the case. |
| **adjourn** | In the context of a trial, when the judge ends trial proceedings, he or she is said to *adjourn* the trial. |
| **admissible evidence** | *Admissible evidence* is evidence that the court must allow to be introduced at trial; the Federal Rules of Evidence govern the admissibility of evidence in federal court. |
| **ADR** | The acronym *ADR* stands for "alternative dispute resolution," which refers generally to methods other than a trial by which a complaint can be resolved. |
| **ADR Certification** | An *ADR Certification* in federal courts is a form that the court requires you sign, serve, and file with the court affirming that you have read the court's ADR handbook, discussed ADR options with the other parties, and considered whether your case might benefit from any form of alternative dispute resolution. |
| **affidavit** | An *affidavit* is a statement of fact written by a witness, which the witness swears before a Notary Public. |
| **amending a document** | Changing a document that has been filed with the court is known as *amending* the document. The change itself is called an amendment. |
| **amount in controversy** | The *amount in controversy* refers to the dollar value of what the plaintiffs ask the court to do in their complaint. |
| **answer** | The written response to a complaint is referred to as an *answer.* |
| **application to proceed in forma pauperis** | An *Application to Proceed in Forma Pauperis* is the form plaintiffs who cannot afford the fee to file a Complaint must file with the court to ask permission to file their Complaint without paying the fee. |
| **arbitration** | An *arbitration* is a form of alternative dispute resolution in which the parties argue their positions in a less formal "mini-trial" to an arbitrator instead of a judge. Even when the outcome of the *arbitration* is not binding on the parties, it can be useful to see how a judge might view the issues to encourage the parties to resolve their without trial. |
| **arbitrator** | An *arbitrator* is the third-party, neutral person who serves as a judge for an arbitration. Most *arbitrators* are attorneys. |
| **authentication of** | Before evidence is admissible in court, the party submitting it |

| | |
|---|---|
| **bench** | The large desk area, usually located at the front of the courtroom, where the judge sits is referred to as the *bench*. |
| **bench trial** | At a *bench trial*, there is no jury, and the judge determines the law, the facts, and the winner of the lawsuit. |
| **breach** | When individuals fail to perform as they have agreed, or contracted, to do, they commit a *breach* of the agreement or contract. |
| **brief** | A *brief* is a written statement filed with the court by a party arguing for or against a motion. |
| **caption** | The *caption* is a formatted listing on the front of every document filed with the court, listing the parties and the name of the case and other identifying information. The specific information that must be included in the *caption* is explained in Rule 10(a) of the Federal Rules of Civil Procedure and this court's Civil Local Rule 3-4. |
| **caption page** | The cover page of the document containing the caption, always the first page of any document a party to a lawsuit files with the court, is called the *caption page*. |
| **case** | A lawsuit may also be called the action, or the *case*. |
| **case file** | The court maintains the original copy of every document filed with it in a *case file*, also referred to as the permanent case file. |
| **case management conference** | A *case management conference* is a hearing with the judge at which the judge, with the help of the parties, sets a schedule for various events in the case. |
| **case management order** | The *case management order* is the court's written order scheduling certain events in the lawsuits; the court requires that the parties, prior to the case management conference, together file a single proposed *case management order*, in the same document with the case management statement, which, if signed by the judge, will become the *case management order*. |
| **case management statement** | The court requires that the parties, prior to the case management conference, together file a single form, called a *case management statement*, along with a proposed case management order in the same document, providing certain information to be discussed at the case management conference. |
| **certificate of service** | The *certificate of service* is a document showing that a copy of a particular document–for example, a motion–has been provided to (in other words, served on) all of the other persons who are named as parties in the lawsuit. |

| | |
|---|---|
| **challenge for cause** | During jury selection, the parties have an opportunity to ask the court to excuse any jurors who they believe are too biased to be fair and impartial, or cannot perform their duties as jurors for other reasons; making such a request is called *challenging for cause*. |
| **chambers** | The private office of an individual judge is called his or her *chambers*. |
| **chambers copy** | Whenever parties file documents with the court, they provide the original and one *chambers copy*. The original is stored in the main court files, but the *chambers copy* is marked "Chambers" and sent to the judge's own office file. |
| **citation** | A reference to a law, rule, or case is called a *citation*. |
| **citing** | When you refer to a law, rule, or case in a brief, you are *citing* that law, rule, or case. |
| **claim** | A *claim* is a statement, made in a complaint, in which the plaintiffs argue that the defendants violated the law in a specific way; *claims* are sometimes also referred to as counts. |
| **closing arguments** | At the end of the presentation of all evidence at trial, each party has an opportunity to make a *closing argument*, the purpose of which is to summarize the evidence and argue how the jury (or, in a bench trial, the judge) should decide the case. |
| **complaint** | The *complaint* is a legal document in which the plaintiffs tell the court and the defendants how and why the plaintiffs believe the defendants violated the law in a way that has injured them. |
| **compulsory counterclaim** | A *compulsory counterclaim* is a claim by the defendant against the plaintiff that is based on the same events or transactions as the plaintiff's claim against the defendant. |
| **contempt of court** | *Contempt of court* refers to acts found by the court to have been committed in willful violation of the court's authority or dignity, or to interfere with or obstruct its administration of justice. |
| **continuance** | A *continuance* is a grant by the court of an extension of time, for example, of the time when your opposition brief is due on a motion. |
| **counsel** | Attorneys, also called lawyers, are sometimes referred to as *counsel*; for example, the attorneys for an opposing party may be referred to as "opposing counsel." |
| **count** | A *count* is a statement, made in a complaint, in which the plaintiffs argue that the defendants violated the law in a specific way; *counts* are sometimes also referred to as claims. |

| | |
|---|---|
| **counterclaim** | When a defendant files a complaint against the plaintiff, it is called a *counterclaim*. |
| **court of appeals** | The *court of appeals* is the court to which a party can go to get relief from a judgment and some interlocutory orders; for example, all judgments by the United States Court for the Northern District of California, can be appealed to the United States Court of Appeals for the Ninth Circuit. |
| **court reporter** | A person authorized by law to record testimony, whether in the courtroom or outside it (for example, at depositions) is called a *court reporter*, or a court stenographer. |
| **court stenographer** | A person authorized by law to record testimony, whether in the courtroom or outside it (for example, at depositions) is called a court reporter, or a *court stenographer*. |
| **courtroom deputy** | A *courtroom deputy* is a person who assists the judge in the courtroom, and usually sits at a desk in front of the judge. |
| **cross-examination** | At trial, after a party's direct examination of his or her witness, the opposing party gets to ask the witness additional questions about the topics covered during the direct examination; this process is called *cross-examination* of the witness. |
| **damages** | The money that can be recovered in the courts by plaintiffs for their loss or injury due to the defendants' violation of law is referred to as *damages*. |
| **deliberating** | *Deliberating* is when the jury goes back to the jury room to discuss the case and make their decision. |
| **de novo review** | A *de novo review* means the court will consider the matter before it from scratch, making its own determination; for example, if a referring judge gives a de novo review to a magistrate judge's report and recommendation, he or she considers the same evidence reviewed by the magistrate judge and comes to his or her own conclusion. |
| **declarant** | The *declarant* is a person making a declaration. |
| **declaration** | A *declaration* is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the *declaration* is true; *declarations* may contain only facts, and may not contain law or argument. |
| **default** | When defendants who have been properly served with the complaint do not file an answer or other response within the required amount of time, they are said to be in *default*. |
| **default judgment** | If a defendant does not file an answer or other response to the complaint, the court may enter a *default judgment* against the defendant, which means the plaintiff has won the case. |

| | |
|---|---|
| **defendants** | The *defendants* are the people the plaintiffs claim injured them in violation of the law. |
| **defendants' table** | In the center of the courtroom, there are several sets of long tables and chairs where the lawyers and parties sit during hearings and trial; the table farthest from the jury box is where the defendants sit and is called the *defendants' table.* |
| **defenses** | The reasons defendants give for why plaintiffs' claims against them should be dismissed are referred to as *defenses*. |
| **deponent** | The person who answers the questions in a deposition is referred to as the *deponent*, or witness; a *deponent* can be any person who may have information about the lawsuit, including one of the other parties to the lawsuit. |
| **deposing** | The process of taking a deposition is called *deposing* the deponent or witness. |
| **deposition** | A *deposition* is a question-and-answer session, before trial and outside the courtroom, in which one party to the lawsuit asks another person, who is under oath, questions about the issues raised in the lawsuit. |
| **direct examination** | At trial, when a party calls witnesses and asks them all of his or her questions, this process is called *direct examination.* |
| **disclosures** | *Disclosures* are information that you must give the other parties to your lawsuit even if they do not ask for it. |
| **discovery** | *Discovery* is the formal court process of asking other people to give you information about the issues in your case; *discovery* methods include depositions, interrogatories, requests for document production, requests for admission, and physical or mental examinations. |
| **discovery plan** | Rule 26(a) of the Federal Rules of Civil Procedure requires that prior the initial case management conference, the parties agree on a joint proposed *discovery plan*, which must include the parties' views and proposals about various aspects (listed in Rule 26(a)) of how discovery should proceed in the lawsuit. |
| **diversity jurisdiction** | Federal courts are authorized to hear lawsuits in which none of the plaintiffs live in the same state as any of the defendants and the amount in controversy exceeds $75,000. This subject matter jurisdiction is referred to as *diversity jurisdiction*. |
| **division** | The Northern District of California has three *divisions*, San Francisco, Oakland and San Jose, and a separate courthouse for each. |

| | |
|---|---|
| **docket** | The *docket* is the computer file, maintained by the court, for each case, which lists the title of every document filed, the date each document was filed, and the date each document was entered into the *docket*. |
| **drop box** | This court maintains a *drop box*, where documents can be left at certain times before and after the clerk's office is open for filing with the court. |
| **ECRO** | The court employee who tape records a court hearing is called an *ECRO*, which stands for "electronic court recorder operator." |
| **elements (of a claim or defense)** | The individual components of a plaintiffs' claim or defendants' defense, each of which must be proved or the claim or defense cannot be proved, are referred to as the *elements* of the claim or defense. |
| **entry of default** | *Entry of default* is a formal action taken by the clerk of the court in response to a plaintiff's request against a defendant who has not responded to a properly served complaint; the clerk must *enter default* against the defendant before the plaintiff can file a motion for default judgment. |
| **ex parte motion** | An *ex parte motion* is a motion that is filed without giving notice to the opposing party. |
| **ex parte** | When you have contact with the judge without giving notice to the other parties and without them being present, you are said to have approached the court *ex parte.* |
| **exhibits** | *Exhibits* are documents or other materials that are presented as evidence at trial or as attachments to motions or declarations. |
| **expert disclosures** | The disclosures required by Rule 26(a)(2) to the other parties of the identity of and additional information about any expert witnesses you may use at trial are referred to as *expert disclosures.* |
| **expert report** | An *expert report* is a written report, signed by the expert witness, that must accompany the expert disclosures for any expert witness whom you may use to give testimony in your case; Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure lists what must be included in an *expert report*. |
| **expert witness** | An *expert witness* is a person who has scientific, technical, or other specialized knowledge that can help the court or the jury understand the evidence. |
| **federal question jurisdiction** | Federal courts are authorized to hear lawsuits in which at least one of the plaintiffs' claims arises under the Constitution, laws, or treatises of the United States, and this subject matter jurisdiction is referred to as *federal question jurisdiction*. |

| | |
|---|---|
| **Federal Rules of Civil Procedure** | The *Federal Rules of Civil Procedure* set forth the procedural law that applies to every federal court in the country. |
| **Federal Rules of Evidence** | The *Federal Rules of Evidence* set forth the rules for submitting evidence in the federal courts. |
| **filing** | *Filing* means that a document submitted to the court by a party is kept by the court, to be considered in resolving the case. Papers not properly prepared may be rejected for *filing*. |
| **filing fee** | The courts charge parties money to process and file the papers that the parties submit, called a *filing fee*. In federal court, the *filing fees* are set by the United States Congress and the Judicial Conference of the United States. |
| **findings of fact and conclusions of law** | In a bench trial, after hearing all the evidence and the closing arguments and adjourning the trial, the judge writes *findings of fact and conclusions of law* explaining what facts he or she found to be true and what the legal consequences of those facts are to be issued with his or her written judgment. |
| **fraud** | *Fraud* is a false representation of a past or present fact by a person on which another person or persons rely, resulting in their injury. |
| **good faith** | Acting in *good faith* means having honesty of intentions; for example, negotiating in *good faith* would be to come to the table with an open mind and a sincere desire to reach an agreement. |
| **grounds** | The reason or reasons for something is sometimes referred to in legal documents as the *ground* or *grounds* for that thing; for example, if you present the reasons you object to another party's discovery requests, you are giving the *grounds* for your objections. |
| **hearing** | A *hearing* is a formal meeting of the parties to a lawsuit with the judge for the purpose of resolving some issue, often with evidence being presented and witnesses being heard; *hearings* are typically open to the public and held in the courtroom. |
| **hearsay** | *Hearsay* is a statement made by someone other than the witness or declarant, which is offered to prove the truth of the matter asserted in the statement. |
| **impeachment** | When you call into question a witness' truthfulness, you are said to be attempting the *impeachment* of the witness. |

| | |
|---|---|
| **initial disclosures** | The disclosures that the parties are required to serve within fourteen days of their initial case management conference, in accord with Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure, are referred to as their *initial disclosures.* |
| **interlocutory order** | Court orders issued before judgment are referred to as *interlocutory orders.* |
| **interrogatories** | *Interrogatories* are written questions served on another party in the lawsuit, which must be answered (or objected to) in writing and under oath. |
| **intradistrict assignment** | The *intradistrict assignment* refers to the assignment by this court of a lawsuit to one of its three locations or "divisions" (San Francisco, Oakland, or San Jose), and Civil Local Rule 3-4(b) requires a complaint to include a paragraph entitled "*Intradistrict Assignment*" identifying any basis for assigning the case to a particular location or division of the court. |
| **joint statement of undisputed facts** | A *joint statement of undisputed facts* is a list of facts that all *parties* believes are true, that contains citations to the evidence that those facts are true, and is signed by all the parties; either a statement of undisputed facts or a *joint statement of undisputed facts* must be filed with a summary judgment motion. |
| **judgment** | At the conclusion of a trial, after the verdict has been announced in the courtroom, the judge issues a written *judgment* stating the verdict and the remedies, if any, that are ordered. |
| **jury box** | The two rows of chairs, usually located against a side wall in the middle of the courtroom, where the jury sits during a trial are referred to as the *jury box*. |
| **jury deliberations** | At trial, after having heard all the evidence, closing arguments from the parties, and instructions from the judge, the jurors go to the jury room to deliberate in secret and decide who will win the case; this process is referred to as *jury deliberations.* |
| **jury instructions** | *Jury instructions* are what the judge, at different points in the trial, tells the jury about their duties, how to approach the evidence, and about the law that applies to the lawsuit; before the trial begins, the parties are required to submit proposed jury instructions that the judge may read, in whole or part, to the jury at some point during the trial. |
| **jury selection** | *Jury selection* is the process by which the jury is chosen; usually *jury selection* includes a type of questioning referred to as voir dire. |

| | |
|---|---|
| **jury trial** | At a *jury trial*, a group of citizens, the jury will weigh the evidence presented by the parties, decide which evidence to believe, and determine what actually happened; in addition, the court will instruct the jury on the law, and the jury will apply the law to the facts that they have found, and determine who wins the lawsuit. |
| **litigants** | The plaintiffs and the defendants both are referred to as the parties to or the *litigants* in the lawsuit. |
| **Local Rules** | The *Local Rules* set forth additional requirements that a specific federal court has that supplement the Federal Rules of Civil Procedure; for example, the *Local Rules* of the United States District Court for the Northern District of California explain some of the additional procedures that apply only to this court. |
| **magistrate judge** | A federal *magistrate judge* is a judicial officer that has some but not all of the powers of a federal judge; for example, a *magistrate judge* may be designated by a judge to hear a variety of motions and other pretrial matters, and may, with the consent of the parties, preside over civil and misdemeanor criminal trials. |
| **material fact** | A fact that makes a difference in your lawsuit is referred to as a *material fact*. |
| **meet and confer** | When the parties get together to discuss an issue or issues, they *meet and confer*. |
| **memorandum of points and authorities** | The portion of a motion that contains your arguments and the supporting law for why the court should grant your motion is called the *memorandum of points and authorities*, sometimes also referred to as a brief. |
| **mental examination** | If the physical or mental condition of a party (or a person under the custody or legal control of a party) is at issue in a lawsuit, the court may order that person to submit to a physical or mental examination by a suitably licensed or certified examiner, such as a physician or psychiatrist; unlike other discovery procedures, physical or *mental examinations* can be obtained only by filing a motion with the court, or by agreement of the parties. |
| **motion** | When you apply to the court for a ruling or an order that something be done, your application is called a *motion*; *motions* usually are submitted in writing, but in certain limited circumstances—for example, during a hearing or trial—may be oral (sometimes called a "speaking motion"). |

| | |
|---|---|
| **motion for a more definite statement** | In a *motion for a more definite statement*, a defendant argues that the complaint is so vague, ambiguous, or confusing that he or she cannot respond to it, and asks for the details that the defendant needs in order to respond to the complaint. |
| **motion for a new trial** | A *motion for a new trial* argues that another trial should be held because of a deficiency in the current trial, for example, because the jury's verdict in the current trial is against the clear weight of the evidence. |
| **motion for default judgment** | If the defendant does not answer the complaint, the plaintiff can file a *motion for default judgment*, asking the court to grant judgment in favor of the plaintiff. If the court grants the motion, the plaintiff has won the case. |
| **motion for judgment as a matter of law** | In a jury trial, *motion for judgment as a matter of law* argues that the opposing party's evidence is so legally deficient that no jury could reasonably decide the case in favor of the opposing party. Defendants may bring such a motion after plaintiffs have presented all their evidence, and after all the evidence has been presented, either party may bring such a motion; if the court grants the *motion for judgment as a matter of law*, the case is over. |
| **motion for permission to file a motion for reconsideration** | Before filing a motion for reconsideration, a party must ask the court for permission to file such a motion, which is done through a *motion for permission to file a motion for reconsideration*. |
| **motion for protective order** | If you receive a discovery request and believe the discovery sought is inappropriate or too burdensome, or you need more time to respond, you may file a *motion for protective order* to ask the court to order that the discovery be limited or proceed in a certain way. |
| **motion for reconsideration** | A *motion for reconsideration* asks the court to consider changing a previous decision, and cannot be filed without the permission of the court. |
| **motion for relief from judgment or order** | A *motion for relief from judgment or order* argues that a judgment or order should not be given effect or should be changed for one of the reasons permitted by Rule 60(b) of the Federal Rules of Civil Procedure. |
| **motion for sanctions** | A *motion for sanctions* asks the court to punish a person; for example, in the context of discovery, a *motion for sanctions* asks the court to punish a person for failing to make required disclosures, refusing to respond to a discovery request, or refusing to obey a court order to respond to a discovery request. |
| **motion for summary judgment** | A *motion for summary judgment* asks the court to decide a lawsuit without a trial because the evidence shows that there is no real dispute about the key facts. |

| | |
|---|---|
| **motion to amend or alter the judgment** | After entry of judgment, either party may file a *motion to amend or alter the judgment* if the party believes a mistake was made in the judgment that could be corrected by changing it. |
| **motion to compel** | A *motion to compel* is a motion asking the court to order a person to make disclosures or to respond to a discovery request, or to provide more detailed disclosures or a more detailed response to a discovery request. |
| **motion to dismiss** | A *motion to dismiss* the complaint argues that there are legal problems with the way the complaint was written, filed, or served, and asks the court to order the portions of the complaint with the legal problems dismissed. |
| **motion to extend time** | A *motion to extend time* is a motion asking the court to give you more time, or a continuance, before a due date, for example, to submit your brief on a motion. |
| **motion to shorten time** | A *motion to shorten time* is a motion asking that the court hear another motion on a faster than normal schedule. |
| **motion to strike (portions of the complaint)** | A motion in which you ask the court to order certain parts of the complaint deleted because they are redundant, immaterial, impertinent, or scandalous is called a *motion to strike*. |
| **moving party** | The party who files a motion is referred to as the *moving party*. |
| **non-binding arbitration** | One of the court's alternative dispute resolution (ADR) programs is *non-binding arbitration*, in which a neutral third-party (an arbitrator) gives a non-binding decision on the complaint after a hearing at which both parties have an opportunity to be heard. |
| **non-party deponent** | A deponent who is not a party to the lawsuit is called a *non-party deponent*, or a non-party witness. |
| **non-party witness** | A person who has information relevant to your lawsuit, but who is not a party, is called a *non-party witness*. |
| **notice of deposition** | Before you can take a deposition, you must serve a reasonable amount of time in advance of the deposition all of the other parties in your lawsuit with a written *notice of deposition*, giving them all of the information required under Rules 30(b) and 26(g)(2) of the Federal Rules of Civil Procedure. |
| **Notary Public** | A *Notary Public* is a public officer who is authorized by the state or federal government to administer oaths and to attest to the authenticity of signatures. |

| | |
|---|---|
| **notice of motion** | The *notice of motion*, contained in the first paragraph of a motion, is a statement telling the other parties what type of motion you have filed and when you have asked the court to hold a hearing on the motion. |
| **opening statements** | At the beginning of the trial, after the jury has been selected, if it is a jury trial, the parties have an opportunity to make individual *opening statements*, in which they can describe the issues in the case and state what they expect to prove during the trial. |
| **opposing party** | In the context of motions, the party against whom a motion is filed is called the *opposing party*; more generally, the party on the other side from you is referred to as the *opposing party*. |
| **opposition brief** | The party opposing a motion files a statement with the court, called an *opposition brief*—sometimes called an opposition, for short—explaining his or her arguments against the motion. |
| **overrule (an objection)** | During examination of witnesses at trial, if a party objects to evidence being admitted or a question being asked, the judge may *overrule* the objection, which means that the evidence will be admitted or the question may be asked, unless the judge later sustains a different objection. |
| **PACER system** | Docket information is available on the internet through the *PACER system*; *PACER* stands for "Public Access to Electronic Court Records." |
| **parties** | The plaintiffs and the defendants both are referred to as the *parties* to or the litigants in the lawsuit. |
| **peremptory challenge** | During jury selection, after all of the jurors challenged for cause have been excused, the parties will have an opportunity to request that additional jurors be excused without having to give any reason for the request; making such a request is called a *peremptory challenge.* |
| **perjury** | A person is guilty of *perjury* if he or she makes a false statement under oath or equivalent affirmation, when the statement matters and the person does not believe it to be true. |
| **permanent case file** | The court maintains the original copy of every document filed with it in a case file, also referred to as the *permanent case file.* |
| **permissive counterclaim** | A *permissive counterclaim* is a claim by the defendant against the plaintiff that is not based on the same events or transactions as the plaintiff's claim against the defendant. |

| | |
|---|---|
| **physical examination** | If the physical or mental condition of a party (or a person under the custody or legal control of a party) is at issue in a lawsuit, the court may order that person to submit to a physical or mental examination by a suitably licensed or certified examiner, such as a physician or psychiatrist; unlike other discovery procedures, *physical* or mental *examinations* can be obtained only by filing a motion with the court, or by agreement of the parties. |
| **plaintiffs** | The *plaintiffs* are the people who file the complaint and who claim to be injured by a violation of the law. |
| **plaintiffs' table** | In the center of the courtroom, there are several sets of long tables and chairs where the lawyers and parties sit during hearings and trial; the table nearest the jury box is where the plaintiffs sit and is called the *plaintiffs' table.* |
| **prayer for relief** | The last section of a complaint is entitled the *prayer for relief*, and in it the plaintiffs tell the court what they want it to do to relieve the injuries stated in their claims. |
| **pretrial conference** | The *pretrial conference* is a hearing shortly before trial at which the court discusses its requirements for conducting trial and resolves any final issues that have arisen before trial. |
| **pretrial disclosures** | The disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure of certain information about evidence that you may present at trial (except for evidence that will be used solely for impeachment) is referred to as the *pretrial disclosures*. |
| **procedural law** | *Procedural law* sets forth the requirements for how lawsuits must be conducted in the courts. |
| **process server** | A *process server* is a person authorized by law to serve process on the defendant; usually *process servers* are professionals. |
| **proof of service** | The document by which you can prove that a certain document was served is called the *proof of service*; for example, a certificate of service is *proof of service.* |
| **proposed jury instructions** | Before the trial begins, the parties are required to submit *proposed jury instructions* that the judge may read, in whole or part, or in modified form, to the jury at some point during the trial, usually just before the jury deliberations, to instruct the jury on the law relevant to the lawsuit. |
| **protective order** | A *protective order* is a court order limiting discovery or requiring discovery to proceed in a certain way. |

| | |
|---|---|
| **quash the subpoena** | If a court *quashes the subpoena*, the deponent does not have to appear for the deposition and/or produce documents at the place and time listed on the subpoena. |
| **rebuttal** | *Rebuttal* is the final stage of presenting evidence in a trial |
| **rebuttal testimony** | At trial, after defendants have completed examining each of their witnesses, plaintiffs can call additional witnesses solely to counter—or "rebut"—testimony given by the defendants' witnesses, that is, to give *rebuttal testimony.* |
| **re-direct examination** | At trial, after the opposing party has cross-examined a witness, the party who called the witness gets to ask the witness questions about topics covered during the cross-examination; this process is referred to as *re-direct examination*. |
| **referring judge** | A federal judge who refers some matter or matters within a lawsuit to a magistrate judge is called the *referring judge.* |
| **remedies** | In the context of a civil lawsuit, *remedies* are actions the court can take to redress or compensate a violation of rights under the law. |
| **renewed motion for judgment as a matter of law** | After a jury trial, if you believe the jury made a serious mistake and you had a motion for judgment as a matter of law at the close of all evidence, then you may bring a *renewed motion for judgment as a matter of law* to argue that the jury erred in reaching the decision that it made because the evidence was so one-sided that no reasonable jury could have reached that decision. |
| **reply** | Both the answer to a counterclaim and the response to the opposition to a motion are referred to as a *reply*. |
| **reply brief** | The moving party usually will file a *reply brief*—sometimes called a reply, for short—responding to the opposing party's opposition brief. |
| **report and recommendation** | A federal judge may refer a matter within a lawsuit to a magistrate judge for a *report and recommendation*; that is, the magistrate judge is not permitted to issue an order on the matter, but rather must file with the referring judge a written *report and a recommendation* for how the matter should be decided. |
| **request for entry of default** | The first step for the plaintiff to get a default judgment granted by the court against a defendant is to file a *request for entry of default* with the clerk of the court, showing that defendant has been served with the complaint and summons, and has not filed a written response to the complaint in the required time. |

| | |
|---|---|
| **request for inspection of property** | In order to enter the property controlled or possessed by a party to your lawsuit for the purposes of inspecting and measuring, surveying, photographing, testing or sampling the property or any object on the property relevant to your lawsuit, you ask the *party* in writing in a document referred to as a *request for inspection of property*. |
| **request for production of tangible things** | In order to inspect and copy, test, or sample anything relevant to your lawsuit which is in the possession, custody, or control of another party to the lawsuit, you ask the party to make the items available to you in a document referred to as a *request for production of tangible things.* |
| **request for waiver of service** | A *request for waiver of service* is a form with which you ask the defendant to accept the summons and complaint without formal service. |
| **requests for admission** | A *request for admission* is a court procedure in which one party may ask another party in writing to admit the truth of any statement, or to admit the application of any law to any fact. |
| **requests for document production** | In order to obtain copies of documents that are relevant to your lawsuit from parties to the lawsuit, you ask the parties for them in writing in a document referred to as a *request for document production*. |
| **ruling from the bench** | If the court announces its decision on a motion during the hearing on the motion, it is said to be *ruling from the bench.* |
| **sanction** | A *sanction* is a punishment the court may be asked to impose on a person in certain circumstances, for example, if a person refuses to obey a court order, or refuses to respond to discovery requests. |
| **self-authenticating** | Certain documents do not need any proof of authentication beyond the documents themselves, to be admissible evidence in accord with Rule 902 of the Federal Rules of Evidence; these documents are said to be *self-authenticating.* |
| **serve, service** | When you provide a document to a party in accord with the requirements found in Rule 5 of the Federal Rules of Civil Procedure, you are said to have *served* or provided *service* to the party. |
| **service of process** | *Service of process* is when the original complaint in the lawsuit is provided to the defendants in accord with the requirements for service found in Rule 5 of the Federal Rules of Civil Procedure. |

| | |
|---|---|
| **side bar** | A *side bar* is when the judge calls the lawyers (or the parties if they don't have lawyers) to one side of the bench to discuss any issue away from the jury's view. |
| **standing order** | A judge's *standing order* explains certain procedures, in addition to those found in the Federal Rules of Civil Procedure and the Local Rules, that apply only to lawsuits that are heard by that particular judge. |
| **Statement of Nonopposition** | If the opposing party does not oppose a motion, he or she must file a written statement telling the court he or she does not oppose the motion, which is referred to as a *Statement of Nonopposition*. |
| **statement of undisputed facts** | A *statement of undisputed facts* is a list of facts that one party believes are true and that contains citations to the party's evidence that those facts are true; either a *statement of undisputed facts* or a joint statement of undisputed facts must be filed with a summary judgment motion. |
| **status conference** | A *status conference*, which may also be referred to as a subsequent case management conference, is a hearing the judge may call during the course of the lawsuit to assess the progress of the case, or address problems the parties are having. |
| **statute of limitations** | The *statute of limitations* is the amount of time the plaintiffs have to file a complaint after they have been injured, or, in some cases, after they have become aware of the cause of the injury. |
| **stipulation** | A *stipulation* is a written agreement signed by all the parties to the lawsuit or their attorneys. |
| **strike** | If the court orders that a document or a portion of a document be deleted, then it is said to *strike* the document or portion of it. |
| **subject matter jurisdiction** | If the law permits a court to hear a certain type of lawsuit, the court is said to have *subject matter jurisdiction* over that type of lawsuit. |
| **subpoena** | A *subpoena* is a document issued by the court which requires a person to appear for a court proceeding at a specific time and place, and/or to make available at a specific time and place documents specified in the *subpoena*. |
| **subpoena duces tecum** | A *subpoena duces tecum* is the form of subpoena used to require a non-party deponent to bring documents specified in the *subpoena duces tecum* to the deposition; the same form is used for a *subpoena duces tecum* as for a deposition subpoena. |
| **substantive law** | *Substantive law* determines whether the facts of each individual lawsuit constitute a violation of the law for which the court may order a remedy. |

| | |
|---|---|
| **summary judgment** | *Summary judgment* is a decision by the court to end a lawsuit, usually before trial, because the evidence shows that there is no real dispute about the key facts. |
| **summons** | A *summons* is a document from the court that you must serve along with your original complaint to start your lawsuit. |
| **sustain (an objection)** | During examination of witnesses at trial, if a party objects to evidence being admitted or a question being asked, the judge may *sustain* the objection, which means that the evidence will not be admitted or the question will not be asked. |
| **taking a motion under consideration** | If the court decides to consider a motion further after a hearing, or without a hearing, and send the parties a written opinion, it is said to be *taking a motion under consideration.* |
| **time-barred** | When the time limit has passed by which plaintiffs must make their claim (or, in other words, when the statute of limitations has run), the claim is said to be *time-barred*. |
| **transcript** | The written record taken down by a court reporter, or court stenographer, of what was said in a deposition or court proceeding is called a *transcript*. |
| **trial subpoena** | A *trial subpoena* is a type of subpoena that requires a witness to appear at trial on a certain date. |
| **undisputed fact** | A fact about which all the parties agree is an *undisputed fact*. |
| **vacate** | When a court sets aside an order it previously made so that the order has no further effect, it is said to have *vacated* the order. |
| **venue** | *Venue* refers to the place where the lawsuit is filed. |
| **verdict** | When the jury—or in a bench trial, the judge—decides who wins the trial, the decision is call a *verdict*. |
| **verdict form** | In a jury trial, the form the jury fills out to record their verdict is called a *verdict form*. |
| **voir dire** | *Voir dire* is a jury selection process in which each potential juror is asked a series of questions designed to show any biases that the juror may have that would prevent him or her from being fair and impartial; usually, the judge asks questions selected from a list the parties have submitted before trial, but sometimes the judge allows the lawyers for the parties (or any party without a lawyer) to ask additional questions. |
| **waiver of service** | If a party agrees that he or she does not require a document be provided in accord with the service requirements of Rule 5 of the Federal Rules of Civil Procedure, this agreement is called a *waiver of service.* |

| | |
|---|---|
| **with prejudice** | If a court dismisses claims in your complaint *with prejudice*, you may not file another complaint in which you assert those claims again. |
| **without prejudice** | If a court dismisses claims in your complaint *without prejudice*, you may file another complaint in which you assert these claims again. Dismissal *without prejudice* is sometimes also referred to as dismissal "with leave to amend" because you are permitted to file an amended complaint. |
| **witness** | A *witness* is a person who has personal knowledge regarding facts relevant to your lawsuit |
| **witness box** | The chair where witnesses sit when they are testifying in court, usually located in front of the courtroom and to the side of the judge's bench, is referred to as the *witness box.* |

**INDEX**

action 18, 23, 28, 33, 90
adjourn 34, 106
admissible evidence 72, 77, 79, 95-97, 102
ADR 37, 43, 65-67
ADR Certification 37, 66
affidavit 97, 98
amending a document 24
amount in controversy 21, 22, 75, 79, 82, 84
answer 24, 43-50, 85
application to proceed in forma pauperis 34-36
arbitration 2, 64, 66
arbitrator 66
authentication of evidence 98, 99
bench 92, 93, 104
bench trial 101, 106, 110
breach 47, 91, 96, 97
brief 13, 53, 97
caption 19, 24, 25, 28, 46, 47, 52, 54, 55
caption page 19, 25, 28, 29, 52, 59
case file 59, 60
case management conference 37, 63-67, 93, 101
case management order 64, 65, 67, 73, 102
case management statement 37, 64-67
certificate of service 29, 41, 42
challenge for cause 103
chambers 29, 59, 88
chambers copy 31
citation 53, 55, 99
citing 53
closing arguments 105, 106
complaint 13, 18-26, 28, 31, 32, 34-52, 59, 63, 65, 66, 99, 101
compulsory counterclaim 47
contempt of court 91
continuance 100
counsel 74, 88, 94
counterclaim 43, 45-48
court of appeals 106, 109-111
court reporter 33, 34, 73, 78, 92
court stenographer 33, 73
courtroom deputy 13, 59, 92
cross-examination 103, 105
damages 35, 45, 50, 68, 69, 95
de novo review 109

declarant 54
declaration 50, 53, 54, 56, 57, 91, 98
default 50
default judgment 44, 50, 51, 91
defendants table 93, 94
defenses 45, 48, 68, 91, 96, 97, 105
deliberating 106
deponent 73-78
deposing 73
deposition 70, 72-78, 83, 88, 90, 102
direct examination 103, 105
discovery 21, 43, 57, 63-65, 68-70, 72, 73, 75, 77, 79, 80, 82, 84, 86, 88-90, 99, 100, 102, 108
discovery plan 64, 65, 68
diversity jurisdiction 22
division 18, 22, 23, 26, 29, 30
docket 33, 34, 59-62, 110
drop box 30, 31, 37
ECRO 33, 34
elements of a claim 96, 97
elements of defense 96, 97
ex parte 57
ex parte motion 57
exhibits 23, 70, 71, 98, 102
expert disclosures 68-70
expert report 69, 70
expert witness 69, 70, 73
federal question jurisdiction 21
Federal Rules of Civil Procedure 13, 19-21, 23, 24, 33, 36-42, 44-52, 58, 64, 65, 68-86, 88-90, 95, 98, 100, 104, 105, 108-111
Federal Rules of Evidence 13
filing fee 31, 33-36
findings of fact and conclusions of law 106, 110
form complaint 19
fraud 1, 23, 111
good faith 21, 65, 75, 79, 81, 84, 88-90
ground 2, 86
hearing 28, 29, 31, 33, 52-59, 83, 90-94, 107
hearsay 98, 104
impeachment 68, 70
in forma pauperis 34-36
initial disclosures 68, 69
interlocutory order 111
interrogatories 63, 72, 78-80, 90
intradistrict assignment 22, 26
joint statement of undisputed facts 99
judgment 33, 90, 105-107, 109-111
jury box 92, 93
jury deliberations 106
jury selection 102

jury trial 23-25, 101, 102, 104-106, 109, 110
litigants 18, 102
Local Rules 13, 42, 52, 54-58, 63-67, 73, 74, 78, 80, 82, 85, 88-90, 99, 107, 108, 111
magistrate judge 29, 33, 37, 43, 108, 109
material fact 95, 107
meet and confer 64, 68, 73, 74
memorandum of points and authorities 53, 55
mental examination 72, 86, 91
motion for a default judgment 44
motion for a more definite statement 43, 49
motion for a new trial 106, 110
motion for default judgment 50
motion for judgment as a matter of law 104, 105, 109
motion for permission to file a motion for reconsideration 107
motion for protective order 88
motion for reconsideration 107
motion for relief from judgment or order 110
motion for sanctions 89-91
motion for summary judgment 95-101
motion in limine 102
motion to amend or alter the judgment 110
motion to compel 89
motion to dismiss 24, 43, 48, 49
motion to extend time 58
motion to shorten time 56, 57
motion to strike (portions of the complaint) 43, 50
moving party 52, 55
non-binding arbitration 66
non-party deponent 76, 83, 89
non-party witness 76, 83, 89
Notary Public 98
notice of deposition 74-77
notice of motion 53, 55
opening statements 103
opposing party 24, 52, 55, 57, 90, 94, 95, 100, 103-105, 108, 109, 111
opposition brief 52, 55-57, 107
overrule (an objection) 104
PACER system 34, 60-62
peremptory challenge 103
perjury 42, 53, 54, 98
permanent case file 59
permissive counterclaim 47
physical examination 72, 86, 87
plaintiffs' table 93
plaintiffs table 93, 94
prayer for relief 20

pretrial conference 63, 102
pretrial disclosures 68, 70, 71
procedural law 13
process server 37, 38, 42
proof of service 41
proposed jury instructions 102
protective order 88
quash the subpoena 76
re-direct examination 103, 105
rebuttal 105
referring judge 108, 109
remedies 106
renewed motion for judgment as a matter of law 106, 109
reply 48
reply brief 52, 55-57, 107
report and recommendation 108, 109
request for admission 85
request for document production 72
request for entry of default 50
request for inspection of property 81
request for production of tangible things 81
request for waiver of service 44
requests for admission 72, 84-86
requests for document production 72, 77, 81, 82
ruling from the bench 52
sanction 21, 107
self-authenticating 99
service 2, 4-11, 29, 31, 37-39, 41, 51, 60-62, 74, 78, 82-84
service of process 36, 39, 48
side bar 104
standing order 13, 37, 54, 57, 64, 67, 99
Statement of Nonopposition 55
statement of undisputed facts 99
status conference 63, 93
statute of limitations 24
stipulation 56-58, 66, 82
subject matter jurisdiction 18, 20-22, 47, 48
subpoena 76, 83, 84, 102
subpoena duces tecum 77, 83
substantive law 13
summary judgment 52, 54, 95-98, 100
summons 36-42, 44, 48, 50
sustain (an objection) 104
taking a motion under consideration 52
time-barred 24
transcript 33, 34, 70, 73, 78
trial subpoena 102
undisputed fact 95, 96, 99
vacate 107, 108, 111

venue 18, 20, 22, 26, 48
verdict 106, 109, 110
verdict form 106
voir dire 102
waiver of service 37, 38, 41, 44
with prejudice 49
without prejudice 41
witness 68-70, 73-75, 91, 92, 95, 98, 102-105, 110
witness box 92

The Court wishes to acknowledge and thank Bob Orlowsky and Jeff Bleich, Sarah Kurtin, & Paul Davis of Munger, Tolles & Olson for their invaluable assistance in putting this Manual together. This Manual is dedicated to the memory of Paul Davis.