UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO ZAVALA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2006-QS8; organized and existing under laws of the United States, TRUSTEE CORPS,<br><br>        Defendants.<br>_____/ | No. C 13-1040 LB<br><br>**ORDER DISMISSING CLAIMS AGAINST DEUTSCHE BANK** |

*Pro se* Plaintiff Ricardo Zavala filed this suit against Deutsche Bank Trust Company Americas as Trustee Rali 2006-QS8 ("Deutsche Bank") and Trustee Corps for damages and to prevent them from foreclosing on his property. *See* Complaint, ECF No. 1.[1] The same day he filed the complaint, Zavala consented to this court's jurisdiction and moved for leave to proceed *in forma pauperis*. ECF No. 3. The court granted his motion, ECF No. 5, but Zavala failed to provide an address for service of summons on Deutsche Bank, despite the court requesting it. *See* Clerk's Letter requesting address for service of summons, ECF No. 7; *see generally* Docket. On May 15, 2013, the court

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-01040
ORDER

directed Mr. Zavala to serve Deutsche Bank by July 5, 2013 and to file proof of service by July 8, 2013 or risk dismissal without prejudice under Federal Rule of Civil Procedure 4(m). ECF No. 17. Zavala failed to file any proof of service on Deutsche Bank or respond to the court's order. *See generally* Docket.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint. *See* Fed. R. Civ. P. 4(m). A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. *Id.* If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## I. WHETHER MR. ZAVALA CAN DEMONSTRATE GOOD CAUSE

Mr. Zavala has not responded to the court's order to show cause. Accordingly, he has not demonstrated good cause. The court does not find that Mr. Zavala will be unduly prejudiced by a dismissal without prejudice. He has had ample opportunity to provide the Clerk of the Court with an address at which to serve Deutsche Bank, such that the court likely could dismiss his claims for failure to prosecute under Rule 41(b), which would preclude any future suit. Given the court's lenient approach to Mr. Zavala's inexcusable silence and delay, any prejudice is solely attributable to his actions.

## II. WHETHER THIS COURT CAN DISMISS ZAVALA'S CLAIMS

Mr. Zavala has consented to this court's jurisdiction. Consent (Zavala), ECF No. 6. The court does not require the consent of Deutsche Bank to dismiss an action when it has not been served and therefore is not a party under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, No. C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction). Accordingly, the court can dismiss Mr. Zavala's claims against Deutsche Bank.

For the reasons stated above, the court **DISMISSES** Mr. Zavala's claims against Deutsche Bank without prejudice.

**IT IS SO ORDERED.**

Dated: July 10, 2013

_____
LAUREL BEELER
United States Magistrate Judge