UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO ZAVALA, | No. C 13-1040 LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2006-QS8; organized and existing under laws of the United States, TRUSTEE CORPS, | [RE: ECF NO. 9] |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Ricardo Zavala sued Deutsche Bank Trust Company Americas as Trustee Rali 2006-QS8 ("Deutsche Bank") and Trustee Corps for damages and to prevent them from foreclosing on his property. *See* Complaint, ECF No. 1.[1] Zavala alleges that Defendants do not have his original promissory note or deed of trust on his property and that their attempts at foreclosure are, therefore, invalid. *Id.* He states three claims: (1) quiet title, (2) injunctive relief, and (3) declaratory relief. *Id.* ¶¶ 24-35. Zavala asks the court to (1) declare his mortgage debt unenforceable, (2)

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-01040
ORDER

declare that he has quiet title to the property, (3) enjoin Defendants from foreclosing, and (4) award him damages. *Id.* at 7.

MTC Financial Inc., doing business as Trustee Corps ("MTC") appeared and filed the pending motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the court grants MTC's motion to dismiss.[2]

**STATEMENT**

**I. FACTUAL BACKGROUND**[3]

Zavala lives in California and "at all times herein" owned a property at 29844 East Via Casalina Parkway, Escalon, California. Complaint, ¶¶ 3, 7. Defendant Trustee Corps is an officially registered fictitious business name for MTC Financial Inc. *See* RJN Ex. A, ECF No. 10 at 4.[4] MTC Financial Inc., is a California corporation that was formed on June 30, 1992. RJN Ex. B, ECF No. 10 at 10. Deutsche Bank is a corporation organized and domiciled in New York and doing business in San Joaquin County, California. *Id.* ¶¶ 1, 9.

On April 17, 2006, Zavala executed a promissory note secured by a deed of trust in favor of Olympia Funding, Inc. *Id.* ¶¶ 13-14, 16. The deed was recorded on or about April 17, 2006. *Id.* ¶ 14. Zavala alleges that Deutsche succeeded to Olympia's interest in the note and deed. *See id.* ¶¶ 13, 15.

Olympia also "caused [Mortgage Electronic Registration System] to go on title as 'Nominee Beneficiary.'" *Id.* ¶ 15. In order to do this, the "Note and Deed of Trust were separated . . . which caused a complete breach of contract of the Deed of Trust." *Id.* ¶ 15. Zavala alleges that MERS also acted as through it were the actual beneficiary of the deed, rather than just a nominee, that this means the deed was never perfected and is a nullity. *Id.* Later, MERS "elected Trustee Corps as the new trustee." *Id.* ¶ 18.

---

[2] The court finds this matter suitable for disposition without a hearing under Civil Local Rule 7-1(b) and vacates the August 1, 2013 hearing.

[3] The following facts are taken from the allegations in the complaint and the materials subject to judicial notice.

[4] As discussed below, the court grants MTC's unopposed request for judicial notice.

Zavala made payments under the loan "until he reached a financial hardship." *Id.* ¶ 17. The lender sent a notice of intent to foreclose, and Defendants want to proceed with a non-judicial foreclosure. *Id.* ¶ 18.

Zavala "is unsure as to whether the lender still possesses the original Promissory Note and Deed of Trust, upon which the lender claims the right to foreclose." *Id.* ¶ 20. But he also alleges that "MERS has sold the Deed of Trust over and over; and the true beneficiary is unknown and has separated the Note and Deed of Trust making the deed of trust null and void." *Id.* In addition, MTC "has refused to produce the note, when offered fully payment in return for it, therefore, Plaintiff must assume that they do not have possession and are NOT holders in due course. *Id.*

Zavala filed the complaint on March 7, 2013. *See id.* In it, he seeks declaratory relief (Claim 1), injunctive relief (Claim 2), and "Cancellation of Instrument / Foreclosure / Quiet Title" (Claim 3). *Id.* ¶¶ 24-35. Zavala asks for a temporary restraining order[5] and preliminary and permanent injunctions barring foreclosure of the property. *Id.* at 6-7. He also seeks "a declaration of rights regarding the propriety of the Note and Deed of Trust," "Quiet Title," a declaration that the deed of trust is void and requiring Defendants "to execute a full reconveyance in favor of the Plaintiff." *Id.* at 7.

## II. PROCEDURAL HISTORY

The same day he filed the complaint, Zavala consented to this court's jurisdiction and moved for leave to proceed *in forma pauperis*. ECF No. 3. The court granted his motion, ECF No. 5, but Zavala failed to provide an address for service of summons on Deutsche Bank. *See* Clerk's Letter requesting address for service of summons, ECF No. 7; *see generally* Docket.

On April 25, 2013 Defendant MTC appeared, filed the pending motion to dismiss, and consented to this court's jurisdiction. *See* Motion, ECF No. 9; MTC Consent, ECF No. 15. Zavala did not file an opposition by the May 9, 2013 deadline. *See generally* Docket.

The court continued the hearing on MTC's motion to dismiss until August 1, 2013. *See* Order,

---

[5] The complaint mentions the request for a temporary restraining order only in the prayer for relief, *id.* at 7, and Zavala has not moved for a TRO.

1  ECF No. 7.  The court also gave Zavala an extenstion to directed Zavala to serve Deutsche Bank by
2  July 5, 2013 and to file proof of service by July 8, 2013 or risk dismissal without prejudice under
3  Federal Rule of Civil Procedure 4(m).  *Id.*  Zavala failed to file any proof of service on Deutsche
4  Bank.  Accordingly, on July 10, 2013, the court dismissed Zavala's claims against Deutsche Bank
5  without prejudice.  *See* Order, ECF No. 22.

## ANALYSIS

MTC, the sole remaining defendant, moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *See* Motion, ECF No. 9.  Zavala has not opposed MTC's motion.  Nonetheless, the court addresses MTC's arguments.

### I. SUBJECT MATTER JURISDICTION

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must exist at the time the action is commenced.  *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge).  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs.  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary.  *See Roberts*, 812 F.2d at 1177 (quotation omitted).  If a defendant challenges jurisdiction by presenting evidence, then the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction.  *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by

1 amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ZAVALA'S CLAIMS

MTC argues that the court should dismiss the complaint for lack of subject matter jurisdiction and relies on its evidentiary submissions to counter Zavala's jurisdictional allegations. Because this is a factual challenge, the court first decides what evidence to consider and then addresses the arguments.

### A. Evidentiary Issues

The court first turns to MTC's request for judicial notice. Courts may take judicial notice of matters of public record. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 954 (9th Cir. 2009). Where the facts in the public records are disputed, the court may not take judicial notice of them. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Here, MTC asks the court to take judicial notice of two documents. The first is a Fictitious Business Name Statement, certified by the Clerk-Recorder for Orange County, California, showing that MTC Financial Inc. does business under the name "Trustee Corps." Request for Judicial Notice Ex. A, ECF No. 10 at 4-8. The Fictitious Business Name Statement indicates that MTC is incorporated in California and its principal place of business is 30 Corporate Park, Suite 400, Irvine, CA 92606. *Id.* The second document is a Certificate of Status, certified by California Secretary of State Debra Bowen that states MTC is a California domestic corporation in good standing. RJN Ex. B, ECF No. 10 at 10.

Both documents are certified public records. Zavala has not objected to MTC's request. Accordingly, the court takes judicial notice of both documents and the facts within them.

### B. Both Zavala and MTC Are California Citizens

MTC first argues that the court does not have diversity jurisdiction over Zavala's claims. Motion at 9. The court agrees.

Under the diversity jurisdiction statute, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The basic requirement in diversity cases is that all plaintiffs must be of different

citizenship from all defendants or there is no federal diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005).

A natural person is deemed to be a citizen of the state where he or she is domiciled, which is where he or she resides with the intention to remain. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, a corporation is "a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, the complaint indicates that Zavala resides in California. *See* Complaint at 1-2. A party's residence is 'prima facie' evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes.

MTC's evidence shows that it is incorporated in California and has its principal place of business here. *See* RJN Exs. A-B. It is also a California citizen. Because Zavala and MTC are both California citizens, the court lacks diversity jurisdiction.

**C. The Complaint Presents No Federal Question**

MTC next argues that the complaint does not establish federal question jurisdiction. Motion at 10-11. Under the general federal question jurisdiction statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a case arises under federal law is determined by looking at the face of the well-pleaded complaint. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

Here, the complaint states three state law claims and mentions no federal laws. *See* ECF No. 1 at 5-7. There is no federal question apparent on the face of the complaint, so the court finds that it lacks jurisdiction under 28 U.S.C. § 1331. Because there is no other apparent basis for federal jurisdiction, the court GRANTS MTC's motion to dismiss. In addition, because the jurisdictional defects here cannot be cured by amendment, the court dismisses Zavala's claims against MTC with prejudice.

**CONCLUSION**

For the above reasons, MTC's motion to dismiss is **GRANTED**. Zavala's complaint against MTC is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 10, 2013

_____
LAUREL BEELER
United States Magistrate Judge